**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CHRISTOPHER T. LABONTE, M.D., LLC,
d/b/a LABONTE MEDICAL GROUP,
CHRISTOPHER T. LABONTE, M.D.,
ERIC BAGGSTROM, M.D., and
GARY QUILLEN, ANP,

      Plaintiffs,

v.

RELIANT CARE MANAGEMENT COMPANY,
LLC, AMERICAN MEDICAL
ADMINISTRATORS, ABDULLAH ARSHAD,
M.D., BERNARD CARE CENTER, LLC, CARRIE
ELLIGSON GIETNER HEALTH CARE CENTER,
LLC, CRESTWOOD HEALTH CARE CENTER,
LLC, GRAND MANOR HEALTH CARE
CENTER, LLC, HERITAGE CARE CENTER OF
BERKELEY, LLC, HIDDEN LAKE HEALTH
CARE CENTER, LLC, HILLSIDE HEALTH
CARE CENTER, LLC, AND SOUTH COUNTY
HEALTH CARE CENTER, LLC,

      Defendants.

Case No. 4:26-cv-000777

**JURY TRIAL DEMANDED BY**
**PLAINTIFFS**

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Reliant Care Management Company, LLC, American Medical

Administrators, Abdullah Arshad, M.D., Bernard Care Center, LLC, Carrie Elligson Gietner

Health Care Center, LLC, Crestwood Health Care Center, LLC, Grand Manor Health Care

Center, LLC, Heritage Care Center of Berkeley, LLC, Hidden Lake Health Care Center, LLD,

Hillside Health Care Center, LLC, and South County Health Care Center, LLC, being all the

properly joined and served defendants (collectively, "Defendants"), by and through counsel,

remove the action currently pending in Division 18 of the Circuit Court of St. Louis County,

Missouri, and styled *Christopher T. LaBonte, M.D., LLC d/b/a LaBonte Medical Group, et al. v.*

1

*Reliant Care Management Company, LLC, et al.*, Case No. 26SL-CC03017 ("State Action"), to

the United States District Court for the Eastern District of Missouri, Eastern Division, under

28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1450.

**I.    Plaintiffs Have Converted This Case Into a Federal Residents' Rights Action Enforcing 42 U.S.C. § 1396r and 42 C.F.R. § 483.10.**

1.      Plaintiffs began this case as a Missouri tortious interference and negligence *per se*

action arising from Defendants' revocation of Plaintiffs' facility privileges at eight skilled-nursing

facilities (the "Defendant Facilities"). Plaintiffs are an outside physician practice, two physicians,

and an advanced nurse practitioner. None of them is a resident, family member of a resident, or

legal representative of a resident.

2.      After Defendants pointed out that third-party providers lack standing to bring

claims based on residents' rights, Plaintiffs reframed their action and on May 11, 2026, Plaintiffs

filed a Trial Brief on Residents' Unrestricted Rights in the State Action (the "May 11 Brief"), that

asked the Circuit Court to enforce specific federal rights belonging to residents under the Federal

Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1396r, and CMS regulation 42 C.F.R. §

483.10.

3.      On May 13, 2026, the Circuit Court granted a preliminary injunction (the "May 13

Order") that did what Plaintiffs asked, adjudicating the meaning of 42 C.F.R. § 483.10, rejecting

the CMS/DHSS survey-and-certification process as the proper enforcement vehicle for those

rights, and imposing federal-regulatory relief inconsistent with accepted Plans of Correction issued

by the Department of Health and Senior Services ("DHSS") under 42 C.F.R. Part 488.

4.      The May 11 Brief and the May 13 Order trigger removal under 28 U.S.C. §

1446(b)(3) because they shifted the issues in their case and made clear, for the first time, that

adjudication of this case requires the resolution of substantial, disputed federal questions.  *Grable*

2

*& Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), and *Gunn v. Minton*, 568 U.S. 251 (2013).

5.     These federal questions include:  (i) the meaning of federal residents' rights provisions; (ii) who may enforce them; (iii) whether a non-resident provider may obtain remedies under them; and (iv) whether a state court may impose mandatory relief that overrides Plans of Correction issued through the federal-state survey-and-correction framework. This Court has previously recognized that materially similar state-law claims raise substantial federal questions. *See Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299 SNLJ, 2017 WL 633815 (E.D. Mo. Feb. 16, 2017).

