**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CHRISTOPHER T. LABONTE, M.D.,  )
LLC d/b/a LABONTE MEDICAL  )
GROUP, *et al.*,  )
      )
    Plaintiffs,  )
      )
v.  )  Case No.:  4:26-CV-000777
      )
RELIANT CARE MANAGEMENT  )
COMPANY, LLC, *et al.*,  )
      )
    Defendants.  )

**LIST OF PENDING MOTIONS FILED IN STATE COURT ACTION**

The following motions and responses to motions have been filed and/or submitted to the

Circuit Court of St. Louis County, Missouri, but remain pending as of the date of the filing of the

Notice of Removal:

| DATE | FILING PARTY | MOTION | RESPONSE FILED |
|---|---|---|---|
| 4/15/26 | Defendants | Defendants' Partial Motion to Dismiss, Alternative Motion for More Definite Statement and Motion to Strike | Yes – Plaintiffs' Trial Brief in Support of TRO and Plaintiff's Response to Defendants' Partial Motion to Dismiss in Opposition to TRO |
| 5/11/26 | Defendants | Defendants' Motion for Protective Order Governing Improperly Obtained Materials | No |
| 5/18/26 | Plaintiffs | Plaintiffs' Motion to Shorten Time for Notice of Hearing | No |
| 5/18/26 | Plaintiffs | Plaintiffs' Motion for Contempt and For Fine/Sanctions and Application to Show Cause | No |



DEFENDANT'S
EXHIBIT

C

Respectfully Submitted,

**MARTONE LEGAL, LLC**

By:     */s/ Andrew J. Martone*
Andrew J. Martone, #37382MO
Matthew B. Robinson, #52954MO
Kateri Busiek, #76571MO
600 Emerson Road, Suite 205
Creve Coeur, Missouri 63141
Telephone:     (314) 862-0300
Facsimile:     (314) 862-7010
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

***Attorneys for Defendants***

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| CHRISTOPHER T. LABONTE, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: 26SL-CC03017 |
| | ) | |
| v. | ) | Division No.: 18 |
| | ) | |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**Defendants' Partial Motion to Dismiss, Alternative Motion for More Definite Statement, and Motion to Strike**

Defendants[1] move to dismiss in part Plaintiffs' Application for Temporary Restraining Order and Petition for Preliminary and Permanent Injunction, or alternatively for a more definite statement and to strike immaterial matter, pursuant to Missouri Supreme Court Rules 55.27(a)(6), 55.27(d), and 55.27(e), by stating:[2]

**Preliminary Statement**

Plaintiffs' Petition suffers from a fundamental structural defect: it attempts to convert a resident-rights regulation into a physician's damages claim, and it does so without pleading the individualized facts that Missouri's fact-pleading rules require.

---

[1] The Defendants are Reliant Care Management Company, LLC; American Medical Administrators; Abdullah Arshad, M.D.; Bernard Care Center, LLC; Carrie Elligson Gietner Health Care Center, LLC; Crestwood Health Care Center, LLC; Grand Manor Health Care Center, LLC; Heritage Care Center of Berkeley, LLC; Hidden Lake Health Care Center, LLC; Hillside Health Care Center, LLC; and South County Health Care Center, LLC.
[2] Plaintiffs filed an identical petition in St. Louis City, Case No. 2622-CC00710, after they filed the instant case. Defendants are seeking the dismissal or consolidation of that duplicative action.

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

This motion is deliberately targeted. It does not ask the Court to resolve factual disputes about physician performance, facility operations, or resident communications on the pleadings. Instead, it addresses defects apparent on the face of the Petition.

First, Counts I and II are not cognizable standalone causes of action. A temporary restraining order or injunction is a remedy, not an independent claim, and Rule 92 and § 526.030 do not create subject-matter jurisdiction or a separate cause of action for either.

Second, Count IV fails to state a claim for negligence per se. The Petition relies on 42 C.F.R. § 483.10(d), a resident-rights regulation concerning a resident's choice of attending physician. Plaintiffs, however, are a physician practice entity and healthcare providers seeking damages for lost patients, lost income, and lost business. They are not the class protected by the regulation they invoke, and the economic injuries they allege are not the type of injury that regulation was designed to prevent.

Third, Count III is inadequately pleaded as to all plaintiffs except Dr. Christopher LaBonte. The only patient-specific factual allegations in the Petition concern Dr. LaBonte personally. No resident is alleged to have selected Dr. Eric Baggstrom or Gary Quillen as a personal or attending physician, and the Petition alleges no distinct resident-specific business expectancy held by LaBonte Medical Group, LLC separate from Dr. LaBonte's own alleged relationships.

Fourth, Count III is inadequately pleaded as to American Medical Administrators and Dr. Abdullah Arshad. The Petition contains collective conclusions about all "Defendants" but does not plead plaintiff-specific and patient-specific ultimate facts showing that American Medical Administrators or Dr. Arshad knowingly and intentionally induced the termination of any particular relationship by improper means.

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

Finally, Paragraphs 47 and 48 of the Petition misidentify the source of this Court's jurisdiction, and paragraph 46 seeks a damages trial on an unpleaded claim for "whistleblower retaliation." Those allegations should be stricken.

### Allegations Relevant to This Motion

For purposes of this motion only, Defendants summarize the allegations as pleaded. Plaintiffs are: (1) Christopher T. LaBonte, M.D., LLC d/b/a LaBonte Medical Group; (2) Christopher T. LaBonte, M.D.; (3) Eric Baggstrom, M.D.; and (4) Gary Quillen, ANP. Petition at ¶¶ 1-3.

The Petition alleges generally that Plaintiffs provided care in or to residents at multiple defendant facilities and that more than 300 patients were later reassigned. Petition at ¶¶ 4-9, 17-22, and 25-32. The Petition repeatedly refers to all four plaintiffs collectively as "Plaintiffs."

The only patient-specific allegations concern Dr. LaBonte. The Petition alleges that, on or about April 3, 2026, Dr. LaBonte was scheduled to provide care to two patients residing at Carrie Elligson Gietner Health Care Center, LLC; that those patients had a long-standing relationship with Dr. LaBonte and LaBonte Medical Group; and that the facility administrator told Dr. LaBonte he no longer had privileges and escorted him out. Petition at ¶¶ 10-13.

The Petition then pleads four counts: Count I for "Temporary Restraining Order"; Count II for "Preliminary and/or Permanent Injunction"; Count III for tortious interference with business expectancy; and Count IV for negligence per se. Petition at ¶¶ 50-88.

### Standard of Review

Missouri is a fact-pleading state. Rule 55.05 requires a petition to contain a short and plain statement of facts showing that the pleader is entitled to relief. A motion under Rule 55.27(a)(6) tests whether the petition pleads ultimate facts that, if true, state a recognized claim

3

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

for relief. A pleading that offers only conclusions, labels, or an undifferentiated group allegation does not satisfy Rule 55.05.

Rule 55.27(d) separately authorizes a motion for more definite statement when a pleading is not averred with sufficient definiteness or particularity to enable a responding party to prepare a response or prepare generally for trial. Rule 55.27(e) authorizes the Court to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

## Analysis

### I. Counts I and II fail as a matter of law because Missouri does not recognize a temporary restraining order or injunction as an independent cause of action.

Counts I and II are pleaded as independent counts entitled "Temporary Restraining Order" and "Preliminary and/or Permanent Injunction." Petition at ¶¶ 50-63. Missouri law does not recognize those remedies as separate substantive causes of action.

Missouri courts have repeatedly held that an injunction is a remedy and not a cause of action. *See, e.g., Goerlitz v. City of Maryville*, 333 S.W.3d 450, 455 (Mo. banc 2011), abrogated on other grounds; *Zoological Park Subdistrict of the Metro. Park Museum Dist.*, 561 S.W.3d 893, 896 (Mo. App. E.D. 2018). Section 526.040 makes the same point expressly: before any party is entitled to an injunction, the party must file a petition "setting forth his cause of action." *See* Mo. Rev. Stat. § 526.040. In other words, injunctive relief may be requested as a remedy for an underlying claim, but it may not itself be pleaded as the claim.[3]

Counts I and II therefore fail as a matter of law because they do not identify any substantive right independently created by Rule 92 or Chapter 526. Instead, they simply

---

[3] See also Roudachevski v. All-American Care Ctrs., Inc., 648 F.3d 701, 706–07 (8th Cir. 2011) (affirming denial of preliminary injunction sought by physician whose nursing-facility privileges were terminated; physician's reliance on 42 C.F.R. § 483.10(d) did not establish irreparable harm, and restoring physician's access would cause further disruption to residents who had already transitioned to new providers).

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

reincorporate prior allegations and ask for equitable relief. That is not a separate cause of action under Missouri law.

If the Court elects not to dismiss Counts I and II outright, it should at minimum construe them only as prayers for relief and not as independent counts. But because the Petition affirmatively pleads them as separate causes of action, dismissal of those counts is the cleaner and correct remedy.

**II.      Count IV fails to state a claim for negligence per se.**

Count IV depends almost entirely on Plaintiffs' assertion that 42 C.F.R. § 483.10(d) gives them a provider-side right that supports a damages claim for negligence per se. That is not what the regulation says, and it is not what Missouri negligence-per-se doctrine requires.

To state a claim for negligence per se, a plaintiff must plead, among other things, that the plaintiff is within the class the statute or regulation was designed to protect and that the injury is of the type the enactment was designed to prevent. *See Dibrill v. Normandy Assocs., Inc.*, 383 S.W.3d 77, 84 (Mo. App. E.D. 2012). Count IV does not satisfy either requirement.

The regulation on which Count IV relies provides that "[t]he resident has the right to choose his or her attending physician." 42 C.F.R. § 483.10(d). This regulation was enacted to advance the statute providing for federal grants to states for medical assistance programs. 42 U.S.C. § 1396r provides for specified "resident rights." 42 U.S.C. § 1396r(c). That statute provides that:

A nursing facility must protect and promote the rights of each resident, including the following rights:

(i) Free Choice

The right to choose a personal attending physician, to be fully informed in advance about care and treatment, to be fully informed in advance of any changes

5

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

> in care or treatment that may affect the resident's well-being, and (except with respect to a resident adjudged incompetent) to participate in planning care and treatment or changes in care and treatment.

42 U.S.C. § 1396r(c). The statute provides that states are responsible for certifying nursing facility compliance with resident free choice through a survey process that the Secretary of Health and Human Services oversees. 42 U.S.C. § 1396r(g)(1)(A).

The regulation further provides that if the physician chosen by the resident refuses to or does not meet requirements specified in Part 483, the facility may seek alternate physician participation so long as the resident is informed, the alternatives are discussed, and the resident's preferences among qualifying options are honored. *See* 42 C.F.R. § 483.10(d)(2), (4), and (5). Current CMS guidance likewise defines an "attending physician" as the primary physician responsible for managing the resident's medical care, State Operations Manual, Appendix PP – Guidance to Surveyor for Long Term Care Facilities at 18, and explains that facility staff may choose another physician after informing the resident or representative if the chosen physician fails to fulfill regulatory responsibilities. 42 C.F.R. § 483.10(d)(4).

Count IV alleges that Plaintiffs suffered "lost patients and revenue or income from providing reasonable and necessary billable medical care and treatment." Petition at ¶ 83. Those are business and economic injuries allegedly sustained by providers and a practice entity. They are not the resident-rights injuries the regulation was designed to prevent. The regulation protects residents' choice and continuity of care; it does not create an independent damages remedy for physicians or practice entities who lose business. *See Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 706–07 (8th Cir. 2011) (rejecting physician's attempt to leverage 42 C.F.R. § 483.10(d) into injunctive relief after nursing facility terminated his privileges; physician's claimed harms were economic and speculative, not resident-rights injuries).

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

Count IV's own allegations confirm the mismatch. Paragraphs 82 and 85 assert, in conclusory fashion, that Plaintiffs are within the class protected by § 483.10(d) because they are attending physicians and healthcare providers. But the text of the regulation protects residents, not providers and the Petition's repeated reliance on "resident rights" underscores that point. Missouri's express statutory resident-rights remedy does as well: § 198.093 authorizes a complaint and, after attorney general review, a civil action by a "resident or former resident" deprived of rights under §§ 198.088 and 198.090. Plaintiffs are not residents or former residents.

Count IV also fails because it does not plead a duty owed by Defendants to Plaintiffs that arises from the cited resident-rights regulation. The regulation imposes obligations on facilities toward residents; it does not create a correlative duty owed by facilities to the physicians who happen to treat those residents. No Missouri court has recognized such a duty, and this Court should decline the invitation to create one. The Petition simply asserts that Defendants were "not authorized" to interfere with patient-physician relationships, labels Plaintiffs a protected class, and demands damages for lost business. Petition at ¶¶ 77-87. That is insufficient to transform a resident-choice regulation into a negligence-per-se claim belonging to non-resident providers.

For all of these reasons, Count IV should be dismissed in its entirety.

### III. Count III fails as to three of four Plaintiffs because the petition pleads no patient-specific facts supporting their claims.

Missouri recognizes that a physician may, in an appropriate case, bring a tortious interference claim based on an established physician-patient relationship. *Boyer v. Grandview Manor Care Ctr., Inc.*, 805 S.W.2d 187, 189–90 (Mo. App. W.D. 1991), confirms that the cause of action is cognizable—but *Boyer* also demonstrates what such a claim requires: a specific physician, a specific patient, a definite attending-physician relationship, and conduct directed to

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

that relationship. The Petition does not come close to satisfying those requirements for anyone other than Dr. LaBonte.

The only patient-specific allegations concern Dr. LaBonte's April 3, 2026 attempted visit to two scheduled patients at Carrie Elligson Gietner Health Care Center, LLC. Petition at ¶¶ 10-13. Paragraph 28 likewise alleges that many affected patients had been under Dr. LaBonte's care for more than twenty years. No comparable allegations are made as to Dr. Baggstrom or Mr. Quillen.

The Petition identifies Dr. Baggstrom only in the caption and introductory paragraphs. It does not identify a single resident who selected Dr. Baggstrom as a personal or attending physician, a single facility where Dr. Baggstrom maintained an established patient relationship, or a single communication or act by which any Defendant intentionally interfered with such a relationship. Count III therefore contains no pleaded ultimate facts supporting a distinct claim by Dr. Baggstrom.

The same is true, with added force, for Gary Quillen. The Petition alleges that Mr. Quillen is an ANP—an advanced nurse practitioner—not a physician. Petition at ¶ 3. Yet Count III is expressly premised on an "established patient-physician relationship" and on authorities concerning a resident's choice of attending or personal physician. Petition at ¶¶ 33-36, 65. An advanced nurse practitioner does not hold a "physician-patient relationship" as that term is used in *Boyer* or under 42 C.F.R. § 483.10(d), which defines the "attending physician" as the physician responsible for managing the resident's medical care. The Petition nowhere alleges that any resident or guardian designated Mr. Quillen as an attending physician. No amount of repleading can cure this categorical mismatch. As pleaded, Count III does not state a *Boyer*-type tortious interference claim on Mr. Quillen's behalf.

8

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

LaBonte Medical Group, LLC fares no better. The Petition alleges that the LLC provides care through individual clinicians, but it pleads no facts showing that any resident or guardian separately contracted with the LLC as a personal or attending physician, or that the LLC held a distinct business expectancy separate from the individual provider relationships the Petition elsewhere characterizes as "patient-physician" relationships. Count III cannot rely on the collective label "Plaintiffs" to supply those missing facts.

