Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| CHRISTOPHER T. LABONTE, M.D., LLC d/b/a LABONTE MEDICAL GROUP, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Cause No. 26SL-CC03017 |
| RELIANT CARE MANAGEMENT COMPANY, LLC, *et al.*, | ) | Division 18 |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on May 18, 2026, Defendants Reliant Care Management Company, LLC, American Medical Administrators, Abdullah Arshad, M.D., Bernard Care Center, LLC, Carrie Elligson Gietner Health Care Center, LLC, Crestwood Health Care Center, LLC, Grand Manor Health Care Center, LLC, Heritage Care Center of Berkeley, LLC, Hidden Lake Health Care Center, LLD, Hillside Health Care Center, LLC, and South County Health Care Center, LLC (collectively "Defendants") filed a Notice of Removal of this action from the Circuit Court of St. Louis County, Missouri ("State Court") to the United States District Court for the Eastern District of Missouri. A copy of said Notice of Removal is attached.

Please take further notice that the filing of the Notice of Removal in the United States District Court for the Easter District of Missouri, along with the filing of this Notice, effectuates the removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446. The above-

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

captioned case may proceed no further unless the case is remanded, and the State Court shall therefore take no further action.

Respectfully Submitted,

**MARTONE LEGAL, LLC**

By: *_/s/ Andrew J. Martone_*
Andrew J. Martone, #37382MO
Matthew B. Robinson, #52954MO
Kateri Busiek, #76571MO
600 Emerson Road, Suite 205
Creve Coeur, Missouri 63141
Telephone: (314) 862-0300
Facsimile: (314) 862-7010
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court this 18th day of May 2026, to be served by operation of the Court's electronic filing system on:

Joshua M. Schindler
THE SCHINDLER LAW FIRM,. P.C.
E-mail: josh@schindlerlawfirm.com

Scott R. Pool
GIBBS POOL AND TURNER, P.C.
Email: pool@gptlaw.net

*Attorneys for Plaintiffs*

*_/s/ Andrew J. Martone_*

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CHRISTOPHER T. LABONTE, M.D., LLC,
d/b/a LABONTE MEDICAL GROUP,
CHRISTOPHER T. LABONTE, M.D.,
ERIC BAGGSTROM, M.D., and
GARY QUILLEN, ANP,

Plaintiffs,

v.

RELIANT CARE MANAGEMENT COMPANY, LLC, AMERICAN MEDICAL ADMINISTRATORS, ABDULLAH ARSHAD, M.D., BERNARD CARE CENTER, LLC, CARRIE ELLIGSON GIETNER HEALTH CARE CENTER, LLC, CRESTWOOD HEALTH CARE CENTER, LLC, GRAND MANOR HEALTH CARE CENTER, LLC, HERITAGE CARE CENTER OF BERKELEY, LLC, HIDDEN LAKE HEALTH CARE CENTER, LLC, HILLSIDE HEALTH CARE CENTER, LLC, AND SOUTH COUNTY HEALTH CARE CENTER, LLC,

Defendants.

Case No. 4:26-cv-000777

**JURY TRIAL DEMANDED BY PLAINTIFFS**

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Reliant Care Management Company, LLC, American Medical Administrators, Abdullah Arshad, M.D., Bernard Care Center, LLC, Carrie Elligson Gietner Health Care Center, LLC, Crestwood Health Care Center, LLC, Grand Manor Health Care Center, LLC, Heritage Care Center of Berkeley, LLC, Hidden Lake Health Care Center, LLD, Hillside Health Care Center, LLC, and South County Health Care Center, LLC, being all the properly joined and served defendants (collectively, “Defendants”), by and through counsel, remove the action currently pending in Division 18 of the Circuit Court of St. Louis County, Missouri, and styled *Christopher T. LaBonte, M.D., LLC d/b/a LaBonte Medical Group, et al. v.*

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

*Reliant Care Management Company, LLC, et al.*, Case No. 26SL-CC03017 ("State Action"), to the United States District Court for the Eastern District of Missouri, Eastern Division, under 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1450.

## I. Plaintiffs Have Converted This Case Into a Federal Residents' Rights Action Enforcing 42 U.S.C. § 1396r and 42 C.F.R. § 483.10.