6.     Defendants file this Notice within thirty (30) days of filing and receipt of the May 11 Brief and the May 13 Order. Removal is timely, and this action is properly before this Court.

## II.     <u>Removal is Procedurally Proper and Timely.</u>

7.     This Court has original federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiffs' claims and the relief they obtained as defined by the May 11 Brief and the May 13 Order necessarily raise disputed and substantial questions of federal law, specifically the FNHRA, 42 U.S.C. § 1396r, and CMS regulation 42 C.F.R. § 483.10.

8.     Removal is authorized under 28 U.S.C. § 1441(a) and this Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).

9.     Venue is proper in the Court because the State Action is pending in St. Louis County, Missouri, which lies within the Eastern District of Missouri, Eastern Division. 28 U.S.C. § 1441(a).

10.    Removal is timely under 28 U.S.C. § 1446(b)(3).  Although Plaintiffs' initial pleading was not removable, removability was first ascertainable from the May 11 Brief—an "other paper" within the meaning of § 1446(b)(3)—and which was confirmed by the May 13 Order. Defendants filed this Notice within thirty (30) days of receiving each. *See Knudson v. Sys. Painters, Inc.,* 634 F.3d 968, 974 (8th Cir. 2011) (removal clock runs after removability is ascertainable on the face of the relevant paper).

11.    Undersigned counsel represents all of the Defendants who have been properly joined and served, and all Defendants consent to this removal.

12.    A copy of the State Action docket and entire State Action file, which includes copies of all process, pleadings, and orders served on Defendants in the State Action, are attached to this Notice as required by 28 U.S.C. § 1446(a) and E.D.Mo. L.R.. 2.03.  See Exhibits A and B.

13.    In compliance with the Eastern District of Missouri Removal Case Check List, Defendants have attached to this Notice as Exhibit C, a list of all motions currently pending in the State Action, along with copies of the motions and any responsive briefing.

14.    Promptly after filing this Notice, Defendants will give written notice to all adverse parties and file a copy of this Notice with the Clerk of the Circuit Court of St. Louis County, Missouri. 28 U.S.C. § 1446(d).

## III.    <u>DHSS Already Resolved the Alleged Violations Through Accepted Plans of Correction</u>.

15.    The Defendant Facilities are eight licensed skilled-nursing facilities subject to the FNHRA and 42 C.F.R. Part 483, together with their management company and related entities and unrelated entities whom Plaintiffs sued.

16. Plaintiffs' Petition pleads four counts: Count I for a temporary restraining order, Count II for preliminary and permanent injunctive relief, Count III for tortious interference with business expectancy, and Count IV for negligence per se.

17. Defendants opposed relief on federal and state grounds, including Plaintiffs' lack of standing (because (i) 42 C.F.R. § 483.10(d) and 42 U.S.C. § 1396r(c) protect residents, not outside providers); (ii) and the basis of the primary jurisdiction of the CMS/DHSS survey and certification process as the congressionally prescribed mechanism for investigating alleged resident-rights violations were; (iii) 42 C.F.R. § 483.10(d)(2), (4), and (5) permit a facility to seek alternate physician participation when the chosen physician refuses or fails to meet Part 483 requirements; and (iv) because Defendants' actions were justified by federal physician services requirements under 42 C.F.R. § 483.30; (v) the Court's circumventing the DHSS process, deprives Defendants of their property rights without due process of law.

18. DHSS investigated complaints at Defendant Facilities Bernard Care Center and Heritage Care Center, issued Statements of Deficiencies under (42 C.F.R. § 483.10(d)(1)–(5) and accepted their Plans of Correction that required resident-centered corrective measures, which did not require reinstatement of Plaintiffs' privileges, and which prevented the transfer of residents to other facilities who wished to remain patents of Plaintiffs.