Missouri fact pleading does not allow three separate non-LaBonte plaintiffs to piggyback on Dr. LaBonte's alleged relationships. Count III should therefore be dismissed as to LaBonte Medical Group, LLC, Dr. Baggstrom, and Gary Quillen.

## IV.    Count III fails as to American Medical Administrators and Dr. Arshad.

Count III also fails as pleaded against American Medical Administrators and Dr. Arshad. Missouri requires a plaintiff asserting tortious interference with a business relationship or expectancy to plead: (1) a contract or valid business relationship or expectancy; (2) the defendant's knowledge of the relationship or expectancy; (3) intentional interference causing or inducing a breach; (4) absence of justification; and (5) resulting damages. *Bishop & Assocs., LLC v. Ameren Corp.*, 520 S.W.3d 463, 472 (Mo. banc 2017). When the defendant has a legitimate interest in the expectancy the plaintiff seeks to protect, the plaintiff also must plead improper means, which means independently wrongful conduct such as threats, defamation, misrepresentation, restraint of trade, trespass, or another wrongful act recognized by statute or the common law. *Id.*

In addition, an action for tortious interference generally lies against a third party only. Where the individual being sued is an officer or agent acting for the party to the relationship, that individual is not treated as a separate third party for purposes of tortious interference. *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 602 (Mo. banc 2013).

9

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

The Petition does not plead ultimate facts satisfying those requirements as to American Medical Administrators or Dr. Arshad. Instead, it relies on collective allegations that all "Defendants" interfered with all "Plaintiffs." The only allegations specifically referencing Dr. Arshad or American Medical Administrators are that residents were shown a photo and pamphlet of Dr. Arshad, that a recent Zoom meeting was led by Reliant and Dr. Arshad, and that Dr. Arshad practices telehealth through American Medical Administrators. Petition at ¶¶ 18, 29, and 30. Those allegations do not identify a specific patient relationship, a specific patient or guardian communication, a specific instance of knowledge of a particular relationship, or a specific independently wrongful act by American Medical Administrators or Dr. Arshad that caused a breach.

Nor does the Petition clearly plead whether American Medical Administrators and Dr. Arshad were acting as independent third parties or as the proposed replacement provider or agent aligned with the facility defendants. If Plaintiffs contend American Medical Administrators and Dr. Arshad were acting for the facilities in connection with medical coverage, *Farrow*'s third-party rule bars the claim. If Plaintiffs contend they were outsiders, the Petition still fails because it pleads no patient-specific, plaintiff-specific, and defendant-specific ultimate facts showing intentional inducement by improper means.

The actual denial of access alleged on April 3, 2026 is attributed to a facility administrator, not to American Medical Administrators or Dr. Arshad. Petition at ¶ 12. The alleged mass reassignment is attributed primarily to Reliant directives and facility communications. Petition at ¶¶ 17-22, 29. Count III therefore should be dismissed as to American Medical Administrators and Dr. Arshad.

10

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

**V.    The Court should strike the erroneous jurisdiction allegations and the unpleaded whistleblower claim.**

Rule 55.27(e) permits the Court to strike immaterial or impertinent matter. Three portions of the Petition should be stricken on that basis.

First, paragraphs 47 and 48 should be stricken or disregarded to the extent they purport to locate subject-matter jurisdiction in Rule 92.01 and § 526.030. Those authorities do not confer subject-matter jurisdiction. Rule 92.01 merely states who may grant an injunction, and Rule 92.02 supplies procedures governing temporary restraining orders and preliminary injunctions. Section 526.030 describes when the remedy by injunction may exist. None of those authorities creates or limits the circuit court's subject-matter jurisdiction. Under article V, section 14 of the Missouri Constitution, circuit courts have original jurisdiction over all cases and matters, civil and criminal. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253–57 (Mo. banc 2009), makes clear that Missouri circuit courts recognize only subject-matter jurisdiction and personal jurisdiction and that statutes or rules should not be elevated into a separate jurisdictional category. Paragraphs 47 and 48 therefore misstate the law.

Second, paragraph 46 asks the Court to schedule a trial on damages for tortious interference, negligence per se, and "whistleblower retaliation." The Petition pleads no separate count for whistleblower retaliation and pleads no elements of such a cause of action.[4] Plaintiffs cannot obtain damages on an unpleaded claim, and the request should be stricken.

---

[4]The Petition pleads no separate count for whistleblower retaliation and identifies no elements of any recognized whistleblower cause of action under Missouri law. A bare reference to "whistleblower retaliation" in a prayer for relief does not satisfy Rule 55.05's requirement that a petition plead ultimate facts showing entitlement to relief on each claim asserted.

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

**CONCLUSION**

The Petition attempts to transform a resident-choice regulation into a physician's damages vehicle, and it does so without pleading the individualized facts that Missouri law requires. The deficient portions should be dismissed.

WHEREFORE, Defendants respectfully request that the Court enter an order:

(i)     Dismissing Counts I, II and IV in their entirety;

(ii)     Dismissing Count III as to Plaintiffs Christopher T. LaBonte, M.D., LLC d/b/a LaBonte Medical Group, Eric Baggstrom, M.D. and Gary Quillen, ANP;

(iii)     Dismissing Count III as to Defendants American Medical Administrators and Abdullah Arshad, M.D.;

(iv)     Striking paragraph 46 to the extent it seeks relief on an unpleaded claim for whistleblower retaliation;

(v)     Striking or disregarding paragraphs 47 and 48 to the extent they misstate the source of the Court's jurisdiction; and

(vi)     Granting such other and further relief as the Court deems just and proper.

12

Electronically Filed - ST LOUIS COUNTY - April 15, 2026 - 03:14 PM

Respectfully submitted,

**MARTONE LEGAL, LLC**

By:    /s/ Andrew J. Martone
       Andrew J. Martone, MO Bar #37382
       Matthew B. Robinson, MO Bar #52954
       Kateri Busiek, MO Bar #76571
       600 Emerson Rd., Suite 205
       Creve Coeur, MO 63141
       Telephone:    (314) 862-0300
       Facsimile:    (314) 862-7010
       andym@martonelegal.com
       mattr@martonelegal.com
       katerib@martonelegal.com

       *Attorneys for Defendants*

**Certificate of Service**

The undersigned certifies that on April 15, 2026, a true and accurate copy of the foregoing was filed with the Clerk of the Court to be served upon the following counsel of record via the CM/ECF system:

Scott R. Pool, #42484
Gibbs Pool and Turner, P.C.
3225 Emerald Lane, Suite A
Jefferson City, MO 65109-6864
pool@gptlaw.net

*Attorneys for Plaintiff*

       /s/ Andrew J. Martone

13

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

CHRISTOPHER T. LABONTE, M.D.,     )
LLC, d/b/a LABONTE MEDICAL      )
GROUP, et al.,                          )
                                   )
     Plaintiffs,                   )
                                   )
     v.                            )   Case No. <u>26SL-CC03017</u>
                                   )
RELIANT CARE MANAGEMENT      )
COMPANY, LLC, et al.,           )
                                   )
     Defendants.               )

## PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PLAINTIFFS' RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS IN OPPOSITION TO TEMPORARY RESTRAINING ORDER

COME NOW Plaintiffs Christopher T. LaBonte, M.D., LLC, d/b/a LaBonte Medical Group, Dr. Christopher LaBonte, Dr. Eric Baggstrom and ANP Gary Quillen, (hereinafter "Plaintiffs"), by and through their attorney, Scott R. Pool of Gibbs Pool and Turner, P.C., and respectfully submit to the Court their Trial Brief in Support of their Application for Temporary Restraining Order, and Plaintiffs' Response in Opposition to Defendants' Partial Motion To Dismiss Temporary Restraining Order. For their cause, Plaintiffs state as follows:

## TRIAL BRIEF IN SUPPORT OF TEMPORARY RESTRAINING ORDER

Defendants abruptly, immediately, and improperly disrupted and terminated hundreds of Plaintiffs' longstanding physician-patient relationships in Defendants' nursing home facilities. Before these events, Plaintiffs long served as the attending

1

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

physicians in patient-physician relationships with hundreds of residents in the eight Defendants' facilities. During the course of their patient-physician relationships, Plaintiffs delivered reasonable and necessary care for their patients, and in return, Plaintiffs were compensated for their services.

Plaintiffs have learned that beginning in September 2025, Defendants began unilaterally reassigning Plaintiffs' patients to other providers without that patient's notice or consent. More recently, Defendants terminated Plaintiffs' ability to: access their patients, access their medical records, provide patient care, and had their patients change providers to Defendant Arshad. Defendants have also provided residents with written notice that Plaintiffs can no longer serve as their physician, encouraged/directed them to select Defendant Arshad, and defamed Plaintiffs by alleging they have provided care non-compliant with Medicare /Medicaid and care that is unsafe. To date, more than 300 residents have been improperly removed from Plaintiffs' care.

As a result of Defendants' conduct, Plaintiffs have suffered and continue to suffer the loss of longstanding physician-patient relationships, disruption of continuity of care, injury to reputation and goodwill, and harm that cannot be fully remedied by monetary damages alone, as there is no adequate remedy available at law to remedy and redress the wrongs committed by Defendants.

Unless immediately restrained by this Court, Defendants' conduct threatens to further erode Plaintiffs' patient base and goodwill underlying Plaintiffs' medical practice and places that practice at risk of complete dissolution.

2

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

## ARGUMENT

### I. Plaintiffs have a Protectible Interest in Their Physician-Patient Relationships, and They Will Suffer Irreparable Harm for Which There is No Adequate Remedy at Law.

A physician's duty of care to a patient is derived from the patient-physician relationship. *Knight v. Li*, 709 S.W.3d 383, 392 (Mo. Ct. App. 2025). The patient-physician relationship is defined as "a consensual relationship where the patient or someone acting on the patient's behalf knowingly employs a *physician who consents to treat the patient*." *Id.* (emphasis in original).

Missouri courts recognize that physicians have a protectable interest in their patient base. *Jefferson City Med. Grp., P.C. v. Brummett*, 695 S.W.3d 141, 153 (Mo. Ct. App. 2024)(recognizing legitimate protectable interest in medical group's patient and referral base).

Plaintiffs have entered into patient-physician relationships with hundreds of Defendants' residents, which Defendants seek to unilaterally and illegally terminate. Defendants' conduct is made despite the following:

(1)     The resident's right to choose his or her attending physician. 42 U.S.C. § 483.10(d); and

(2)     The facilities' obligation to provide immediate access to any resident by — (D) the resident's individual physician. 42 U.S.C. § 483.10(f)(4)(i)(D).

Defendants refuse Plaintiffs access to their patients, entry into their patients' electronic medical record, and entry onto Defendants' premises.

3

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

The sole criterion for the selection of an attending physician by a resident is the physician must be licensed to practice. 42 U.S.C. § 483.10(d)(1).

The facility's ability to seek an alternative physician to that selected by the resident is narrow and highly restrictive. The facility may only seek alternate physician participation under (d)(4) and (5) if the physician chosen by the resident refuses _or is not licensed to practice_. 42 U.S.C. § 483.10(d)(2).

This circumstance is inapplicable to these facts as Plaintiffs have not refused to participate as an attending physician to any of the subject residents, and Plaintiffs have at all times been licensed.

Assuming arguendo that sections (d)(4) and (5) apply, which they do not, the analysis remains unchanged. Section (4) provides the facility must inform the resident if the physician is unwilling or refuses to be licensed or be the resident's physician, which is not present.

The second prong of § (4) has the conjunctive "and"[1]: the facility seeks alternate physician participation to assure appropriate and adequate care and treatment. The word "and" is conjunctive, meaning it combines two things. Because the first prong of § (d)(4) is not met, the second part is not met. Nonetheless, Defendants have produced, at no time, any resident complaint, other healthcare provider complaint, or objective basis that shows Plaintiffs have provided any resident with anything but appropriate and adequate care and treatment.

---

[1] See _Burns v. Smith,_ 303 S.W.3d 505, 511 (Mo. 2010) ("the use of the conjunctive 'and requires both the first portion of clause . . . **along with or together with** the second portion of clause. . .") (emphasis original); see also _State v. Graham,_ 149 S.W.3d 465, 467 (Mo. App. E.D. 2004) ("The disjunctive 'or' in its ordinary sense marks an alternative generally corresponding to the term 'either.'")

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

Even assuming an occasional record exists, which is denied, that cannot be a basis for Defendants to cause a unilateral and universal exodus of Plaintiffs' patient base from Defendants' facilities; rather it is an issue to raise on a patient-by-patient basis.

Notwithstanding, the selection of a physician remains the choice of the resident and not the facility: "(d)(5) If the resident subsequently selects another attending physician who meets the requirements specified in this part, the facility must honor that choice." The patient selects the physician; not the facility. Defendants have circumvented the patient's/resident's right over physician selection.

*Brummett* at 695 S.W.3d, 153 highlights that customer contacts are protectable because they generate goodwill, and that goodwill, in turn, generates additional business for the company. Accordingly, the court recognized a protectable interest in both customer relationships and the goodwill developed through those relationships and applied that concept in the medical setting to a physician group's patient and referral base. *Id.* at 151-153.

In *Brummett*, the court acknowledged the medical group's continued viability depended on preventing the diversion of its patient relationships and that, without enforcement of the non-compete clause, the group was at risk of dissolution, such that the threatened loss of its patient base was sufficient to support findings of irreparable harm and no adequate remedy at law. *Id.* at 154.

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

Although *Brummett* arose from a non-compete violation, its reasoning is instructive here. In this case, while there is no non-compete/restrictive covenant present, the absence of a non-compete does not eliminate the protectable interest at issue, and this Court's ability to correct Defendants' illegal conduct by interfering with the patient-physician relationship and resident rights. Plaintiffs have a right associated with serving as the residents' attending physician, *see Boyer v. Grandview Manor Care Ctr., Inc.*, 805 S.W.2d 187, 190 (Mo. Ct. App. 1991), and their physician-patient relationships give rise to goodwill that is itself protectable.

## IRREPARABLE HARM

Under Missouri law, irreparable harm is established if monetary remedies cannot provide adequate compensation for improper conduct and when damage suffered by the plaintiff can only be estimated by conjecture. *See CIBC Bank USA v. Williams*, 669 S.W.3d 298, 313 (Mo. Ct. App. 2023); *Renwood Food Prods. v. Schaefer*, 240 Mo. App. 939, 953 S.W.2d 144 (1949).

Courts recognize that intangible harms, such as loss of reputation and goodwill, are irreparable because they are difficult, if not impossible, to quantify in monetary terms. *Med. Shoppe Int'l, Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 805 (8th Cir. 2003); *Copeland LP v. Thurston*, 732 F. Supp. 3d 1003, 1012 (E.D. Mo. 2024) (Loss of intangible assets such as reputation and goodwill can constitute irreparable injury, as required for a temporary restraining order).

Plaintiffs lack an adequate remedy at law. An adequate legal remedy exists when damages will adequately compensate the plaintiff for the injury or threatened

6

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

injury. *CIBC Bank USA,* 669 S.W.3d 298 at 313. In *CIBC Bank USA,* the court accepted the argument that pecuniary remedies do not provide adequate compensation for the loss of customers or goodwill. *Id.* Similarly, here, the injury is not limited to a distinct economic loss that can be readily calculated after the fact. Rather, Defendants' conduct at issue threatens the termination and elimination of longstanding physician-patient relationships, the disruption of continuity of care, and the loss of professional goodwill and reputation developed through years of treatment, and most important: the delivery of timely reasonable and necessary medical care to their patients.