1. Plaintiffs began this case as a Missouri tortious interference and negligence *per se* action arising from Defendants' revocation of Plaintiffs' facility privileges at eight skilled-nursing facilities (the "Defendant Facilities"). Plaintiffs are an outside physician practice, two physicians, and an advanced nurse practitioner. None of them is a resident, family member of a resident, or legal representative of a resident.

2. After Defendants pointed out that third-party providers lack standing to bring claims based on residents' rights, Plaintiffs reframed their action and on May 11, 2026, Plaintiffs filed a Trial Brief on Residents' Unrestricted Rights in the State Action (the "May 11 Brief"), that asked the Circuit Court to enforce specific federal rights belonging to residents under the Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1396r, and CMS regulation 42 C.F.R. § 483.10.

3. On May 13, 2026, the Circuit Court granted a preliminary injunction (the "May 13 Order") that did what Plaintiffs asked, adjudicating the meaning of 42 C.F.R. § 483.10, rejecting the CMS/DHSS survey-and-certification process as the proper enforcement vehicle for those rights, and imposing federal-regulatory relief inconsistent with accepted Plans of Correction issued by the Department of Health and Senior Services ("DHSS") under 42 C.F.R. Part 488.

4. The May 11 Brief and the May 13 Order trigger removal under 28 U.S.C. § 1446(b)(3) because they shifted the issues in their case and made clear, for the first time, that adjudication of this case requires the resolution of substantial, disputed federal questions. *Grable*

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

*& Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), and *Gunn v. Minton*, 568 U.S. 251 (2013).

5. These federal questions include: (i) the meaning of federal residents' rights provisions; (ii) who may enforce them; (iii) whether a non-resident provider may obtain remedies under them; and (iv) whether a state court may impose mandatory relief that overrides Plans of Correction issued through the federal-state survey-and-correction framework. This Court has previously recognized that materially similar state-law claims raise substantial federal questions. *See Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299 SNLJ, 2017 WL 633815 (E.D. Mo. Feb. 16, 2017).

6. Defendants file this Notice within thirty (30) days of filing and receipt of the May 11 Brief and the May 13 Order. Removal is timely, and this action is properly before this Court.

## II. **Removal is Procedurally Proper and Timely.**

7. This Court has original federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiffs' claims and the relief they obtained as defined by the May 11 Brief and the May 13 Order necessarily raise disputed and substantial questions of federal law, specifically the FNHRA, 42 U.S.C. § 1396r, and CMS regulation 42 C.F.R. § 483.10.

8. Removal is authorized under 28 U.S.C. § 1441(a) and this Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).

9. Venue is proper in the Court because the State Action is pending in St. Louis County, Missouri, which lies within the Eastern District of Missouri, Eastern Division. 28 U.S.C. § 1441(a).

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

10. Removal is timely under 28 U.S.C. § 1446(b)(3). Although Plaintiffs' initial pleading was not removable, removability was first ascertainable from the May 11 Brief—an "other paper" within the meaning of § 1446(b)(3)—and which was confirmed by the May 13 Order. Defendants filed this Notice within thirty (30) days of receiving each. *See Knudson v. Sys. Painters, Inc.,* 634 F.3d 968, 974 (8th Cir. 2011) (removal clock runs after removability is ascertainable on the face of the relevant paper).

11. Undersigned counsel represents all of the Defendants who have been properly joined and served, and all Defendants consent to this removal.

12. A copy of the State Action docket and entire State Action file, which includes copies of all process, pleadings, and orders served on Defendants in the State Action, are attached to this Notice as required by 28 U.S.C. § 1446(a) and E.D.Mo. L.R.. 2.03. See Exhibits A and B.

13. In compliance with the Eastern District of Missouri Removal Case Check List, Defendants have attached to this Notice as Exhibit C, a list of all motions currently pending in the State Action, along with copies of the motions and any responsive briefing.

14. Promptly after filing this Notice, Defendants will give written notice to all adverse parties and file a copy of this Notice with the Clerk of the Circuit Court of St. Louis County, Missouri. 28 U.S.C. § 1446(d).