19. Plaintiffs' May 11 Brief reframed the case as a federal residents' rights action. The brief is titled Plaintiffs' Trial Brief on Residents' Unrestricted Rights. It invokes 42 C.F.R. § 483.10, 42 U.S.C. § 1396r(b)(1)(A), 42 U.S.C. § 1396r(c)(1)(A)(i), 42 U.S.C. § 1396r(c)(3)(A), and William Penn Care Center, DAB CR552 (H.H.S. Oct. 21, 1998) and expressly asked the state court to enforce federal residents' rights against Defendants

20.     The May 13 Order would override the Plans of Correction accepted by DHSS because the Order directs Defendants to reinstate Plaintiffs' privileges, provide "free, complete and unfettered" PointClickCare access, and limit resident transfers—none of which DHSS required. While the Order acknowledges that "a plan of correction has been accepted by the State" it imposes a different and inconsistent judicial remedy.

**IV.    This Case Falls Within *Grable's* "Special and Small Category" of State Law Cases That Necessarily Raise Substantial Federal Issues.**

21.     Federal jurisdiction exists over a state-law claim when a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 314. If even one claim in the complaint involves a substantial federal question, the entire matter may be removed. *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). All four *Grable*/*Gunn* factors are satisfied here.

22.     A federal issue is necessarily raised when it is a necessary element of the well-pleaded claim or the requested relief. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). The Eighth Circuit has applied that standard to find federal-question jurisdiction over state-law claims that seek relief requiring interpretation and application of federal regulations. *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922–24 (8th Cir. 2023), *aff'd on other grounds*, 604 U.S. 22, 145 S. Ct. 41 (2025).

23.     The injunctive relief Plaintiffs sought and the relief the Circuit Court granted cannot be justified or supervised without relying on the measures of 42 U.S.C. § 1396r and 42 C.F.R. § 483.10, determining who has standing to enforce them, and which remedies federal law permits when a facility determines that a resident's preferred physician lacks privileges or does not meet Part 483 requirements.  The necessary federal issues include:

a.      Whether 42 U.S.C. § 1396r(c)(1)(A)(i) and 42 C.F.R. § 483.10(d) create rights enforceable in a provider-filed action;

b.      Whether a non-resident provider may invoke residents' federal rights to obtain restoration of facility privileges, restoration of patients, and unfettered electronic medical-record access;

c.      Whether § 483.10(d)(2), (4), and (5) permit a facility to seek alternate physician participation when a resident's chosen physician refuses or fails to meet Part 483 requirements;

d.      Whether the federal "immediate access" language upon which Plaintiffs rely overrides both credentialing decisions made by the Defendant Facilities and the DHSS acceptance of Defendant Facilities Plans of Correction; and

e.      Whether accepted Plans of Correction issued under 42 C.F.R. Part 488 have legal effect that precludes inconsistent state-court relief.

24.      These federal issues are at the core of this case. Plaintiffs contend and the Court ruled that the FNHRA and CMS regulations create enforceable residents' rights that override Defendants' privilege and credentialing decisions, their resident agreements, credentialing limitations, and the Plans of Correction accepted by DHSS. Defendants' position is that these federal provisions protect residents rather than providers; that they preserve facility authority to seek alternate physician participation when a physician refuses or fails to meet regulatory requirements; and that they are administered through the CMS/DHSS survey, certification, enforcement, plan-of-correction, informal-dispute-resolution, and review process and that a Court may not override or rewrite a DHSS-accepted Plan of Correction.

25.      These federal issues are also substantial under *Gunn*, 568 U.S. at 260, because the Order overrides accepted federal Plans of Correction. DHSS, acting under federal authority delegated by CMS, accepted Plans of Correction, and required resident-centered remedies and not provider-restoration remedies. The Order substitutes a different and inconsistent judicial plan of correction, overruling and rewriting the Plans of Correction accepted by DHSS.

7

26. Whether a state court may do so directly implicates the integrity of the federal-state survey-and-certification framework under 42 C.F.R. §§ 488.402 and 488.408. This Court has held that whether a federal agency has properly carried out its statutory duties inherently presents a substantial and disputed federal question supporting federal jurisdiction. *Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299 SNLJ, 2017 WL 633815, at *3 (E.D. Mo. Feb. 16, 2017). The Eighth Circuit has reached the same conclusion where state-law claims attack a federally approved regulatory program. *Pet Quarters*, 559 F.3d at 779–80.