If relief is delayed until a tortious interference or negligence per se claim proceeds through the ordinary litigation process, Plaintiffs' medical practice will be substantially and significantly damaged or destroyed. Patients may have permanently injured, moved on, and the physician-patient relationships at issue may be lost. In that circumstance, money damages after the fact would not preserve the status quo of the Plaintiffs' medical practice and would put the practice at risk of complete dissolution. Immediate injunctive relief is the only way to prevent that loss.

The foregoing demonstrates that immediate and irreparable injury, loss, or damage will continue to result in the absence of relief from the Court in the form of a Temporary Restraining Order.

Defendants have unilaterally restricted Plaintiffs' ability to access patient medical records in the electronic medical record, PointClickCare. Defendants have

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

denied Plaintiffs access into its facilities so that Plaintiffs can perform and deliver patient care.

When in Defendants' facilities, Plaintiffs have been escorted off the premises. Defendants have circulated in writing false statements regarding the failure to comply with certain Medicare requirements such as the signing of orders, Medicare certifications, entering progress notes, and physician visit-frequency requirements.

Notwithstanding these baseless claims by Defendants, Plaintiffs have received no such concerns from Medicare, and until Defendants unilaterally began reassigning their patients to Dr. Arshad, Plaintiffs have received no documented instance of any of the foregoing record-keeping deficiencies. In fact, the only document directly provided Plaintiffs is Exhibit 9, which is devoid of facts, patient names, and is conclusory and pretextual. Plaintiffs asked Defendants for copies of any information documenting these alleged deficiencies in Exhibit 9 and have received none.

In many instances, LaBonte Medical Group and its healthcare providers have provided patient care to the residents at issue for over 20 years.

Because of Defendants' actions, Plaintiffs are unable to meet their obligations under the patient-physician relationship and provide direct and immediate healthcare to their patients, including the renewal of reasonable and necessary prescriptions and therapies. Instead, Defendants have unilaterally restricted Plaintiffs from access to the electronic medical record, and physical access to their patients, in violation of law.

8

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

## CONCLUSION

Plaintiffs have satisfied the requirements of Rule 92.02 by demonstrating at length the fact of immediate and irreparable injury caused by the Defendants, submitting a verified petition supporting the facts that alleged, and providing notice to Defendants of the intent to seek a temporary restraining order. The primary objective of a temporary restraining order is to maintain the status quo until a motion for permanent injunction can be adjudicated. *Hemme v. Euans,* 866 S.W.2d 922 (Mo. Ct. App. E.D. 1993). A temporary restraining order maintains the status of the parties until the merits of their claims are resolved and does not purport to pass upon the merits of the controversy or dispose of any issue. *Ballesteros v. Johnson,* 812 S.W.2d 217 (Mo. Ct. App. E.D. 1991). A temporary restraining order is necessary to maintain the status quo of Plaintiffs' position until further proceedings can resolve this matter.

WHEREFORE, based on the foregoing Application, Plaintiffs respectfully requests this Court for a Temporary Restraining Order pursuant to Rules 92.01, 92.02 and § 526.030, RSMo., enjoining Defendants from: (a) interfering with Plaintiffs' existing physician-patient relationships, and immediately restore all patients and privileges of LaBonte Medical Group, Dr. LaBonte, and his staff; (b) prohibiting staff to change residents from Dr. LaBonte to Dr. Arshad, American Medical Administrators, or any other physician without lawful resident or guardian authorization and compliance with resident-choice requirements; (c) blocking or restricting Plaintiffs' access to their patients, residents who have selected him, or

9

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

future residents who seek his care; (d) making statements to residents, families, guardians, or staff with the purpose to interfere with the patient/physician relationship; and (e) retaliating against Dr. LaBonte for bringing this action, or for refusing to terminate established patient/physician relationships. Plaintiffs further respectfully request this Court to Order that Defendants: (a) instruct all relevant facilities, administrators, directors of nursing, staff, medical directors, and affiliated physician groups to cease interfering with Plaintiffs' patient/physician relationships; (b) not change any resident's attending physician without resident/guardian authorization and full compliance with 42 C.F.R. § 483.10 and related resident-rights provisions; (c) restore/maintain Dr. LaBonte's complete access to all residents, subject only to lawful and resident-directed limitations; and (d) identify all residents for whom Dr. LaBonte was removed or replaced as attending physician during the past twelve (12) months, the date of each change, the person(s) who directed the change, and the basis asserted for the change. Plaintiffs further request this Court for an Order scheduling a hearing for Preliminary and/or Permanent Injunction; that the hearing on the Preliminary and Permanent Injunction be combined pursuant to Rule 92.02(c)(3); that a Preliminary Injunction be issued pursuant to Rules 92.01, 92.02 and § 526.030, RSMo.; that a Permanent Injunction be issued pursuant to Rules 92.01, 92.02 and § 526.030, RSMo; and for such other further relief and Order as this Court may deem just and proper.

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

## PLAINTIFFS' RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS, ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

Time is of the essence. Beginning in September 2025, Defendants began reassigning residents who were under Plaintiffs' care without patients' notice or consent. To date, more than 300 residents have been improperly removed from the Plaintiffs' care.

As a result of Defendants' wrongful conduct, Plaintiffs have suffered and continue to suffer the loss of longstanding physician-patient relationships, disruption of continuity of care, injury to reputation and goodwill, and harm that cannot be fully remedied by monetary damages alone. Each day Defendants are allowed to continue their wrongful conduct Plaintiffs' practice will continue to be damaged, physician-patient relationships will be damaged or destroyed, and money damages after the fact would not preserve the status quo of the Plaintiffs' medical practice and would put the practice at risk of complete dissolution.

Plaintiffs request the court grant a temporary restraining order because immediate injunctive relief is the only way to prevent irreparable loss.

### ANALYSIS

### Count I Does Not Fail as a Matter of Law and Should Not Be Dismissed from Petition.

Missouri appellate courts have firmly established the principle that pleadings are evaluated on their substance, not their form, and a party need not invoke magic language to satisfy pleading requirements. See *Ridgetop Manor, LLC v. White,* 717, S.W.3d 818, 830 (Mo. App. E.D. 2025) *quoting Devitre v. Orthopedic Ctr. of St.*

11

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

*Louis, LLC,* 349 S.W.3d 327, 334 (Mo. banc 2011) (courts "elevate substance over form when reviewing a petition"); *See also Sneed v. State,* 702 S.W.3d 288, 293 (Mo. App. S.D. 2024) ("a party need not invoke magic language . . . [n]o technical form is required").

Defendants seek to have Count I of Plaintiffs' Application for Temporary Restraining Order dismissed on the exact technicality Missouri courts categorically reject.

Furthermore, Count I is pled in concert with Counts III and IV, which seek relief on the grounds of tortious interference and negligence per se, respectively. Because an injunction is a remedy and not a cause of action, it must be based on some recognized and pleaded legal theory. *Goerlitz v. City of Maryville,* 333 S.W.3d 450, 455 (Mo. 2011). In *Goerlitz,* the court did not dismiss plaintiff's first count seeking injunction – the court analyzed whether that plaintiff was entitled to an injunction based on the merits of the other claims in the petition. *Id.* This Court should do the same.

### Count IV Properly Pleads a Claim for Negligence Per Se.

Plaintiffs are entitled to relief under 42 CFR 483.10, because they are within the class that regulation is designed to protect, and the injury is of the type the enactment was designed to prevent. *Dibrill v. Normandy Associates, Inc.,* 383 S.W.3d 77, 84 (Mo. App. E.D. 2012).

Section 483.10(d)(1) provides that "the resident has the right to choose his or her attending physician." This resident right creates a patient-physician

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

relationship, which creates a corresponding physician interest: a licensed physician chosen by the resident has a regulatory basis to practice in the facility that the facility cannot simply ignore – like Defendants have done here.

Under § 483.10(d)(1)(2), a facility may only seek an alternate physician if the chosen physician "refuses to or does not meet requirements specified in this part," with the only "requirement" being the chosen physician must be licensed to practice. This means a facility's ability to exclude or replace a physician is limited by the regulation, and is only permissible on legitimate regulatory compliance grounds, not arbitrary preference. Beyond Defendants baseless allegations that Plaintiffs were noncompliant and offering substandard care, Defendants have offered no other evidence, facts, or proof that any of Plaintiffs were refusing or failing to perform their duties.

One of the most operationally significant physician-protective provisions is the mandatory consultation requirement in § 483.10(g)(14): which requires that a facility "must immediately inform the resident; consult with the resident's physician; and notify . . . the resident representative(s)" when there is an accident involving injury with potential for requiring physician intervention, a significant change in the resident's physical, mental, or psychosocial status, a need to alter treatment significantly, or a decision to transfer or discharge the resident.

The Department of Health and Human Services Departmental Appeals Board has confirmed that the consultation duty is "not discretionary and requires more than merely informing or notifying the physician." *See* IN THE CASE OF:

13

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

TOPEKA PRESBYTERIAN MANOR (CCN: 17-5297); PETITIONER v. CENTERS FOR MEDICARE & MEDICAID SERVICES, DAB CR1707 at 8 (2007). This consultation mandate effectively gives the attending physician an enforceable role in clinical decision-making within the facility — the facility cannot unilaterally alter treatment without engaging the physician, like Defendants have done in this matter.

Section 483.10(f)(4) requires that the facility provide "immediate access" to any resident by "[t]he resident's individual physician." This guarantees that a nursing facility cannot impose administrative barriers or deny a physician timely access to his or her patient. When the facility makes notification under the change-of-condition provisions, it must also ensure that "all pertinent information" is available and provided upon request to the physician. This access right, while framed as a facility obligation, gives the attending physician a corresponding entitlement to reach his or her patient and obtain complete clinical records without obstruction. Defendants have blatantly and deliberately violated Section 483.10(f) by denying Plaintiffs access to their patients and deleting patient medical records created by Plaintiffs in the course of their duties.

Furthermore, Defendants misstate the holding of *Roudachevski* by claiming the Eighth Circuit Court of Appeals rejected out of hand the applicability of 42 C.F.R. § 483.10 to a physician plaintiff's claim for tortious interference and request for injunctive relief. Defendants' Partial Motion, p. 6 para. 3.

14

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

While the *Roudachevski* court did ultimately affirm the prior ruling in favor of the defendant, the court did not discuss or decide whether section 483.10.(d)(1) provides rights to physicians[2] – it merely affirmed the district court's conclusion that the public interest as it related to section 483.10(d)(1) was not ascertainable at that time, and that the district court had adequately considered the argument for the public interest. *Roudachevski v. All-Am. Care Centers, Inc.,* 648 F.3d 701 707-708 (8th Cir. 2011). Defendants' assertion that the *Roudachevski* plaintiff failed because "physicians claimed harms were economic and speculative, not resident-rights injuries"[3] is a blatant misstatement of the Eighth Circuit's final holding.

### Count III Incorporates Sufficient Facts as to Each Plaintiff to Plead a Claim.

Plaintiffs are named in the suit. Plaintiffs' Petition, paragraphs 1-4, identify Labonte Medical Group LLC, the licensed healthcare providers that comprise the medical group (Dr. Labonte, Dr. Baggstrom, and ANP Quillen), and the locations at which direct patient care is provided. Paragraphs 1-4 are incorporated by reference along with all other paragraphs in Count III. To the extent that the pleadings in this matter differ from those in *Boyer* is a result of the differing circumstances. In *Boyer,* an individual healthcare provider plead his case – here, a group of healthcare providers is pleading their case, individually and through Labonte Medical Group LLC. Furthermore, ANP Quillen is a licensed healthcare provider as that term is

---

[2] The only references in *Roudachevski* to section 483.10(d)(1) are on pages 705 and 707-708. The court does not determine whether a physician has rights under the section, only that "the parties dispute the relevance to this case of Arkansas and federal regulations allowing patients to select their own physicians;" and "We find no error in the district court's conclusion that the public interest was not presently ascertainable."

[3] Defendants' Partial Motion to Dismiss p. 6 para. 3.

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

defined in 42 CFR § 483.10, entitling him to the rights and protections of that statute.

### Count III Must Be Pled Against All Defendants, as Current Evidence is Insufficient to Determine if One or All Defendants Interfered.

Count III is pled with the earnestly held belief that all named defendants colluded to transfer patients from Plaintiffs care, absent any legal justification, to the care of Dr. Arshad and American Medical Administrators. Plaintiffs intend to rely on the process of discovery and the discretion of the Court to better focus their allegations on the offending parties, and believe any discussion of removing defendants is better reserved for summary judgment. Furthermore, Plaintiffs' business expectation lies in the physician-patient relationships that Plaintiffs maintain with each individual patient, not with any named defendants. As such, *Farrow's* third-party exception either does not apply or cannot currently be decided on. Plaintiffs allege all defendants are third parties – acting in their own capacity, not as agents – who have interfered with that physician-patient relationship either by violation of 42 CFR § 483.10 and by baselessly disparaging Plaintiffs competency and quality of care.

### Pleadings related to Jurisdiction are substantively appropriate.

Plaintiffs have outlined the rule and statute by which this Court has the authority to grant the injunctive relief Plaintiffs seek under the heading "JURISDICTION." As discussed above, pleadings are judged by their subject and substance, not their "rubric or caption." *Ridgetop Manor, LLC v. White*, 717 S.W.3d 818, 830 (Mo. App. E.D. 2025). To the extent the heading of "JURISDICTION" is

16

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

semantically incompatible with paragraphs 47-48 of Plaintiffs' petition, the allegations are substantively sufficient.

### Conclusion

Plaintiffs have adequately pled for the request remedy of a Temporary Restraining Order against Defendants and request immediate injunctive relief. Without the relief of this Court, Plaintiffs will continue to suffer irreparable harm caused by Defendants' conduct.

WHEREFORE, Plaintiffs respectfully request this Court enter its Order and DENY Defendants' Motion to Dismiss the Temporary Restraining Order; and for any and all other relief just and proper under the circumstances.

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.

Scott R. Pool                    #42484
3225 Emerald Lane, Suite A
Jefferson City, MO  65109-6864
Tel: (573) 636-2614
Fax: (573) 636-6541
Email: pool@gptlaw.net
*Attorneys for Plaintiffs*

17

Electronically Filed - ST LOUIS COUNTY - April 21, 2026 - 02:36 PM

<u>Certificate of Mailing</u>

The undersigned swears that a copy of the foregoing was served via e-filing on Casenet on April 21, 2026, to:

Andrew Martone
Matthew Robinson
Kateri Busiek
600 Emerson Road #205
Creve Coeur, MO 63141
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

_____
Scott R. Pool

Cc:    Josh Schindler
       *stacy.hawkins@courts.mo.gov* – *Division 18*

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| CHRISTOPHER T. LABONTE, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: 26SL-CC03017 |
| | ) | |
| v. | ) | Division No.: 18 |
| | ) | |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER GOVERNING IMPROPERLY OBTAINED MATERIALS**

Defendants respectfully move the Court to enter an order granting the following relief:

1. **Protective Order.** A protective order requiring Plaintiffs and their counsel, agents, experts, and representatives to (a) cease all use, review, copying, dissemination, or derivative analysis of the internal Reliant materials filed as Exhibits 12-26 to the Affidavit of Susan Rombach (Ex. 28 - "Rombach Aff.")  and any other internal Reliant materials improperly obtained outside formal discovery; (b) return or sequester all copies as the Court directs; (c) identify all persons who received, transmitted, or reviewed these materials; and (d) preserve all evidence necessary to determine their source and chain of custody.