## III. DHSS Already Resolved the Alleged Violations Through Accepted Plans of Correction.

15. The Defendant Facilities are eight licensed skilled-nursing facilities subject to the FNHRA and 42 C.F.R. Part 483, together with their management company and related entities and unrelated entities whom Plaintiffs sued.

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

16. Plaintiffs' Petition pleads four counts: Count I for a temporary restraining order, Count II for preliminary and permanent injunctive relief, Count III for tortious interference with business expectancy, and Count IV for negligence per se.

17. Defendants opposed relief on federal and state grounds, including Plaintiffs' lack of standing (because (i) 42 C.F.R. § 483.10(d) and 42 U.S.C. § 1396r(c) protect residents, not outside providers); (ii) and the basis of the primary jurisdiction of the CMS/DHSS survey and certification process as the congressionally prescribed mechanism for investigating alleged resident-rights violations were; (iii) 42 C.F.R. § 483.10(d)(2), (4), and (5) permit a facility to seek alternate physician participation when the chosen physician refuses or fails to meet Part 483 requirements; and (iv) because Defendants' actions were justified by federal physician services requirements under 42 C.F.R. § 483.30; (v) the Court's circumventing the DHSS process, deprives Defendants of their property rights without due process of law.

18. DHSS investigated complaints at Defendant Facilities Bernard Care Center and Heritage Care Center, issued Statements of Deficiencies under (42 C.F.R. § 483.10(d)(1)–(5) and accepted their Plans of Correction that required resident-centered corrective measures, which did not require reinstatement of Plaintiffs' privileges, and which prevented the transfer of residents to other facilities who wished to remain patents of Plaintiffs.

19. Plaintiffs' May 11 Brief reframed the case as a federal residents' rights action. The brief is titled Plaintiffs' Trial Brief on Residents' Unrestricted Rights. It invokes 42 C.F.R. § 483.10, 42 U.S.C. § 1396r(b)(1)(A), 42 U.S.C. § 1396r(c)(1)(A)(i), 42 U.S.C. § 1396r(c)(3)(A), and William Penn Care Center, DAB CR552 (H.H.S. Oct. 21, 1998) and expressly asked the state court to enforce federal residents' rights against Defendants

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

20. The May 13 Order would override the Plans of Correction accepted by DHSS because the Order directs Defendants to reinstate Plaintiffs' privileges, provide "free, complete and unfettered" PointClickCare access, and limit resident transfers—none of which DHSS required. While the Order acknowledges that "a plan of correction has been accepted by the State" it imposes a different and inconsistent judicial remedy.

## IV. <u>This Case Falls Within *Grable's* "Special and Small Category" of State Law Cases That Necessarily Raise Substantial Federal Issues</u>.

21. Federal jurisdiction exists over a state-law claim when a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 314. If even one claim in the complaint involves a substantial federal question, the entire matter may be removed. *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). All four *Grable*/*Gunn* factors are satisfied here.

22. A federal issue is necessarily raised when it is a necessary element of the well-pleaded claim or the requested relief. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). The Eighth Circuit has applied that standard to find federal-question jurisdiction over state-law claims that seek relief requiring interpretation and application of federal regulations. *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922–24 (8th Cir. 2023), *aff'd on other grounds*, 604 U.S. 22, 145 S. Ct. 41 (2025).

23. The injunctive relief Plaintiffs sought and the relief the Circuit Court granted cannot be justified or supervised without relying on the measures of 42 U.S.C. § 1396r and 42 C.F.R. § 483.10, determining who has standing to enforce them, and which remedies federal law permits when a facility determines that a resident's preferred physician lacks privileges or does not meet Part 483 requirements. The necessary federal issues include:

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

a. Whether 42 U.S.C. § 1396r(c)(1)(A)(i) and 42 C.F.R. § 483.10(d) create rights enforceable in a provider-filed action;

b. Whether a non-resident provider may invoke residents' federal rights to obtain restoration of facility privileges, restoration of patients, and unfettered electronic medical-record access;

c. Whether § 483.10(d)(2), (4), and (5) permit a facility to seek alternate physician participation when a resident's chosen physician refuses or fails to meet Part 483 requirements;

d. Whether the federal "immediate access" language upon which Plaintiffs rely overrides both credentialing decisions made by the Defendant Facilities and the DHSS acceptance of Defendant Facilities Plans of Correction; and

e. Whether accepted Plans of Correction issued under 42 C.F.R. Part 488 have legal effect that precludes inconsistent state-court relief.