27. This is not a dispute of fact. The controlling questions -- who may enforce FNHRA/CMS residents' rights, whether providers may obtain remedies under them, whether facility privilege and access decisions are displaced by 42 C.F.R. § 483.10, and what legal effect accepted Plans of Correction have when a court imposes inconsistent relief-affect the federal system's nationwide administration of Medicare and Medicaid participation requirements.

28. Exercising jurisdiction will not disturb the federal-state balance. Defendants do not contend that every nursing-home negligence case, every tortious-interference claim involving a physician, or every state-law claim referencing a CMS regulation is removable. This case rests on an unusual sequence:

  a. Plaintiffs filed the May 11 Brief expressly premised on federal residents' rights, not provider rights;

  b. The Circuit Court issued the May 13 Order expressly applying 42 C.F.R. § 483.10;

  c. The Order rejected Defendants' argument that the CMS/DHSS process is the enforcement vehicle for those rights; and

  d. The Order imposed mandatory remedies that conflict with accepted Plans of Correction issued under 42 C.F.R. Part 488.

29.     Recognizing jurisdiction in this narrow circumstance will not open the federal courts to a large class of traditional state-law cases. It will protect the federal regulatory framework where it has already operated.

30.     Section 1446(b)(3) permits removal within thirty days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The May 11 Brief is an "other paper" within the meaning of the statute and the May 13 Order is an "order" within the meaning of the statute.

31.     The May 13 Order independently triggered removal.  The Order interprets 42 C.F.R. § 483.10, adjudicates residents' federal rights and orders relief that is inconsistent with the Plans of Correction approved by DHSS. See Knudson, 634 F.3d at 974.

32.     The Supreme Court recently reaffirmed that federal question jurisdiction depends on "the substance of the suit—the legal basis of the claims (federal or state?)." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39, 145 S. Ct. 41, 54 (2025). What plaintiffs do through their filings affects jurisdiction and Plaintiffs and the Court converted this case into a federal residents' rights action on May 11, 2026 and May 13, 2026.

33.     This Court has supplemental jurisdiction over Plaintiffs' related state-law claims under 28 U.S.C. § 1367(a). The tortious interference and negligence *per se*, issues arise from the same nucleus of operative fact as the federal issues supporting removal: the transition of residents from Plaintiffs to other physicians, facility access, PointClickCare access, resident communications, DHSS citations, and accepted Plans of Correction. *Gibbs*, 383 U.S. at 725; *Int'l Coll. of Surgeons*, 522 U.S. at 165.

34.    Defendants intend to seek federal review of the May 13 Order by motion to stay, dissolve, or modify the injunction and do not waive any objection to the Order by filing this Notice. Defendants expressly preserve all rights to challenge the Order under Federal Rule of Civil Procedure 65, 28 U.S.C. § 1450, federal due-process principles, federal preemption and primary-jurisdiction principles, HIPAA/privacy rules, and the CMS/DHSS survey-and-enforcement framework.

**WHEREFORE,** Defendants hereby remove this action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, and respectfully request that this Court assume jurisdiction over the action and all further proceedings.

Respectfully Submitted,

**MARTONE LEGAL, LLC**

By:    */s/ Andrew J. Martone*
Andrew J. Martone, #37382MO
Matthew B. Robinson, #52954MO
Kateri Busiek, #76571MO
600 Emerson Road, Suite 205
Creve Coeur, Missouri 63141
Telephone:    (314) 862-0300
Facsimile:    (314) 862-7010
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

***Attorneys for Defendants***

10

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court this 18th day of May 2026, and served on the following by both electronic mail and by depositing same with the U.S. Postal Service, first class, postage prepaid, addressed to the following:

Joshua M. Schindler
THE SCHINDLER LAW FIRM,.
P.C.
7710 Carondelet Ave., Suite 333
St. Louis, MO  63105
E-mail: josh@schindlerlawfirm.com

Scott R. Pool
GIBBS POOL AND TURNER, P.C.
3225 Emerald Lane, Suite A
Jefferson City, MO  65109-8864
Email:  pool@gptlaw.net

*Attorneys for Plaintiffs*

_____/s/ Andrew J. Martone_____