2. **Evidentiary Hearing.** Defendants request an evidentiary hearing to determine how Plaintiffs acquired the wrongfully obtained materials, the manner of their acquisition and the appropriate remedy.

This Motion is brought pursuant to Mo. R. Civ. P. 55.27(e), 56.01(b)(1), 56.01(b)(9), 56.01(c) the Court's inherent authority to protect the integrity of its proceedings; the Missouri Rules of Professional Conduct; and HIPAA, 45 C.F.R. §§ 164.502 and 164.512(e).

In support of this Motion, Defendants submit the following Suggestions in Support.

1

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

**Introduction**

Plaintiffs filed and have used internal Reliant materials they did not obtain through discovery. These materials, included as 15 exhibits to Plaintiffs' Exhibit 28, consist of internal emails and communications drawn from Reliant's files including Reliant's in-house attorneys. The materials were taken from Reliant and delivered to Plaintiffs without Reliant's permission.

When Defendants asked Plaintiffs to identify the source of the materials — who provided them, when, and under what claimed authority — Plaintiffs refused, asserting that the source and chain-of-custody of these 15 exhibits are protected "work product," an objection that is not applicable to this situation. The source, timing, and chain of custody of documents are historical facts; they are not Plaintiffs' counsel's mental impressions, conclusions, opinions, or legal theories. *State ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. O'Malley*, 898 S.W.2d 550, 552–53 (Mo. banc 1995); *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367–68 (Mo. banc 2004).

These materials cannot be unread and the Court cannot determine the scope of taint, the appropriate sanction, or the proper allocation of remedies until the source, manner of their acquisition and use are established on a record. This will require an evidentiary hearing.

At this stage, Defendants do not ask the Court to assume the worst. Defendants ask the Court to preserve the record, prevent further use of improperly obtained materials, develop the facts at a hearing and then determine an appropriate course of action.

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

**Factual Background**

**A.      Plaintiffs filed wrongfully-obtained internal Reliant materials.**

Plaintiffs filed an Application for Temporary Restraining Order and Petition for Preliminary and Permanent Injunction in this case. Defendants separately moved to dismiss portions of that Petition and have opposed emergency equitable relief.

On the day of the TRO hearing, Plaintiffs filed 15 exhibits to Plaintiffs' Exhibit 28 that contain internal Reliant materials that Defendants did not authorize Plaintiffs to obtain or use. On information and belief, these materials had to have been taken by a current management-level employee and delivered to Plaintiffs without Defendants' permission. At least some of these materials contain communications involving Reliant's in-house attorneys.

**B.      Plaintiffs refused to identify the source and chain of custody of the exhibits to Exhibit 28.**

On April 22, 2026, defense counsel asked Plaintiffs to identify the exact source of all materials included in Plaintiffs' Exhibit 28, including the party or parties who provided them, when they were provided, and whether Plaintiffs contend they had permission from Defendants to obtain them. *See* Exhibit A attached hereto.

Plaintiffs refused and responded that they "stand on" objections expressed during the parties' discovery conference, asserting that the request is overbroad and seeks information protected by work product. *See* Exhibit B attached hereto.

Plaintiffs' obstruction leaves Defendants and the Court without the basic facts: who took the materials; whether the source is a current managerial Reliant employee; whether Plaintiffs solicited or directed their acquisition; who has reviewed the materials; who has copies; and what use has already been made of them.

3

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

Defendants seek two forms of relief in this Motion. First, Defendants seek a protective order requiring Plaintiffs to cease use of the 15 exhibits to Exhibit 28, return or sequester all copies, identify all persons who received or reviewed them, and preserve evidence necessary to determine their source and, second, an evidentiary hearing to develop the facts of the source, manner of acquisition and to determine the proper remedy for the wrongful acquisition of these materials.

Second, Defendants seek an evidentiary hearing to determine how these materials were obtained and what form of relief would be appropriate.

## Argument

I. **The Court Should Enter a Protective Order Requiring Plaintiffs to Cease Use of the Wrongfully Obtained Materials, Return or Sequester All Copies, and Preserve the Evidence Necessary to Determine Source and Scope of Taint.**

A. Mo. R. Civ. P. 56.01(b)(9)(A)(ii) imposed mandatory duties on Plaintiffs' counsel — none of which have been performed.

Rule 56.01(b)(9)(A)(ii) is direct and mandatory. It applies when an attorney receives information that contains privileged communications involving an adverse or third party and has reasonable cause to believe the information was incorrectly received. In that circumstance, the attorney "shall not read" the information, or — if reading has begun — "shall stop reading it"; "shall promptly notify the sending attorney"; "shall promptly return" the information; "shall sequester, delete, or destroy" the information and all copies; and shall take reasonable measures to make the information inaccessible. Rule 56.01(b)(9)(B) reinforces the same policy by providing that production of privileged or work-product information, "whether inadvertent or otherwise," is not a waiver of privilege or protection.

Plaintiffs' had more than reasonable cause to follow these required procedures. The materials at issue were internal Reliant documents. Defendants did not produce them in discovery. Plaintiffs knew or reasonably should have known that the materials were incorrectly received and

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

included adverse-party privileged communications, Missouri law required cessation, notice, return or sequestration, and preservation of privilege. Plaintiffs' continued retention and refusal to identify the source is the opposite of what Rule 56.01(b)(9) requires.

B.  Missouri rules

Missouri Rule of Professional Conduct 4-4.4(a) provides that, in representing a client, a lawyer shall not use methods of obtaining evidence that violate the legal rights of a third person. Comment [1] specifically identifies legal restrictions on obtaining evidence and unwarranted intrusions into privileged relationships, including the client-lawyer relationship. Rule 4-3.4(a) prohibits a lawyer from unlawfully obstructing another party's access to evidence, or unlawfully altering, destroying, or concealing documents, and prohibits assisting another in doing so. If the source of the documents at issue was a then-current managerial employee, Rule 4-4.2 is also implicated — including the prohibition on doing indirectly through another what the lawyer cannot do directly.

In *In re Eisenstein*, 485 S.W.3d 759 (Mo. Banc 2016), the Supreme Court of Missouri disciplined a lawyer whose client improperly accessed the opposing party's email account and delivered to the lawyer a copy of opposing counsel's direct-examination outline. The lawyer reviewed the materials, recognized them as "verboten," but failed to disclose them to opposing counsel until trial, and used information from them in settlement discussions. The Court held that the lawyer violated Rule 4-4.4(a), Rule 4-8.4(c), Rule 4-3.4(a), and Rule 4-8.4(d). Critically, the Court rejected the notion that the lawyer escaped responsibility because the client, not the lawyer, originally obtained the information. The violation arose from receiving, recognizing, using, concealing, and failing to promptly disclose and return the improperly obtained materials. *Id.*

This case is materially analogous. The suspected source here is not an unrelated third party. The Affidavit of Susan Rombach identifies the source as "some of the Defendants" which is untrue

5

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

– Defendants did not produce these materials in discovery. If a hearing establishes that Plaintiffs solicited the materials, encouraged an employee to take them, knew they were taken without authorization, reviewed privileged communications, used them to support emergency relief, or concealed the source after notice, the violation is serious.

   C.  Plaintiffs' "work product" objection cannot shield source and chain-of-custody facts.

Plaintiffs' work-product objection holds no water. Rule 56.01(b)(1) expressly permits discovery of the existence, description, nature, custody, condition, and location of documents and tangible things, and the identity and location of persons having knowledge of discoverable matters. Defendants' request asks for precisely those facts: who provided the 15 exhibits to Exhibit 28 materials, when, by what means, and under what claimed authority.

The party invoking work-product protection bears the burden to establish, by competent evidence, that the materials are documents or tangible things prepared in anticipation of litigation or trial by or for a party or that party's representative. *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367–68 (Mo. banc 2004). The doctrine protects counsel's mental impressions, conclusions, opinions, and legal theories. *State ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. O'Malley*, 898 S.W.2d 550, 552–53 (Mo. banc 1995). The underlying Reliant emails and privileged communications were not prepared by Plaintiffs' counsel in anticipation of litigation; they were preexisting adverse-party documents and the source's identity, the date and manner of transmission, the source's employment status, the source's claimed authority, or any communications soliciting the materials counsel's legal theories or mental impressions. They are historical facts.

Plaintiffs cannot convert the facts of acquisition into opinion work product by routing improperly obtained materials through counsel. If Plaintiffs contend that some narrow portion of

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

their communications contains genuine mental-impression material, the proper course is not blanket refusal. Plaintiffs should be required to disclose source, dates, manner of transmission, identities of recipients and reviewers, whether Plaintiffs or counsel solicited the materials, and whether the source had authority to provide them. Any genuine opinion-work-product material can be redacted or submitted for in camera review. What Plaintiffs cannot do is to shield their source of adverse-party materials behind a blanket work-product label.

**II.     The Court should hold an evidentiary hearing to determine the source, manner of acquisition, scope of taint, and the appropriate remedy.**

The issuance of a protective order will not develop the facts the Court will need to fashion the appropriate remedy, and these facts simply cannot be developed short of a hearing because Plaintiffs control the relevant information and have refused to disclose it.

A.     <u>The Court cannot fashion a remedy without first developing the facts</u>.

The remedy for improperly obtained materials varies with the conduct and ranges from the issuance of a protective order through dismissal. The Court cannot fashion an appropriate remedy without evidence as to: (i) the identity of the source; (ii) the date and manner of acquisition; (iii) whether Plaintiffs solicited or encouraged the acquisition; (iv) the source's employment status, role, and authority; and (v) whether Plaintiffs knew or reasonably should have known the materials were taken without authorization.

B.     <u>A hearing is necessary because Plaintiffs control the evidence and have refused to disclose it</u>.

Plaintiffs' April 24, 2026 response (Exh. B) confirms that the relevant facts are known only to Plaintiffs. Plaintiffs' refusal to identify the source means that the Court should require sworn testimony through an evidentiary hearing.

Defendants will be prepared at the hearing to present, at minimum: (i) the April 22, 2026 email from defense counsel requesting the source and chain-of-custody facts; (ii) Plaintiffs' April

7

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

24, 2026 response asserting work product; (iii) representative pages of the exhibits to Exhibit 28 (filed under seal) showing internal Reliant materials including communications including attorneys.

#### **Requested Relief**

For the foregoing reasons, Defendants respectfully request that the Court enter an order granting the following relief:

1. Enter an appropriate protective order.

2. Strike and seal exhibits 12-26 to Exhibit 28 and all related documents and all references to the wrongfully obtained materials in Plaintiffs' filings and in the Court record, pending the evidentiary hearing.

3. Set an evidentiary hearing on the source and manner of acquisition, and the appropriate remedy.

Respectfully submitted,

MARTONE LEGAL, LLC

By: */s/ Andrew J. Martone*
Andrew J. Martone, #37382
Matthew B. Robinson, #52954
Kateri Busiek, #76571
600 Emerson Rd., Suite 205
Creve Coeur, MO 63141
Telephone: (314) 862-0300
Facsimile: (314) 862-7010
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

*Attorneys for Defendants*

8

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

## Certificate of Service

The undersigned certifies that on May 11, 2026, a true and accurate copy of the foregoing was filed with the Clerk of the Court to be served upon all counsel of record through the Court's electronic filing system.

*/s/ Andrew J. Martone*

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

# EXHIBIT A

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

| | |
|---|---|
| **From:** | Andy Martone |
| **To:** | Kelly Maxwell; Matt Robinson; Kateri Busiek |
| **Cc:** | Scott Pool; josh@schindlerlawfirm.com. |
| **Subject:** | LaBonte v Reliant et al 26SL-CC03017 |
| **Date:** | Wednesday, April 22, 2026 5:03:52 PM |
| **Attachments:** | image001.png |

Scott and Josh-

It was good seeing both of you in court today, and we appreciate your professionalism and courtesy in this matter.

With regard to Defendant's discovery requests to be produced by 5:00 p.m. Friday, please produce the following:

1.  For the 12-month period ending March 31, 2026, please produce Plaintiffs' medical records demonstrating each and every visit they made to the Defendant facilities, together with a list of the residents visited and the residents seen during each visit.
2.  Please produce all correspondence with residents of the eight Defendant facilities addressing or discussing their care, billing or the subject matter of this dispute, from January 1, 2026 through April 15, 2026.
3.  Please produce a list of every order issued by Plaintiffs relating to the care of the residents of the eight Defendant facilities for the 12-month period ending March 31, 2026.
4.  Please produce a report of all patient billings for the residents of the eight Defendant facilities for the 12-month period ending March 31, 2026.
5.  Please identify the exact source of the materials included in the entirety of Plaintiffs' Exhibit 28, identifying the party or parties who provided them, when they were provided, and whether Plaintiffs assert that they obtained proper permission from Defendants to obtain such materials.

I believe that most of these materials can be generated through the Labonte Group's electronic medical record system, and while I would be willing to accept such reports in lieu of the actual documents, I reserve the right to request the underlying documents if we do not believe the reports are sufficient.

Thank you and take care,

*Andy*

MARTONE LEGAL

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



CONFIDENTIALITY NOTE:   The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above.  If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited.  If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system.  Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed.  I am communicating with you by e-mail with your consent.  Please advise me immediately if you do not wish to continue to use e-mail for communication.

---

**From:** Andy Martone
**Sent:** Tuesday, April 21, 2026 8:20 PM
**To:** 'Kelly Maxwell' <kelly@gptlaw.net>; Matt Robinson <mattr@martonelegal.com>; Kateri Busiek <katerib@martonelegal.com>
**Cc:** Stacy.Hawkins@courts.mo.gov; Scott Pool <pool@gptlaw.net>
**Subject:** RE: LaBonte v Reliant et al 26SL-CC03017

Kelly and Scott-

I am attaching a corrected copy of our Suggestions in Opposition. We will file and also hand-deliver a copy tomorrow.

Take care and have a good night.

Andy

MARTONE LEGAL
**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



CONFIDENTIALITY NOTE:   The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above.  If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited.  If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system.  Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed.  I am communicating with you by e-mail with your consent.  Please advise me immediately if you do not wish to continue to use e-mail for communication.

---

**From:** Kelly Maxwell <kelly@gptlaw.net>
**Sent:** Tuesday, April 21, 2026 2:40 PM
**To:** Andy Martone <andym@martonelegal.com>; Matt Robinson <mattr@martonelegal.com>; Kateri Busiek <katerib@martonelegal.com>
**Cc:** Stacy.Hawkins@courts.mo.gov; Scott Pool <pool@gptlaw.net>
**Subject:** LaBonte v Reliant et al 26SL-CC03017

Dear Andy, Matt, Kateri, and Division 18 clerk:

See attached recent filing on casenet.

Scott will see you tomorrow. Thank you.

**KELLY MAXWELL**



**GIBBS POOL AND TURNER, P.C.**

3225 EMERALD LANE, SUITE A
JEFFERSON CITY, MISSOURI 65109

MAIN **(573) 636-2614** *Ext. 106*
DIRECT **(573) 415-3054**
FAX **(573) 636-6541**

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

# EXHIBIT B

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

GPT

## GIBBS POOL AND TURNER, P.C.
### ATTORNEYS

April 24, 2026

Andrew Martone
Matthew Robinson
600 Emerson Road #205
Creve Coeur, MO 63141
andym@martonelegal.com
mattr@martonelegal.com

> **Re: *LaBonte Medical Group, et al. v. Reliant Care Management, et al.***
> Discovery Responses

Dear Andy and Matt:

These are Plaintiffs' discovery responses per your letter of April 24, 2024 (attached).