24. These federal issues are at the core of this case. Plaintiffs contend and the Court ruled that the FNHRA and CMS regulations create enforceable residents' rights that override Defendants' privilege and credentialing decisions, their resident agreements, credentialing limitations, and the Plans of Correction accepted by DHSS. Defendants' position is that these federal provisions protect residents rather than providers; that they preserve facility authority to seek alternate physician participation when a physician refuses or fails to meet regulatory requirements; and that they are administered through the CMS/DHSS survey, certification, enforcement, plan-of-correction, informal-dispute-resolution, and review process and that a Court may not override or rewrite a DHSS-accepted Plan of Correction.

25. These federal issues are also substantial under *Gunn*, 568 U.S. at 260, because the Order overrides accepted federal Plans of Correction. DHSS, acting under federal authority delegated by CMS, accepted Plans of Correction, and required resident-centered remedies and not provider-restoration remedies. The Order substitutes a different and inconsistent judicial plan of correction, overruling and rewriting the Plans of Correction accepted by DHSS.

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

26. Whether a state court may do so directly implicates the integrity of the federal-state survey-and-certification framework under 42 C.F.R. §§ 488.402 and 488.408. This Court has held that whether a federal agency has properly carried out its statutory duties inherently presents a substantial and disputed federal question supporting federal jurisdiction. *Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299 SNLJ, 2017 WL 633815, at *3 (E.D. Mo. Feb. 16, 2017). The Eighth Circuit has reached the same conclusion where state-law claims attack a federally approved regulatory program. *Pet Quarters*, 559 F.3d at 779–80.

27. This is not a dispute of fact. The controlling questions -- who may enforce FNHRA/CMS residents' rights, whether providers may obtain remedies under them, whether facility privilege and access decisions are displaced by 42 C.F.R. § 483.10, and what legal effect accepted Plans of Correction have when a court imposes inconsistent relief-affect the federal system's nationwide administration of Medicare and Medicaid participation requirements.

28. Exercising jurisdiction will not disturb the federal-state balance**.** Defendants do not contend that every nursing-home negligence case, every tortious-interference claim involving a physician, or every state-law claim referencing a CMS regulation is removable. This case rests on an unusual sequence:

a. Plaintiffs filed the May 11 Brief expressly premised on federal residents' rights, not provider rights;

b. The Circuit Court issued the May 13 Order expressly applying 42 C.F.R. § 483.10;

c. The Order rejected Defendants' argument that the CMS/DHSS process is the enforcement vehicle for those rights; and

d. The Order imposed mandatory remedies that conflict with accepted Plans of Correction issued under 42 C.F.R. Part 488.

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

29. Recognizing jurisdiction in this narrow circumstance will not open the federal courts to a large class of traditional state-law cases. It will protect the federal regulatory framework where it has already operated.

30. Section 1446(b)(3) permits removal within thirty days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The May 11 Brief is an "other paper" within the meaning of the statute and the May 13 Order is an "order" within the meaning of the statute.

31. The May 13 Order independently triggered removal**.** The Order interprets 42 C.F.R. § 483.10, adjudicates residents' federal rights and orders relief that is inconsistent with the Plans of Correction approved by DHSS. See Knudson, 634 F.3d at 974.

32. The Supreme Court recently reaffirmed that federal question jurisdiction depends on "the substance of the suit—the legal basis of the claims (federal or state?)." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39, 145 S. Ct. 41, 54 (2025). What plaintiffs do through their filings affects jurisdiction and Plaintiffs and the Court converted this case into a federal residents' rights action on May 11, 2026 and May 13, 2026.

33. This Court has supplemental jurisdiction over Plaintiffs' related state-law claims under 28 U.S.C. § 1367(a). The tortious interference and negligence *per se*, issues arise from the same nucleus of operative fact as the federal issues supporting removal: the transition of residents from Plaintiffs to other physicians, facility access, PointClickCare access, resident communications, DHSS citations, and accepted Plans of Correction. *Gibbs*, 383 U.S. at 725; *Int'l Coll. of Surgeons*, 522 U.S. at 165.