Please note: When a patient/resident is registered, the face sheet lists their home address. This address is used in LaBonte Medical Group's EMR. Therefore, patients/residents are registered using the address on the face sheet provided by the hospital or nursing home; not the address of the facility. The facility address is not used as it may differ from what is on file with Medicare, Medicaid, or commercial insurance.

Attached are three Excel spreadsheets with date of site visit, patient name, provider name, facility name, and billing. The Excel columns are A-S on each spreadsheet.

1. Hillside report is based on Reliant purchase date - September 15, 2025 through March 31, 2026;
2. Hidden Lake report is based on Reliant purchase date - August 1, 2025 through March 31, 2026;
3. Bernard, Crestwood, Gietner, Grand Manor, Heritage and South County in one report based on 12-month period - March 31, 2025, through March 31, 2026.

| | |
|---|---|
| Hallie H. Gibbs II | Ethan T. Sellers |
| Scott R. Pool | Hallie H. Gibbs III |
| Susan M. Turner | Clayton T. Arnold |
| C. Travis Hargrove | Christian Melhado |

3225 EMERALD LANE, SUITE A   JEFFERSON CITY, MISSOURI 65109   **(573) 636-2614   FAC (573) 636-6541**

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

There are no documents responsive to your request for correspondence, to-wit: letters or emails, etc., to a patient/resident. Any and all correspondence related to the resident is sent to the nursing facility via secure email provided and managed by the facility. This correspondence includes a copy of the patient's encounter, which must be maintained as part of the resident's medical record at the facility.

There are no orders in the Greenway EMR. All orders are in PCC (which Plaintiffs no longer have access).

Interrogatory and/or Request for Production #5. Plaintiffs stand on their objection(s) expressed during the TEAMS meeting/call. Plaintiffs object to #5 as it is overbroad, and as phrased, seeks information that is privileged and protected by Work Product.

Thank you for your attention to these discovery responses. Please call me with any questions.  Cell: 573-694-2200.

Very truly yours,

GIBBS POOL AND TURNER, P.C.

Scott R. Pool
Email: pool@gptlaw.net

SRP:km
Cc:    Dr. Christopher and Nicole LaBonte
       Josh Schindler
       Kateri Busiek - katerib@martonelegal.com

2

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM



## MARTONE LEGAL
*Integrity. Mastery. Purpose.®*

Andrew J. Martone
Direct Dial 314.862.0608
andym@martonelegal.com

April 24, 2026

*Via email:* pool@gptlaw.net

Scott R. Pool, Esq.
Gibbs Pool and Turner, P.C.
3225 Emerald Lane
Suite A
Jefferson City, MO 65109

      **Re:**    *LaBonte Medical Group, et al. v. Reliant Care Management Company, et al.*

Dear Scott (and Josh),

I am writing in response to your letter summarizing Plaintiffs' discovery requests following today's conference call.

We confirm that we will be producing the records supporting the reasons that Reliant Care Management Company and its facilities determined to terminate LaBonte's privileges and correspondence reflecting these concerns prior to April 3, 2026. We believe that these documents will reflect both the April 10, 2026 letter requests and your April 24, 2026 request.

We confirm that we will produce the materials relied upon by each Affiant used in creating their Affidavit and reaching all conclusions/opinions expressed in the Affidavit no later than 5:00 p.m. Monday, April 27, 2026.

We will not be responding to the April 23, 2026 interrogatories and document requests apparently directed to Dr. Arshad, Barbara Barrett, and Patricia Richardson by Wednesday and reserve all appropriate objections.

With respect to Defendants' requests to Plaintiffs dated April 22, 2026, Defendants agreed to limit their production requests to the period of time Reliant Care Management Company entered a management agreement with the facilities, which limits the requests for the following facilities as noted below:

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

Scott R. Pool, Esq.
Page 2 of 3

| Facility | Date |
|---|---|
| Carrie Elligson Gietner Health Care Center, LLC | 10/1/2004 |
| Grand Manor Health Care Center, LLC | 5/1/2024 |
| Hidden Lake Health Care Center, LLC | 8/1/2025 |
| Hillside Health Care Center, LLC | 9/15/2025 |
| South County Health Care Center, LLC | 4/1/2025 |

We agreed to revise our discovery requests as follows:

1. Subject to the time restriction above, for the 12-month period ending March 31, 2026, please produce a report from Plaintiffs EMR system demonstrating each and every visit they made to the Defendant facilities, together with a list of the residents visited and the residents seen during each visit.

2. Please produce all correspondence with residents of the eight Defendant facilities addressing or discussing their care, billing or the subject matter of this dispute, from January 1, 2026 through April 15, 2026.

3. If available in Plaintiffs' EMR system, please produce a report listing every order issued by Plaintiffs relating to the care of the residents of the eight Defendant facilities for the 12-month period ending March 31, 2026 (or as limited by the facility-specific time limitations discussed earlier in this letter).

4. Please produce a report of all patient billings for the residents of the eight Defendant facilities for the 12-month period ending March 31, 2026 – or as limited by the facility-specific time limitations discussed earlier in this letter.

5. Please identify the exact source of the materials included in the entirety of Plaintiffs' Exhibit 28, identifying the party or parties who provided them, when they were provided, and whether Plaintiffs assert that they obtained proper permission from Defendants to obtain such materials. We will follow up with a list of the privileged materials, which you have agreed to immediately remove from the file and destroy (except for a single copy retained unread in the event that there is an issue relating to privilege)

Electronically Filed - ST LOUIS COUNTY - May 11, 2026 - 04:22 PM

Scott R. Pool; Esq.
Page 3 of 3

Very truly yours,

MARTONE LEGAL, LLC

Andrew J. Martone

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

CHRISTOPHER T. LABONTE, M.D.,   )
LLC, d/b/a LABONTE MEDICAL   )
GROUP, et al.,   )
        )
    Plaintiffs,   )
        )
    v.   ) Case No. 26SL-CC03017
        )
RELIANT CARE MANAGEMENT   )
COMPANY, LLC, et al.,   )
        )
    Defendants.   )

## PLAINTIFFS' MOTION FOR CONTEMPT AND FOR FINE/SANCTIONS AND APPLICATION TO SHOW CAUSE

COME NOW Plaintiffs, by and through their attorneys, Scott R. Pool of Gibbs Pool and Turner, P.C. and Josh Schindler of Schindler Law Firm, and respectfully move this Court to issue its Order of Contempt and issue a Fine/Sanctions. For its cause, Plaintiffs state as follows:

1.  On May 13, 2026, this Court entered its Order. **(Exhibit A).**

2.  On May 14, 2026, Defendants requested and received from Plaintiffs a list of patients to be restored to Dr. LaBonte and his medical practice which were transferred after February 1, 2026. On that same day, Plaintiffs also posted and filed its bond pursuant to the Court's Order. **(Exhibit B).**

3.  Beginning May 15, 2026, Plaintiffs were in communication with Defendants about the restoration of its patients and its "free, complete and

unfettered access to the Point Click Care program for all their patients" consistent with the Court's Order.

4.     This communication continued throughout May 16 and May 17, 2026. Despite Plaintiffs' efforts to engage and work with Defendants, the Court's May 13, 2026, Order has not been satisfied. Defendants have failed to restore Plaintiffs' patients and provide compliant access to Point Click Care. Defendants are therefore in contempt of this Court's Order. Notice of Plaintiffs' intent to seek this relief was provided via email on May 17, 2026, at 7:49 p.m. **(Exhibit C).** No further communication has been received from Defendants.

5.     Defendants have knowledge of this Court's Order.

6.     Defendants have the ability to fulfill the terms of the Order.

7.     Defendants are in willful disobedience of this Court's Order and intentionally refuse to carry it out as evidenced by the following:

a.     The residents have not actually been restored back to Dr. Christopher LaBonte's medical practice as ordered by the Court. **(Exhibit D).**

b.     The physician attribution within PCC remains assigned to other providers. **(Exhibit E).**

c.     Reliant has restored limited login visibility to PCC which only allows for technical access to view charts. The issue this creates is when another physician is listed as the attending, any physician entering orders, changing medicines or treatment

2

plans is expected to communicate these changes with the physician listed as the attending.

d. If another physician remains listed as the attending provider of record, any physician entering new orders, changing medications, discontinuing treatment plans, overriding standing orders, or altering care plans would ordinarily be expected under continuity-of-care standards to coordinate with the physician formally assigned to the resident.

e. The physician listed in PCC is the physician the facility staff recognizes as medically responsible for the resident.

f. In nursing homes and long-term care facilities, PCC is not only a charting platform, it is the operational command center that directs every layer of patient care communication. The attending physician designation determines:

- who receives critical lab values;

- who receives pharmacy communications;

- who receives medication clarification requests;

- who receives hospital discharge documentation;

- who nursing staff calls during emergencies;

- who receives overnight change-in-condition calls;

- who receives fall notifications;

- who receives wound deterioration notifications;

- who receives end-of-life status changes;

3

- who signs and reconciles orders; and

- who is medically responsible for care coordination.

g.  Reliant has left Dr. Abdullah Arshad and Dr. Naser Almasalmeh listed as the attending/primary providers for these residents. Under these circumstances, placing LaBonte Medical Group (LMG) physicians in the position of attempting to manage patients while different physicians remain assigned as the attending providers creates risk in a nursing home environment.

h.  If PCC lists another physician as the attending provider while our physicians are simultaneously attempting to manage care, the risk for medical error increases dramatically. For example:

- A critical potassium level could be routed to the wrong physician;

- A hospital discharge medication reconciliation could be sent to the wrong provider;

- A narcotic clarification request could go to the wrong physician;

- A patient experiencing acute respiratory decline overnight could result in nursing staff calling the incorrect physician;

- Duplicate or conflicting medication orders could be entered by separate physicians;

4

- Staff may follow one physician's orders while our providers believe a different plan is in place;.

- Pharmacy recommendations may never reach the physician actively attempting to manage the patient;

- Regulatory documentation may reflect conflicting physician attribution;

- Billing submissions may be denied due to overlapping physician encounters and frequency limitations; and

- The chain of accountability for patient care becomes fundamentally compromised.

i.   This creates a fundamental conflict regarding medical authority and responsibility. For example:

- Who has final authority over medication management;

- Who has authority to discontinue or override existing treatment plans;

- Which physician is ultimately responsible for responding to changes in condition;

- Which physician is legally recognized by facility staff as directing the resident's care;

- Which physician receives and acts upon emergent overnight clinical issues; and

- Which physician bears liability if conflicting orders are entered.

j.  In the long-term care setting, where residents are medically fragile and communication failures can rapidly lead to hospitalization, injury, or death, this level of confusion creates substantial patient safety risk.

k.  The Court ordered unfettered access to our patients. Unfettered access means restoration of actual operational control and continuity of care — not partial system visibility while another physician remains listed as medically responsible.

8.  Plaintiffs' repeated communication via email, text, and phone call demonstrates its good faith effort to ensure full compliance; and Defendants' failure to fully restore and comply with this Court's order is without any good faith basis and is willful and intentional. **(Exhibits F, G, H, I, J, and K).**

9.  Plaintiffs also apply to this Court for an Order to Compel Defendants to Show Cause for why an Order of Contempt shall not issue and that this Show Cause be as soon as practical due to issues over patient care.

WHEREFORE, Plaintiffs respectfully request this Honorable Court find Defendants in Contempt of its Order dated May 13, 2026; that Point Click Care be updated by Defendants to show that all Dr. LaBonte's patients have been restored to him and his medical practice as the attending physician and/or primary physician; that Point Click Care be updated by Defendants so that each restored patient has Dr. Christopher LaBonte's name appear in the PCC field: "Primary Physician;" for sanctions/fine as determined by the Court, including Plaintiffs'

6

reasonable attorneys' fees and court costs incurred in filing this matter; for a Show Cause Order; and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.

Scott R. Pool            #42484
3225 Emerald Lane, Suite A
Jefferson City, Missouri 65109-6864
Tel: (573) 636-2614
Fax: (573) 636-6541
Email: pool@gptlaw.net
*Attorneys for Plaintiffs*

Certificate of Mailing

The undersigned swears that a copy of the foregoing was served via hand delivery on May 18, 2026, to:

Andrew Martone, Matthew Robinson and
Kateri Busiek
600 Emerson Road #205
Creve Coeur, MO 63141
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

Scott R. Pool

Cc:    Joshua Schindler
       *stacy.hawkins@courts.mo.gov – Division 18*

7

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## 21st JUDICIAL CIRCUIT

For File Stamp Only

**FILED**
05/13/26
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

C LABONTE ET AL,                )
         Plaintiff,        )  May 13, 2026
                              )
vs                              )  26SL-CC03017
                              )
RELIANT CARE MANAGEMENT ET AL   )  Division 18
                              )
                              )
        Defendant.       )

## Order

Cause called for Plaintiff's Motion for Preliminary Injunction on April 29, 2026, May 12, 2026 and May 13, 2026. The parties appeared by and through counsel, evidence was adduced and the court being fully advised in the matter does hereby make the following findings:

1. Plaintiffs are Medical Doctors or Members of the Medical Practice who provided medical care for residents at eight of the Defendant's facilities. Some of these patients were patients for many years of the Plaintiff. Evidence was adduced at the hearing that four of the Plaintiff's patients were happy with the medical care provided to them by the Plaintiff and wished to remain his patients.

2. Prior to April 1, 2026 the Plaintiffs were allowed to provide medical care to their patients in the Defendant's residential facilities and allowed access to the Point Click Care charting program utilized by the Defendants for their residents. Plaintiffs were unable to access the Point Click Care program of Defendants after April 1, 2026. In order to provide medical care for patients the doctors must have access to all medical information so they may ensure continuity of care.

3. Residents of Defendant's facilities are specifically covered by 42 C.F.R 483.10 which further requires that the Defendant's must treat their residents with respect and dignity in addition to providing various other rights to the residents. There is credible evidence that starting as early as September of 2025 and going up until April 3, 2026 the Defendants set out to transition all of their residents away from Dr. LaBonte and his medical group without the benefit of consulting their

1

RECEIVED

MAY 13 2026

GI
AND



EXHIBIT

A

residents, giving the residents a choice as to who would be their attending physician. On March 31, 2026 a notice was provided to all the residents of Defendant facility Carrie Elligson Geitner informing them Dr. LaBonte was no longer an option and that they must select a new physician before 2pm on the same day. The Defendants used strong armed and coercive tactics especially if a resident expressed their desire to remain with Plaintiff as their medical provider. Residents in these facilities were told they could be forced to move to another facility if they did not switch their medical provider. There was no mention of how the residents would be moved to other facilities, what facilities they may be able to transfer to, or who would bear the expense of such a move. These residents were told they would have to leave their home or take the doctor the Defendants were contracting with. The Defendants have expressed in their filings that they have the right to revoke privileges of a medical provider and ban them from their facilities and deny the residents their choice of medical provider based upon their resident contract yet they have provided no law or regulation which allows for said measures. The court is utterly unpersuaded by this argument as the fundamental right of residents to choose their own doctors cannot be contracted away in this fashion. The residents of these facilities are among the most vulnerable in our society, often without advocates who can speak on their behalf and without financial resources to engage counsel. The Defendant's suggestion that the State is the only person who can enforce their right to choose their own doctors would make these regulations meaningless and endanger the health and welfare of residents in the Defendant's facilities. The Court further finds that at least two of the Defendant facilities have been cited by the Missouri Department of Health and Senior Services for the violation of the residents right to choose their own physician. A plan of correction has been accepted by the State.