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

34. Defendants intend to seek federal review of the May 13 Order by motion to stay, dissolve, or modify the injunction and do not waive any objection to the Order by filing this Notice. Defendants expressly preserve all rights to challenge the Order under Federal Rule of Civil Procedure 65, 28 U.S.C. § 1450, federal due-process principles, federal preemption and primary-jurisdiction principles, HIPAA/privacy rules, and the CMS/DHSS survey-and-enforcement framework.

**WHEREFORE,** Defendants hereby remove this action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, and respectfully request that this Court assume jurisdiction over the action and all further proceedings.

Respectfully Submitted,

**MARTONE LEGAL, LLC**

By: *__/s/ Andrew J. Martone__*
Andrew J. Martone, #37382MO
Matthew B. Robinson, #52954MO
Kateri Busiek, #76571MO
600 Emerson Road, Suite 205
Creve Coeur, Missouri 63141
Telephone: (314) 862-0300
Facsimile: (314) 862-7010
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

***Attorneys for Defendants***

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court this 18th day of May 2026, and served on the following by both electronic mail and by depositing same with the U.S. Postal Service, first class, postage prepaid, addressed to the following:

Joshua M. Schindler
THE SCHINDLER LAW FIRM,.
P.C.
7710 Carondelet Ave., Suite 333
St. Louis, MO 63105
E-mail: josh@schindlerlawfirm.com

*Attorneys for Plaintiffs*

Scott R. Pool
GIBBS POOL AND TURNER, P.C.
3225 Emerald Lane, Suite A
Jefferson City, MO 65109-8864
Email: pool@gptlaw.net

______*/s/ Andrew J. Martone*________

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTOPHER T. LABONTE, M.D., LLC d/b/a LABONTE MEDICAL GROUP, et al.,

**(b)** County of Residence of First Listed Plaintiff: St. Louis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

see attached

## DEFENDANTS

RELIANT CARE MANAGEMENT COMPANY, LLC, et al.,

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

see attached

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Removal under 28 U.S.C. Sect. 1446(b)(3) based on federal question under the Federal Nursing Home Reform Act ("FNHRA")

Brief description of cause:
Plaintiff physicians group seeks injunctive and remedial relief for alleged violation of resident rights under the FNHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 5/18/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Andrew J. Martone

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

**ATTACHMENT TO CIVIL COVER SHEET**

<u>**Attorneys for Plaintiffs**</u>**:**

Scott R. Pool (Mo. Bar #42484)
GIBBS POOL AND TURNER, P.C.
3225 Emerald Lane, Suite A
Jefferson City, MO 65109-8864
Telephone: (573) 636-2614
Facsimile: (573) 636-6541
Email: pool@gptlaw.net

Joshua M. Schindler (Mo. Bar #37891)
THE SCHINDLER LAW FIRM,. P.C.
7710 Carondelet Ave., Suite 333
St. Louis, MO 63105
Telephone: (314) 862-1411
Facsimile: (314) 862-1701
E-mail: josh@schindlerlawfirm.com

<u>**Attorneys for Defendants**</u>**:**

Andrew J. Martone, #37382MO
Matthew B. Robinson, #52954MO
Kateri Busiek, #76571MO
MARTONE LEGAL, LLC
600 Emerson Road, Suite 205
Creve Coeur, Missouri 63141
Telephone: (314) 862-0300
Facsimile: (314) 862-7010
andym@martonelegal.com
mattr@martonelegal.com
katerib@martonelegal.com

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 05:41 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHRISTOPHER T. LABONTE, M.D., LLC d/b/a LABONTE MEDICAL GROUP, et al., , Plaintiff, | ) | |
| v. | ) | Case No. 4:26-cv-000777 |
| RELIANT CARE MANAGEMENT COMPANY, LLC, et al., , Defendant, | ) | |

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐ THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER ____________________ AND ASSIGNED TO THE HONORABLE JUDGE ______________________________.

☐ THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS ____________________ AND THAT CASE WAS ASSIGNED TO THE HONORABLE ________________________. THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒ NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 05/18/2026

/s/ Andrew J. Martone
Signature of Filing Party