4. Defendant's presented evidence that there may have been unsigned orders by the Plaintiffs but there was no evidence that a single patient ever missed a treatment, medication refill, or had an adverse health event based on the unsigned orders. Significantly there appears to have been numerous patients or orders improperly attributed to Plaintiff in Point Click Care which was a source of the unsigned orders. Additionally, the Court finds that there was credible evidence that Defendant was submitting orders to the Plaintiff which contained genetic testing requests which Plaintiff had informed Defendant they would not sign. The Court notes that the Point Click Care system was

2

implemented by the Defendants and is maintained by the Defendants not the Plaintiffs.

5. Consistent with Boyer v Grandview Manor Care Center 805 S.W.2d. 187 the Court finds that the Plaintiffs have standing to raise these issues. Plaintiff's have shown a valid and enforceable right to preliminarily enjoin the Defendant's from interfering with the Plaintiff's doctor patient relationship. The Court finds the Plaintiffs have shown there is harm of an immediate and irreparable injury, loss or damage to Plaintiff should the Court fail to act. The Plaintiff has further shown there is a strong likelihood of success on the merits.

Wherefor, the Court hereby Orders a preliminary injunction be issued pursuant to Rule 92.02. The Court orders the Defendant's to restore all patients of Dr. LaBonte and his medical practice which were transferred after February 1, 2026 back to his medical practice no later than 5pm on May 16, 2026. Plaintiff shall have free, complete and unfettered access to the Point Click Care program for all of their patients. Plaintiffs shall be allowed access to their patients in person at their residential care facilities. As the Court is concerned about retaliation against residents who have objected to the transferring of doctors and fear being removed from the facility they reside in for speaking out the Court further orders the Defendant's shall not take any adverse action against their residents who are patients of the Plaintiff, this includes moving to discharge them from the facility where they currently reside. Should Defendant's fail to meet the timeline or interfere with the Plaintiff's access to care for their patients the Court will consider that to be a willful and contumacious violation of this Court's Order. Bond is set at $15,000.

**SO ORDERED:**

Judge        Division 18

May 13, 2026

Copy to counsel of record via electronic filing system

3

**FILED**

MAY 1 4 2026

JOANN MGRUGER
CIRCUIT CLERK ST LOUIS COUNTY

In The

Circuit Court

Of St Louis County, Missouri

C. LABONTE
ET. AL.                    Plaintiff

Vs.

RELIANT CARE MANAGEMENT
ET. AL.                    Defendant

MAY 14TH
_____
Date

26SL-CC03017
_____
Cause No

18
_____
Division:

### CASH PAYMENT FOR REGISTRY ACCOUNT DEPOSIT

Comes now PLAINTIFFS and hereby

Deposits the sum of FIFTEEN THOUSAND 00/100

(cash) (cashier check) (check) as approved by the court. Payment of these funds are in lieu of bond in an

Injunction or restraining order case as permitted by rule 923.02(C). These funds are subject to the

Jurisdiction of the court. The court may order these funds paid out to any party for attorney fees or

Damages as Justice may require.

Deposited by:

PLAINTIFFS
_____
(print name)

Josh D. Schindler
_____
(signature)     37841  MBE

Attorney For: PLAINTIFFS

7710 Carondelet Ave #333
_____
(Address)

Clayton, MO   63105
_____
(City , State, zip)

314 - 862 - 1411
_____
(Telephone No.)

**EXHIBIT**

**B**

CIRCUIT COURT OF ST.LOUIS CO  #: 87

Invoice No: 342801

Date: 05/14/26

105 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105
314-615-8035

Page: 1


Customer No: 9
Phone No:  ·

. C LABONTE
REGISTRY DEPOSIT


Cust. Order #: 26SL-CC03017          Salesperson: #28 - DARLENE

| Product Code | Item Description | Qty | Unit Price | Amount |
|---|---|---|---|---|
| 112 | REGISTRY DEPOSIT | 1 | 15000.00 | 15000.00 |

|  |  |
|---|---|
| Sub-Total: | 15000.00 |
| Shipping: | 0.00 |
| Tax [    0]: | EXEMPT * |
| Total: | 15000.00 |
| Check #8400524241: | 15000.00 |
| Amount Paid: | 15000.00 |
| Amount Due: | 0.00 |
| Change: | 0.00 |

T h a n k
Y o u

## Scott Pool

| | |
|---|---|
| **From:** | Scott Pool |
| **Sent:** | Sunday, May 17, 2026 7:49 PM |
| **To:** | Andy Martone; Josh; Kelly Maxwell |
| **Cc:** | Matt  Robinson; Shelby  Fowler; Cindy Foster; Vanessa Rosser; Scott Pool |
| **Subject:** | Re: Labonte |

Dear Andy:  this is not sufficient.  I will file a motion to address the non-compliance in the morning.  With how this is set up, it is not safe for the client to resume patient care tomorrow and it will not perform patient visits until this is addressed.  Thank you.

Get Outlook for iOS

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Sunday, May 17, 2026 7:07:25 PM
**To:** Scott Pool <pool@gptlaw.net>; Josh <Josh@schindlerlawfirm.com>; Kelly Maxwell <kelly@gptlaw.net>
**Cc:** Matt Robinson <mattr@martonelegal.com>; Shelby Fowler <shelbyf@martonelegal.com>; Cindy Foster <CindyF@martonelegal.com>; Vanessa Rosser <vanessar@martonelegal.com>
**Subject:** RE: Labonte

Scott and Josh-

Thank you for the detailed email.

This appears to be a question of how PCC works rather than a compliance dispute.



The Order directs two (2) things: that Dr. LaBonte have "free, complete and unfettered access" to PCC for his patients, and that patients transferred after February 1, 2026 be "restored back to his medical practice" by 5:00 p.m. on May 16. Defendants have done both.

On the PCC access issue, Dr. LaBonte's login was restored at all eight (8) facilities on May 16. He is now an assigned physician to each of the patients on the list, with full access to their labs, the MAR, progress notes, and order entries. All labs and prescriptions upload directly into PCC and are visible to Dr. Labonte. If your client has identified a specific patient whose chart he can't reach, please send me the name and facility and I will get it addressed.

The "Client Access Restricted" banner is causing some of the confusion. This term does not mean that Dr. Labonte's access to his patients' records is restricted – "Client Access Restricted" is a PCC term that appears for any outside physician who is not the facility's Medical Director. It means Dr. LaBonte has access to the residents he is assigned to and does not have system-wide visibility into residents if he is not listed as one of their physicians. This limitation is required by HIPAA's minimum-necessary rule - it does not block Labonte from any of his own patients' records.

The Court's Order does not require Defendants to change its PCC settings to designate Dr. Labonte as the primary care physician of 300 residents without obtaining their consent.  Dr. Labonte and his practice group have been given access to the Defendant Facilities to visit these patients based on the schedule

1

that you provided. Defendant Facilities are still required to obtain the federally required consent from the residents to designate Dr. Labonte as their primary care physician. This is especially true for the Defendant Facilities operating under approved Plans of Correction. Unilaterally overwriting the existing designations overnight without obtaining the residents' consents would violate both.

Please let me know if you would like to discuss.

*Andy*

MARTONE LEGAL
**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



MARTONE LEGAL
*Integrity. Mastery. Purpose.*

CONFIDENTIALITY NOTE:  The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above.  If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited.  If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system.  Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed.  I am communicating with you by e-mail with your consent.  Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Sunday, May 17, 2026 10:59 AM
**To:** Josh <Josh@schindlerlawfirm.com>; Andy Martone <andym@martonelegal.com>; Scott Pool <pool@gptlaw.net>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte
**Importance:** High

Andy:

The Court ordered that by 5:00 PM on May 16, 2026, Dr. Christopher LaBonte and the LaBonte medical group be restored unfettered access to their patients and facilities through PointClickCare ("PCC"), including restoration of all patients transferred after February 1, 2026 back to Dr. LaBonte's medical practice.

2

As of this time, that has not occurred.

Reliant has restored limited login visibility into PCC, the affected residents remain attributed to different attending physicians within the system.

That is not compliance with the Court's Order and creates a patient safety and continuity-of-care risk within the long-term care setting.

The Order did not require technical visibility into PCC, it specifically ordered that all patients transferred after February 1, 2026 be restored "back to his medical practice" no later than 5:00 PM on May 16, 2026, and that Plaintiffs be given "free, complete and unfettered access" to PCC for all of their patients.

The Order required functional restoration of the physician-patient relationship and operational control of patient care — not merely technical access to view charts.

What Reliant has done is neither consistent with the Order and creates a dangerous patient safety issue and a complete breakdown in continuity of care in the long-term care setting.

For instance, if another physician remains listed as the attending provider of record, any physician entering new orders, changing medications, discontinuing treatment plans, overriding standing orders, or altering care plans would ordinarily be expected under continuity-of-care standards to coordinate with the physician formally assigned to the resident.

The physician listed in PCC is the physician the facility staff recognizes as medically responsible for the resident.

In nursing homes and long-term care facilities, PCC is not only a charting platform, it is the operational command center that directs every layer of patient care communication.

The attending physician designation determines:

• who receives critical lab values
• who receives pharmacy communications
• who receives medication clarification requests
• who receives hospital discharge documentation
• who nursing staff calls during emergencies
• who receives overnight change-in-condition calls
• who receives fall notifications
• who receives wound deterioration notifications
• who receives end-of-life status changes
• who signs and reconciles orders
• who is medically responsible for care coordination

Reliant has left Dr. Abdullah Arshad and Dr. Naser Almasalmeh listed as the attending/primary providers for these residents.

3

Under these circumstances, placing LMG physicians in the position of attempting to manage patients while different physicians remain assigned as the attending providers creates risk in a nursing home environment.

Unlike outpatient medicine, long-term care facilities function through centralized physician attribution within PCC, meaning staff rely upon a single clearly designated attending physician to direct all aspects of resident care.

These facilities operate 24 hours per day with rotating staffing structures involving:

• day nurses
• night nurses
• agency nurses
• temporary staffing personnel
• weekend coverage staff
• medication aides
• floor nurses
• unit managers
• Directors of Nursing
• administrators
• on-call providers
• pharmacy consultants
• laboratory personnel
• hospital discharge coordinators

All of these individuals rely on PCC as the authoritative source identifying who the physician of record is for each resident.

If PCC lists another physician as the attending provider while our physicians are simultaneously attempting to manage care, the risk for medical error increases dramatically.

For example:

• A critical potassium level could be routed to the wrong physician.
• A hospital discharge medication reconciliation could be sent to the wrong provider.
• A narcotic clarification request could go to the wrong physician.
• A patient experiencing acute respiratory decline overnight could result in nursing staff calling the incorrect physician.
• Duplicate or conflicting medication orders could be entered by separate physicians.
• Staff may follow one physician's orders while our providers believe a different plan is in place.
• Pharmacy recommendations may never reach the physician actively attempting to manage the patient.
• Regulatory documentation may reflect conflicting physician attribution.
• Billing submissions may be denied due to overlapping physician encounters and frequency limitations.
• The chain of accountability for patient care becomes fundamentally compromised.

This creates a fundamental conflict regarding medical authority and responsibility.

For example:

• Who has final authority over medication management?
• Who has authority to discontinue or override existing treatment plans?
• Which physician is ultimately responsible for responding to changes in condition?
• Which physician is legally recognized by facility staff as directing the resident's care?
• Which physician receives and acts upon emergent overnight clinical issues?
• Which physician bears liability if conflicting orders are entered?

This is how serious nursing home errors occur.

In the long-term care setting, where residents are medically fragile and communication failures can rapidly lead to hospitalization, injury, or death, this level of confusion creates substantial patient safety risk.

The Court ordered unfettered access to our patients. Unfettered access means restoration of actual operational control and continuity of care — not partial system visibility while another physician remains listed as medically responsible.

It is fundamental that Dr. Christopher LaBonte is restored in PCC as the attending/primary physician for his patients.  Otherwise, the facilities will be in a state of fractured physician attribution and clinical confusion that is incompatible with safe long-term care operations.

Asking LMG providers to operate under these circumstances creates substantial and unnecessary patient safety risk, exposes providers to liability, and directly undermines the continuity of care the Court intended to restore.

Please see the attached screenshots that demonstrate:

• the residents have not actually been restored back to Dr. Christopher LaBonte's medical practice as ordered by the Court;
• physician attribution within PCC remains assigned to other providers;
• continuity of care remains fractured; and
• the facilities are still functioning under conflicting physician governance structures.

If full compliance is not immediately achieved, then it will be necessary to raise this issue with court in the morning via a motion to compel/contempt.  Thank you,
Scott


Get Outlook for iOS

---

**From:** Josh <Josh@schindlerlawfirm.com>
**Sent:** Saturday, May 16, 2026 5:57:51 PM
**To:** Andy Martone <andym@martonelegal.com>
**Cc:** Scott Pool <pool@gptlaw.net>
**Subject:** RE: Labonte

5

Andy.  I know you and Scott are communicating.  But I don't understand why Dr. Labonte does not have the same rights/access to PCC that he had before your client restricted his access to the homes.  Further, I provided you with a list of patients on Thursday, so your client would have plenty of time to log in to PCC and list Dr. Labonte as the physician.   My client needed the time between tonight and Monday to be fully prepared to see patients.  I am not sure what is going on here, and while I am loath to see the judge and argue that your client is in contempt (which it clearly is, as of 45 minutes ago).  Might I suggest that your client figure out why my client does not have full access to PCC and fix it asap?  Then, go into PCC and make sure that Dr. Labonte is listed for the residents I provided to you.

I am around all weekend at 314-799-3199.

Joshua M. Schindler
The Schindler Law Firm, P.C.
7710 CARONDELET AVENUE, SUITE 333
CLAYTON, MISSOURI 63105
(314) 862-1411
(314) 862-1701 Facsimile
**PLEASE NOTE: NEW ADDRESS**

NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of, including taking action in reliance upon, this transmission is strictly prohibited. If you have received this transmission in error, please call (314) 862-1411 and destroy all copies of this communication and any attachments.

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 1:46 PM
**To:** Scott Pool <pool@gptlaw.net>; Josh <Josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Cc:** aschwartz@reliantcaremgmt.com
**Subject:** RE: Labonte
**Importance:** High

Scott—

If at this point you do not believe that the Labonte group has been given the access to PCC required by the Court Order, please let me know.

6

*Andy*

## MARTONE LEGAL

**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



MARTONE LEGAL
*Integrity. Mastery. Purpose.*

CONFIDENTIALITY NOTE:  The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above.  If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited.  If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system.  Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed.  I am communicating with you by e-mail with your consent.  Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 1:04 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

Andy: I know you are familiar with the Order which states in relevant part:  "Plaintiff shall have free, complete and unfettered access to the Point Click Care program for all of their patients."

Get Outlook for iOS

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 12:08:43 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Scott Pool <pool@gptlaw.net>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

From the client:

7

Hillside is the only facility that currently does not show any patient access at all. It still displays the message: "Client access has been restricted."

Bernard Care Center, Grand Heritage, Hidden Lake, South County, Gietner, and Crestwood are all showing patient lists; however, each of those facilities also displays the same restriction notice stating: "Client access has been restricted."

Get Outlook for iOS

---

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 8:59:12 AM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>
**Subject:** Labonte

Scott and Josh-

Please have the Labonte group test its PCC access this morning and let me know as soon as possible if there are any issues.

Thank you.

Andy


Andy Martone | Martone Legal
600 Emerson Road, Ste 205| St. Louis, MO 63141
Direct: 314-862-0608 | Office: 314-862-0300 | Cell 314.314.1354
andym@martonelegal.com
Please note that our office address has changed.
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.
The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.
Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received

8

this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

# PointClickCare·

Crestwood Health Care Center

Christopher Labonte

**Home**    **Admin**    **Clinical**    **Document Manager**    **Reports**

⌂ ▼ | Search resident, room #, ID #... | **Search** ℹ

## Residents - Current

**All Residents    New    Current    Discharged    Waiting List    Acuity**

Payer Type: Any    Unit: Any    Floor: Any    Primary Physician: 1 selected    Potential for Medicare: NONE ▼ ℹ

Search Current Residents    | Client access has been restricted |

[All][A][B][C][D][E][F][G][H][I][J][K] ... [S][T][U][V][W][X][Y][Z]

| Name | Location | Admission Date | Payer | Status |

Search

☐ All

☐ Almasalmeh, Naser
☐ Arshad, Abdullah
☐ Barnes, Eric (Expired)
☑ Labonte, Christopher
☐ Sutherland, Charles (Expired)
☐ Wu, Xiaoling

**Apply**

[All][A][B][C][D][E][F][G][H][I][J][K] ... [S][T][U][V][W][X][Y][Z]

**Crestwood Health Care Center**
11400 Mehl Avenue
Florissant, MO 63033-7204
Phone: (314) 741-3525
PCC Facility ID: CW

Privacy Policy
Version 4.4.55.4 w
m2jgm
Copyright 2000-20
Inc. All rights reserved.

https://www26.pointclickcare.com/admin/client/clientlist.jsp?


PLAINTIFF'S EXHIBIT
PENGAD 800-631-6989
NO. ▶

1/1

Case: 4:26-cv-00777-MAL    Doc. #: 1-5    Filed: 05/18/26    Page: 75 of 104 PageID #: 97

**PointClickCare**　　　Carrie Elligson Gietner Health Care Center　　　🗨　　　Christopher Labonte

| Home | Admin | **Clinical** | Document Manager | Reports |

🏠 ▼ | Search resident, room #, ID #... | **Search** ℹ

## Residents - Current

All Residents　New　Current　Discharged　Waiting List　Acuity

Payer Type: | Any |　　Unit: | Any |　　Floor: | Any |　　Primary Physician: | 2 selected |　　Potential for Medicare: | NONE ▼ | ℹ

Search Current Residents　　| Client access has been restricted |

Search
- ☐ All
- ☑ Almasalmeh, Naser
- ☑ Arshad, Abdullah
- ☐ Gao, Shawn
- ☐ Labonte, Christopher
- ☐ Sajid, Raj

**Apply**

| All | A | B | C | D | E | F | G | H | I | J | K | L | ... | S | T | U | V | W | X | Y | Z | Next » |

| | Name | Location | | Payer | Status |
|------|------|----------|--|-------|--------|
| edit | Allen, Bruce (2) | 4 405 - A | | Medicaid | Active |
| edit | Almon Ardis, Barbara (3) | 2 200 - A | | Medicaid | Active |
| edit | Appelman, Eric (4) | 2 202 - A | | Medicaid | Active |
| edit | Bardo, Drucilla (5) | 5 501 - B | | Medicaid | Active |
| edit | Barkley, Andrew (6) | 2 216 - A | | Medicaid | Active |
| edit | Bobo, Valgene (9) | 4 410 - A | 10/18/2022 | Medicaid | Active |
| edit | Brinkley, Christine (11) | 4 432 - A | 3/18/2015 | Medicaid | Active |
| edit | Brown, Glenda (12) | 2 211 - A | 2/9/2022 | Medicaid | Active |
| edit | Brown, Raymond (115) | 2 201 - A | 10/27/2025 | Medicaid | Active |
| edit | Byrd, Wendell (165) | 1 100 - A | 2/12/2026 | Medicaid Vendor | Active |
| edit | Conley, Nelson (15) | 1 138 - A | 10/24/2022 | Medicaid | Active |
| edit | Craddock, Susan (16) | 5 507 - A | 11/17/2022 | Medicaid | Active |
| edit | Crutchfield, Carmen (102) | 5 502 - A | 3/19/2025 | Medicaid | Active |
| edit | Davis, Danny (18) | 2 213 - A | 6/20/2025 | Medicaid | Active |
| edit | Gipson, Eddie (24) | 1 113 - A | 2/9/2024 | Medicaid | Active |
| edit | Glasco, Nathan (25) | 2 237 - A | 7/18/2011 | Medicaid | Active |
| edit | Hager II, Jackie (29) | 4 407 - A | 1/7/2013 | Medicaid | Active |
| edit | Harding, Francis (97) | 2 206 - A | 2/14/2025 | Medicaid | Active |
| edit | Henderson, Clay (30) | 1 107 - A | 3/13/2017 | Medicaid | Active |
| edit | Hogue, Vernon (32) | 1 137 - A | 6/9/2025 | Medicaid | Active |

| All | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z | Next » |

Case: 4:26-cv-00777-MAL　　Doc. #: 1-5　　Filed: 05/18/26　　Page: 76 of 104 PageID #: 98　　CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**PLAINTIFF'S EXHIBIT**

NO. 3

PENGAD 800-631-6989

**Carrie Elligson Gietner Health Care Center**
5000 South Broadway
St. Louis, MO 63111-2015
Phone: (314) 752-0000
PCC Facility ID: CEG

Privacy Policy
Version 4.4.55.4 www26-pcc-web-main-5d5577dc5d-
t7mzr
Copyright 2000-2026 PointClickCare Technologies
Inc. All rights reserved.

Case: 4:26-cv-00777-MAL    Doc. #: 1-5    Filed: 05/18/26    Page: 77 of 104 PageID #: 99

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## Scott Pool

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Sunday, May 17, 2026 7:07 PM
**To:** Scott Pool; Josh; Kelly Maxwell
**Cc:** Matt Robinson; Shelby Fowler; Cindy Foster; Vanessa Rosser
**Subject:** RE: Labonte

Scott and Josh-

Thank you for the detailed email.

This appears to be a question of how PCC works rather than a compliance dispute.

The Order directs two (2) things: that Dr. LaBonte have "free, complete and unfettered access" to PCC for his patients, and that patients transferred after February 1, 2026 be "restored back to his medical practice" by 5:00 p.m. on May 16. Defendants have done both.

On the PCC access issue, Dr. LaBonte's login was restored at all eight (8) facilities on May 16. He is now an assigned physician to each of the patients on the list, with full access to their labs, the MAR, progress notes, and order entries. All labs and prescriptions upload directly into PCC and are visible to Dr. Labonte. If your client has identified a specific patient whose chart he can't reach, please send me the name and facility and I will get it addressed.

The "Client Access Restricted" banner is causing some of the confusion. This term does not mean that Dr. Labonte's access to his patients' records is restricted – "Client Access Restricted" is a PCC term that appears for any outside physician who is not the facility's Medical Director. It means Dr. LaBonte has access to the residents he is assigned to and does not have system-wide visibility into residents if he is not listed as one of their physicians. This limitation is required by HIPAA's minimum-necessary rule - it does not block Labonte from any of his own patients' records.

The Court's Order does not require Defendants to change its PCC settings to designate Dr. Labonte as the primary care physician of 300 residents without obtaining their consent. Dr. Labonte and his practice group have been given access to the Defendant Facilities to visit these patients based on the schedule that you provided. Defendant Facilities are still required to obtain the federally required consent from the residents to designate Dr. Labonte as their primary care physician. This is especially true for the Defendant Facilities operating under approved Plans of Correction. Unilaterally overwriting the existing designations overnight without obtaining the residents' consents would violate both.

Please let me know if you would like to discuss.

*Andy*

MARTONE LEGAL
**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141

1



PLAINTIFF'S EXHIBIT NO. F
PENGAD 800-631-6989

Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



MARTONE LEGAL

*Integrity. Mastery. Purpose.*

CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Sunday, May 17, 2026 10:59 AM
**To:** Josh <Josh@schindlerlawfirm.com>; Andy Martone <andym@martonelegal.com>; Scott Pool <pool@gptlaw.net>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte
**Importance:** High

Andy:

The Court ordered that by 5:00 PM on May 16, 2026, Dr. Christopher LaBonte and the LaBonte medical group be restored unfettered access to their patients and facilities through PointClickCare ("PCC"), including restoration of all patients transferred after February 1, 2026 back to Dr. LaBonte's medical practice.

As of this time, that has not occurred.

Reliant has restored limited login visibility into PCC, the affected residents remain attributed to different attending physicians within the system.

That is not compliance with the Court's Order and creates a patient safety and continuity-of-care risk within the long-term care setting.

The Order did not require technical visibility into PCC, it specifically ordered that all patients transferred after February 1, 2026 be restored "back to his medical practice" no later than 5:00 PM on May 16, 2026, and that Plaintiffs be given "free, complete and unfettered access" to PCC for all of their patients.

2

The Order required functional restoration of the physician-patient relationship and operational control of patient care — not merely technical access to view charts.

What Reliant has done is neither consistent with the Order and creates a dangerous patient safety issue and a complete breakdown in continuity of care in the long-term care setting.

For instance, if another physician remains listed as the attending provider of record, any physician entering new orders, changing medications, discontinuing treatment plans, overriding standing orders, or altering care plans would ordinarily be expected under continuity-of-care standards to coordinate with the physician formally assigned to the resident.

The physician listed in PCC is the physician the facility staff recognizes as medically responsible for the resident.

In nursing homes and long-term care facilities, PCC is not only a charting platform, it is the operational command center that directs every layer of patient care communication.

The attending physician designation determines:

• who receives critical lab values
• who receives pharmacy communications
• who receives medication clarification requests
• who receives hospital discharge documentation
• who nursing staff calls during emergencies
• who receives overnight change-in-condition calls
• who receives fall notifications
• who receives wound deterioration notifications
• who receives end-of-life status changes
• who signs and reconciles orders
• who is medically responsible for care coordination

Reliant has left Dr. Abdullah Arshad and Dr. Naser Almasalmeh listed as the attending/primary providers for these residents.

Under these circumstances, placing LMG physicians in the position of attempting to manage patients while different physicians remain assigned as the attending providers creates risk in a nursing home environment.

Unlike outpatient medicine, long-term care facilities function through centralized physician attribution within PCC, meaning staff rely upon a single clearly designated attending physician to direct all aspects of resident care.

These facilities operate 24 hours per day with rotating staffing structures involving:

• day nurses
• night nurses
• agency nurses
• temporary staffing personnel

3

- weekend coverage staff
- medication aides
- floor nurses
- unit managers
- Directors of Nursing
- administrators
- on-call providers
- pharmacy consultants
- laboratory personnel
- hospital discharge coordinators

All of these individuals rely on PCC as the authoritative source identifying who the physician of record is for each resident.

If PCC lists another physician as the attending provider while our physicians are simultaneously attempting to manage care, the risk for medical error increases dramatically.

For example:

- A critical potassium level could be routed to the wrong physician.
- A hospital discharge medication reconciliation could be sent to the wrong provider.
- A narcotic clarification request could go to the wrong physician.
- A patient experiencing acute respiratory decline overnight could result in nursing staff calling the incorrect physician.
- Duplicate or conflicting medication orders could be entered by separate physicians.
- Staff may follow one physician's orders while our providers believe a different plan is in place.
- Pharmacy recommendations may never reach the physician actively attempting to manage the patient.
- Regulatory documentation may reflect conflicting physician attribution.
- Billing submissions may be denied due to overlapping physician encounters and frequency limitations.
- The chain of accountability for patient care becomes fundamentally compromised.

This creates a fundamental conflict regarding medical authority and responsibility.

For example:

- Who has final authority over medication management?
- Who has authority to discontinue or override existing treatment plans?
- Which physician is ultimately responsible for responding to changes in condition?
- Which physician is legally recognized by facility staff as directing the resident's care?
- Which physician receives and acts upon emergent overnight clinical issues?
- Which physician bears liability if conflicting orders are entered?

This is how serious nursing home errors occur.

4

In the long-term care setting, where residents are medically fragile and communication failures can rapidly lead to hospitalization, injury, or death, this level of confusion creates substantial patient safety risk.

The Court ordered unfettered access to our patients. Unfettered access means restoration of actual operational control and continuity of care — not partial system visibility while another physician remains listed as medically responsible.

It is fundamental that Dr. Christopher LaBonte is restored in PCC as the attending/primary physician for his patients.  Otherwise, the facilities will be in a state of fractured physician attribution and clinical confusion that is incompatible with safe long-term care operations.

Asking LMG providers to operate under these circumstances creates substantial and unnecessary patient safety risk, exposes providers to liability, and directly undermines the continuity of care the Court intended to restore.

Please see the attached screenshots that demonstrate:

• the residents have not actually been restored back to Dr. Christopher LaBonte's medical practice as ordered by the Court;
• physician attribution within PCC remains assigned to other providers;
• continuity of care remains fractured; and
• the facilities are still functioning under conflicting physician governance structures.

If full compliance is not immediately achieved, then it will be necessary to raise this issue with court in the morning via a motion to compel/contempt.  Thank you,
Scott


Get Outlook for iOS

---

**From:** Josh <Josh@schindlerlawfirm.com>
**Sent:** Saturday, May 16, 2026 5:57:51 PM
**To:** Andy Martone <andym@martonelegal.com>
**Cc:** Scott Pool <pool@gptlaw.net>
**Subject:** RE: Labonte

Andy.  I know you and Scott are communicating.  But I don't understand why Dr. Labonte does not have the same rights/access to PCC that he had before your client restricted his access to the homes.  Further, I provided you with a list of patients on Thursday, so your client would have plenty of time to log in to PCC and list Dr. Labonte as the physician.   My client needed the time between tonight and Monday to be fully prepared to see patients.  I am not sure what is going on here, and while I am loath to see the judge and argue that your client is in contempt (which it clearly is, as of 45 minutes ago).  Might I suggest that your client figure out why my client does not have full access to PCC and fix it asap?  Then, go into PCC and make sure that Dr. Labonte is listed for the residents I provided to you.

I am around all weekend at 314-799-3199.

5

Joshua M. Schindler
The Schindler Law Firm, P.C.
7710 CARONDELET AVENUE, SUITE 333
CLAYTON, MISSOURI 63105
(314) 862-1411
(314) 862-1701 Facsimile
**PLEASE NOTE: NEW ADDRESS**

NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of, including taking action in reliance upon, this transmission is strictly prohibited. If you have received this transmission in error, please call (314) 862-1411 and destroy all copies of this communication and any attachments.

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 1:46 PM
**To:** Scott Pool <pool@gptlaw.net>; Josh <Josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Cc:** aschwartz@reliantcaremgmt.com
**Subject:** RE: Labonte
**Importance:** High

Scott—

If at this point you do not believe that the Labonte group has been given the access to PCC required by the Court Order, please let me know.

*Andy*

MARTONE LEGAL
**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn

6



MARTONE LEGAL
*Integrity. Mastery. Purpose.*

CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 1:04 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

Andy: I know you are familiar with the Order which states in relevant part:  "Plaintiff shall have free, complete and unfettered access to the Point Click Care program for all of their patients."

Get Outlook for iOS

---

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 12:08:43 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Scott Pool <pool@gptlaw.net>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

From the client:

Hillside is the only facility that currently does not show any patient access at all. It still displays the message: "Client access has been restricted."

Bernard Care Center, Grand Heritage, Hidden Lake, South County, Gietner, and Crestwood are all showing patient lists; however, each of those facilities also displays the same restriction notice stating: "Client access has been restricted."

Get Outlook for iOS

---

7

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 8:59:12 AM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>
**Subject:** Labonte

Scott and Josh-

Please have the Labonte group test its PCC access this morning and let me know as soon as possible if there are any issues.

Thank you.

Andy


Andy Martone | Martone Legal
600 Emerson Road, Ste 205| St. Louis, MO 63141
Direct: 314-862-0608 | Office: 314-862-0300 | Cell 314.314.1354
andym@martonelegal.com
Please note that our office address has changed.
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.
The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.
Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.
Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.
Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or

8

agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

## Scott Pool

**From:** Josh <Josh@schindlerlawfirm.com>
**Sent:** Saturday, May 16, 2026 5:58 PM
**To:** Andy Martone
**Cc:** Scott Pool
**Subject:** RE: Labonte

Andy. I know you and Scott are communicating. But I don't understand why Dr. Labonte does not have the same rights/access to PCC that he had before your client restricted his access to the homes. Further, I provided you with a list of patients on Thursday, so your client would have plenty of time to log in to PCC and list Dr. Labonte as the physician. My client needed the time between tonight and Monday to be fully prepared to see patients. I am not sure what is going on here, and while I am loath to see the judge and argue that your client is in contempt (which it clearly is, as of 45 minutes ago). Might I suggest that your client figure out why my client does not have full access to PCC and fix it asap? Then, go into PCC and make sure that Dr. Labonte is listed for the residents I provided to you.

I am around all weekend at 314-799-3199.

Joshua M. Schindler
The Schindler Law Firm, P.C.
7710 CARONDELET AVENUE, SUITE 333
CLAYTON, MISSOURI 63105
(314) 862-1411
(314) 862-1701 Facsimile
**PLEASE NOTE: NEW ADDRESS**

NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your min~~d~~ communications to be sent in a different fashion, please let me know AT ONCE.

The information contained in this e-mail transmission is legally privileged and confidential informa~~tion~~ the use of the individual or entity named above. If the reader of this transmission is not the inte~~nded~~ hereby notified that any dissemination, distribution, copying, or other use of, including taking action in reliance upon, this transmission is strictly prohibited. If you have received this transmission in error, please call (314) 862-1411 and destroy all copies of this communication and any attachments.

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 1:46 PM
**To:** Scott Pool <pool@gptlaw.net>; Josh <Josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>;

PLAINTIFF'S EXHIBIT NO. G
PENGAD 800-631-6989

1

Kelly Maxwell <kelly@gptlaw.net>
**Cc:** aschwartz@reliantcaremgmt.com
**Subject:** RE: Labonte
**Importance:** High

Scott—

If at this point you do not believe that the Labonte group has been given the access to PCC required by the Court Order, please let me know.

*Andy*

MARTONE LEGAL
**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



MARTONE LEGAL
*Integrity. Mastery. Purpose.*

CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 1:04 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

Andy: I know you are familiar with the Order which states in relevant part: "Plaintiff shall have free, complete and unfettered access to the Point Click Care program for all of their patients."

Get Outlook for iOS

2

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 12:08:43 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Scott Pool <pool@gptlaw.net>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

From the client:

Hillside is the only facility that currently does not show any patient access at all. It still displays the message: "Client access has been restricted."

Bernard Care Center, Grand Heritage, Hidden Lake, South County, Gietner, and Crestwood are all showing patient lists; however, each of those facilities also displays the same restriction notice stating: "Client access has been restricted."

Get Outlook for iOS

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 8:59:12 AM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>
**Subject:** Labonte

Scott and Josh-

Please have the Labonte group test its PCC access this morning and let me know as soon as possible if there are any issues.

Thank you.

Andy

Andy Martone | Martone Legal
600 Emerson Road, Ste 205| St. Louis, MO 63141
Direct: 314-862-0608 | Office: 314-862-0300 | Cell 314.314.1354
andym@martonelegal.com
Please note that our office address has changed.
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.
The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not

3

participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

## Scott Pool

| | |
|---|---|
| **From:** | Scott Pool |
| **Sent:** | Saturday, May 16, 2026 1:56 PM |
| **To:** | Andy Martone; Josh; Matt  Robinson; Kelly Maxwell; Scott Pool |
| **Cc:** | aschwartz@reliantcaremgmt.com |
| **Subject:** | Re: Labonte |

Additionally, the issue is greater than whether LMG can technically access portions of PCC.

The issue is LMG is not provided meaningful operational access allowing it to resume the role of treating physicians of record for its patients.

This is not operationally acceptable, or clinically appropriate.

It is requested Reliant restore the patients back to Christopher LaBonte as the primary/attending physician of record.  Please grant access to HILLSIDE which shows restricted access altogether.

Get Outlook for iOS

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 1:49:44 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>; Scott Pool <pool@gptlaw.net>
**Cc:** aschwartz@reliantcaremgmt.com <aschwartz@reliantcaremgmt.com>
**Subject:** Re: Labonte

Dear Andy:

PCC access is insufficient at this point.

As of today May 16th at 1:29 p.m.:

1. Hillside continues to show "client access has been restricted," meaning we still do not have functional PCC access to that facility.
2. At Bernard Care Center, Grand Heritage, Hidden Lake South County, Gietner, and Crestwood, our patients have been reassigned in PCC to various other physicians, including Dr. Abdullah Arshad and Dr. Naser Almasalmeh.
3. Reliant's current position appears to be that allowing Dr. LaBonte to log into PCC and place orders under patients assigned to other physicians is somehow sufficient compliance with the Court order. It is not.

This creates multiple serious operational, clinical, and compliance problems:



PLAINTIFF'S EXHIBIT

NO. H

1

• The Court ordered unfettered access to our patients.
• Our physicians cannot safely and appropriately resume medical management while another physician is listed as the attending/primary provider in PCC.
• Entering orders on patients assigned to another PCP creates substantial continuity-of-care, attribution, documentation, and order-management concerns.
• It creates a significant risk of conflicting physician oversight and duplicate or contradictory orders.
• It also creates billing and compliance concerns, including frequency limitations and denials if another physician has already rounded or billed these patients.

Get Outlook for iOS

---

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 1:46:15 PM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Cc:** aschwartz@reliantcaremgmt.com <aschwartz@reliantcaremgmt.com>
**Subject:** RE: Labonte

Scott—

If at this point you do not believe that the Labonte group has been given the access to PCC required by the Court Order, please let me know.

*Andy*

MARTONE LEGAL
**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



MARTONE LEGAL
*Integrity. Mastery. Purpose.*

CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers

through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 1:04 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

Andy: I know you are familiar with the Order which states in relevant part:  "Plaintiff shall have free, complete and unfettered access to the Point Click Care program for all of their patients."

Get Outlook for iOS

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 12:08:43 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Scott Pool <pool@gptlaw.net>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

From the client:

Hillside is the only facility that currently does not show any patient access at all. It still displays the message: "Client access has been restricted."

Bernard Care Center, Grand Heritage, Hidden Lake, South County, Gietner, and Crestwood are all showing patient lists; however, each of those facilities also displays the same restriction notice stating: "Client access has been restricted."

Get Outlook for iOS

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 8:59:12 AM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>
**Subject:** Labonte

Scott and Josh-

Please have the Labonte group test its PCC access this morning and let me know as soon as possible if there are any issues.

Thank you.

Andy

3

Andy Martone | Martone Legal
600 Emerson Road, Ste 205| St. Louis, MO 63141
Direct: 314-862-0608 | Office: 314-862-0300 | Cell 314.314.1354
andym@martonelegal.com
Please note that our office address has changed.

CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received

4

this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

**Scott Pool**

| | |
|---|---|
| **From:** | Andy Martone <andym@martonelegal.com> |
| **Sent:** | Saturday, May 16, 2026 1:46 PM |
| **To:** | Scott Pool; Josh; Matt Robinson; Kelly Maxwell |
| **Cc:** | aschwartz@reliantcaremgmt.com |
| **Subject:** | RE: Labonte |

| | |
|---|---|
| **Importance:** | High |

Scott—

If at this point you do not believe that the Labonte group has been given the access to PCC required by the Court Order, please let me know.

*Andy*

MARTONE LEGAL

**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



MARTONE LEGAL
*Integrity. Mastery. Purpose.*

CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 1:04 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

1



PLAINTIFF'S EXHIBIT NO. I
PENGAD 800-631-6889

Andy: I know you are familiar with the Order which states in relevant part: "Plaintiff shall have free, complete and unfettered access to the Point Click Care program for all of their patients."

Get Outlook for iOS

---

**From:** Scott Pool <pool@gptlaw.net>
**Sent:** Saturday, May 16, 2026 12:08:43 PM
**To:** Andy Martone <andym@martonelegal.com>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>; Scott Pool <pool@gptlaw.net>; Kelly Maxwell <kelly@gptlaw.net>
**Subject:** Re: Labonte

From the client:

Hillside is the only facility that currently does not show any patient access at all. It still displays the message: "Client access has been restricted."

Bernard Care Center, Grand Heritage, Hidden Lake, South County, Gietner, and Crestwood are all showing patient lists; however, each of those facilities also displays the same restriction notice stating: "Client access has been restricted."

Get Outlook for iOS

---

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 8:59:12 AM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>
**Subject:** Labonte

Scott and Josh-

Please have the Labonte group test its PCC access this morning and let me know as soon as possible if there are any issues.

Thank you.

Andy


Andy Martone | Martone Legal
600 Emerson Road, Ste 205| St. Louis, MO 63141
Direct: 314-862-0608 | Office: 314-862-0300 | Cell 314.314.1354
andym@martonelegal.com
Please note that our office address has changed.
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you

2

are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

3

## Scott Pool

| | |
|---|---|
| **From:** | Andy Martone <andym@martonelegal.com> |
| **Sent:** | Saturday, May 16, 2026 1:07 PM |
| **To:** | Scott Pool; Josh; Matt Robinson |
| **Cc:** | aschwartz@reliantcaremgmt.com |
| **Subject:** | RE: Labonte |

**Importance:** High

Scott and Josh-

Here is where I think that we are:

1. We have a list of the visits and times Dr. Labonte will be visiting residents starting on Monday.
2. The Labonte group has access to point click care.
3. Dr. Labonte can issue orders for the patients that he visits on PCC.

If Point 3 is not accurate, please let me know and send a screen shot of what happens if a sample order is attempted.

I understand that the PCC system may not list Labonte as the Primary Care Physician. It is my understanding that Dr. Labonte can still issue orders as he visits patients at this point. If this is not accurate, please let us know.

I have also copied Amy McCurry Schwartz on this email. She is Reliant's Chief Regulatory Officer and Healthcare Counsel.

*Andy*

MARTONE LEGAL

**Andrew J. Martone | Martone Legal, LLC**
600 Emerson Road, Suite 205 | St. Louis, MO 63141
Direct: 314-862-0608 | Fax: 314-862-7010 | Cell: 314-341-1354
andym@martonelegal.com | LinkedIn



MARTONE LEGAL
*Integrity. Mastery. Purpose.*



CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

**From:** Andy Martone
**Sent:** Saturday, May 16, 2026 8:59 AM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>
**Subject:** Labonte

Scott and Josh-

Please have the Labonte group test its PCC access this morning and let me know as soon as possible if there are any issues.

Thank you.

Andy


Andy Martone | Martone Legal
600 Emerson Road, Ste 205| St. Louis, MO 63141
Direct: 314-862-0608 | Office: 314-862-0300 | Cell 314.314.1354
andym@martonelegal.com
Please note that our office address has changed.

CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.
The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.
Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

2

## Scott Pool

| | |
|---|---|
| **From:** | Scott Pool |
| **Sent:** | Saturday, May 16, 2026 12:09 PM |
| **To:** | Andy Martone; Josh; Matt  Robinson; Scott Pool; Kelly Maxwell |
| **Subject:** | Re: Labonte |

From the client:

Hillside is the only facility that currently does not show any patient access at all. It still displays the message: "Client access has been restricted."

Bernard Care Center, Grand Heritage, Hidden Lake, South County, Gietner, and Crestwood are all showing patient lists; however, each of those facilities also displays the same restriction notice stating: "Client access has been restricted."

Get Outlook for iOS

---

**From:** Andy Martone <andym@martonelegal.com>
**Sent:** Saturday, May 16, 2026 8:59:12 AM
**To:** Scott Pool <pool@gptlaw.net>; Josh <josh@schindlerlawfirm.com>; Matt Robinson <mattr@martonelegal.com>
**Subject:** Labonte

Scott and Josh-

Please have the Labonte group test its PCC access this morning and let me know as soon as possible if there are any issues.

Thank you.

Andy

Andy Martone | Martone Legal
600 Emerson Road, Ste 205| St. Louis, MO 63141
Direct: 314-862-0608 | Office: 314-862-0300 | Cell 314.314.1354
andym@martonelegal.com
Please note that our office address has changed.
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 862-0300 and delete this message from your system. Thank you.

PLAINTIFF'S
EXHIBIT
PENGAD 800-631-6989
NO. K

1

The Missouri Bar requires Missouri attorneys to notify all e-mail recipients that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communication may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which the e-mail is passed. I am communicating with you by e-mail with your consent. Please advise me immediately if you do not wish to continue to use e-mail for communication.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

Please Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

CHRISTOPHER T. LABONTE, M.D.,　　）
LLC, d/b/a LABONTE MEDICAL　　　　）
GROUP, et al.,　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　）
　　　Plaintiffs,　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　）
　　v.　　　　　　　　　　　　　　　　　）　Case No. 26SL-CC03017
　　　　　　　　　　　　　　　　　　　　）
RELIANT CARE MANAGEMENT　　　）
COMPANY, LLC, et al.,　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　）
　　　Defendants.　　　　　　　　　　　）

## PLAINTIFFS' MOTION TO SHORTEN TIME

COME NOW Plaintiffs, by and through their attorneys, Scott R. Pool of Gibbs Pool and Turner, P.C. and Joshua Schindler of Schindler Law Firm, and hereby respectfully request this Court to shorten time for the notice of hearing on Plaintiffs' Motion for Contempt and for Sanctions and Application to Show Cause, and to hear this matter on _____, at ____ or as soon thereafter as the parties may be heard.

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.

_____
Scott R. Pool　　　　　　　#42484
3225 Emerald Lane, Suite A
Jefferson City, Missouri 65109-6864
Tel: (573) 636-2614
Fax: (573) 636-6541
Email: pool@gptlaw.net
*Attorneys for Plaintiffs*

## Certificate of Mailing

The undersigned swears that a copy of the foregoing was served via hand delivery on May 18, 2026, to:

Andrew Martone, Matthew Robinson and
Kateri Busiek
600 Emerson Road #205
Creve Coeur, MO 63141
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

Scott R. Pool

Cc:    Josh Schindler
       stacy.hawkins@courts.mo.gov – Division 18

2