**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER T. LABONTE, M.D., LLC, d/b/a LABONTE MEDICAL GROUP, et al.,** | ) <br> ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| **v.** | ) **Case No. 4:26-CV-00777 MAL** <br> ) |
| **RELIANT CARE MANAGEMENT COMPANY, LLC, et al.,** | ) <br> ) <br> ) |
| **Defendants.** | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF REMOVAL AND**
**MOTION TO REMAND**

COME NOW Plaintiffs, by and through their attorneys, Scott R. Pool of Gibbs Pool and Turner, P.C. and Joshua Schindler of the Schindler Law Firm, and for their Response to Defendants' Notice of Removal and/or Motion to Remand, state as follows:

**Introduction**

On April 15, 2026, Defendants filed a Motion to Dismiss (the "Motion"), in state court, asserting that both Missouri and Federal law warranted full and final disposition of Plaintiffs' claims. See Defs. Notice of Removal 5, 17, ECF No. 1.

On May 18, 2026, Defendants filed their Notice of Removal, alleging federal jurisdiction was first ascertainable (as to the presence of a federal question) after reviewing Plaintiffs' Trial Brief on Residents' Unrestricted Rights (the "May 11 Brief"), or the state court's "May 13 Order" agreeing therewith.

Removal on this theory is without precedent; but, the simpler path here, is also correct. If Defendants cannot prove Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction ("Petition") could have been filed in Federal Court, they have not met their burden as to the necessary showing of federal jurisdiction. Alternatively, if Defendants prove the Petition could have been filed in Federal Court based on the need to interpret federal law (and 42 C.F.R. § 483.10 specifically, as set out below), then Defendants have waived their right to remove this matter to Federal Court, by failing to assert this right for 33 days (and, alternatively, by filing a substantive motion in state court).

In other words, there is no legitimate scenario wherein Plaintiffs' claims would not be remanded to state court, and Defendants must base their Notice of Removal on the creation of a third scenario; one that only exists by way of a gross misapplication of 28 U.S.C. § 1446(b)'s "ascertainment" reference, to renew their time to seek removal.

More specifically, Defendants do not attempt to meet their burden of proving federal jurisdiction (and compliance with all removal requirements), by referencing the face of the actual complaint (whether it is well-pled, asserts a federal claim, turns on federal law, or otherwise). Rather, they suggest the May 11 Brief and May 13 Order constitute an amendment of the Petition, and support this novel form of pleading by merely pointing to their references to a federal regulation. However, such regulation was cited no less than eight times in the Petition, as well as

2

Defendants' Motion to Dismiss (claiming it was relied on to plead Plaintiffs' Count IV, for negligence per se).

## Legal Standard

Federal district courts may exercise removal jurisdiction only where they would have had original jurisdiction had the suit initially been filed in federal court. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000).

Usually, the presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Rarely, a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law because the vindication of a state law right necessarily turns on a question of federal law. See *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Regardless, Defendants have the burden to establish federal jurisdiction, see *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002), with all doubts resolved in favor of remand, see *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007), as well as the timeliness of their removal.

3

## Analysis

Defendants do not assert that the Petition states a federal claim. Instead, they seek to prove Federal jurisdiction by arguing Plaintiffs' state law claims necessarily raise a federal issue, under *Grable*. <u>See</u> Defendants' Notice of Removal, Doc. No. 1, at 2, par.4.

For a "federal issue" to be "necessarily raised," *Gunn v. Minton*, 568 U.S. 251, 258 (2013), the "mere presence of a federal issue in a state cause of action" is insufficient; the pertinent "question of federal law" must be "a necessary element of one of the well-pleaded state claims." *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 176 (2d Cir. 2004) (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). A "state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." *Grable*, 545 U.S. at 314); <u>see also</u> *Thermalcraft, Inc. v. U.S. Sprint Commc'ns Co. P'ship*, 779 F. Supp. 1039, 1042 (W.D. Mo. 1991) (concluding that where the duties and liabilities of the defendant, with respect to the provision of the underlying services, are set by federal statute/regulation; that federal, not state, law provides the basis for deciding the claims).

Assuming, arguendo, that Defendants have met their burden to prove Federal jurisdiction in this way, Defendants' argument similarly proves that the Petition was removable at all relevant times. No amendment thereof has occurred, such that any federal questions referenced in Defendants' Notice of Removal (i.e. as

a question requiring resolution in order to adjudicate Plaintiffs' claims), were present prior to any subsequent briefing in support of the pleading.

Defendants merely allege that federal questions are now "ascertainable on the face of the relevant paper." Def. Notice 4, ECF No. 1. This, however, is a complete misrepresentation of the reasoning, much less the holding, of its cited case, i.e., *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011). It also completely misrepresents the "May 11 Brief" and the "May 13 Order" as asserting or ruling on new matters.[1] More specifically, Defendants allege the May 11 Brief (but not the Petition) seeks enforcement of federal law, including 42 C.F.R. § 483.10. Defs. Notice 2, ECF No. 1.

However, Plaintiffs' Petition cites Defendants' violation of 42 C.F.R. § 483.10 at page seven (general allegations), page sixteen (describing the relief sought under its primary claim for permanent injunction), page seventeen ("Defendants' actions constitute a direct violation of federally protected rights under 42 C.F.R. 483.10…."), page eighteen and four times on page nineteen (Plaintiffs' negligence per se claim, specifically based on violations of this federal regulation/law). See Supp. 371-394, ECF No. 3.

Moreover, page two of Defendants' own Motion states that the "Petition relies on 42 C.F.R. § 483.10(d), a resident-rights regulation…." Supp. 331, ECF No. 3. This is the same regulation that Defendants now cite as making removability "ascertainable."

_____

[1] The May 11 Brief was filed in response to Defendants' Second Supplemental Trial Brief in Opposition to Plaintiffs' Request for Injunctive Relief where, among other things, Defendants asserted its right to preclude Plaintiff from the practice medicine because it is the property owner.

The framework for delayed removal is simple. If the case stated by the initial pleading **is not removable**, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.... 28 U.S.C. § 1446(b) (emphasis added). In other words, adding more removable claims does not re-set the removal deadline. *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir. 1982); *Dahl, 478 F.3d 965, 970.* "As this plain language makes clear, the revival exception applies only when the initial complaint was not removable and only if some later pleading or other paper makes the case removable *for the first time." Spencer v. Duncaster, Inc.,* 54 F. Supp. 3d 171, 174 (2014) (emphasis original). See *Dunn v. Gaiam, Inc.,* 166 F. Supp. 2d 1273, 1279-1280 (C.D. Cal. 2001) (defendants' prior failure to remove the action in a timely manner constituted a waiver of their right to remove that was not revived by Plaintiffs' addition of defendants and of a RICO claim, which did not alter the nature of the case so as to revive the right to remove).[2]

In other words, Defendants' application of 28 U.S.C. § 1446(b) is itself a gross misrepresentation of the law. As stated above, Defendants cite *Knudson* for the proposition that a "relevant paper" can revive a waived removal right. However,

---

[2]Defendants cannot in good faith argue, given the plethora of citations to the Code of Federal Regulations in the Petition, that they could not "ascertain" from Plaintiffs' papers that the case was removable.  See *Vermont v. 3M Co.*, 152 F.4th 103 (2d Cir. 2025) (distinguishing when federal officer removal is not readily ascertainable); See also *Collora v. R.J. Reynolds Tobacco Co.*, 428 F. Supp. 2d 1018, 1022 (E.D. Mo. 2006) (discussing reasonable notice). But, to the extent that Defendants attempt to argue this frivolous point, at pages nine and ten of the Petition, not only do Plaintiffs cite Section 483.10(d) of the Code of Federal Regulations, but also quote from a Department of Health and Human Services holding relative to its interpretation of the Code. Supp. 379-380, ECF No. 3.

*Knudson* does not stand for the proposition that a brief can serve to amend the pleadings or provide notice of removability on federal questions. It, as every other case counsel has found analyzing the issue, limits this revival to factual updates that go to clarifying jurisdictional issues which needn't be pled in state court (i.e. jurisdictional amounts, residency/diversity matters). Defendants seek to use the "other" documents reference therein, as a tool to end-run black letter law regarding removal deadlines, by claiming ignorance of the fundamental elements of the claims brought against them is the same as not knowing the value of damages claimed, and/or that a brief/memo somehow amended a pleading.

### Waivers

If Defendants meet their burden of proof regarding federal jurisdiction based on 42 C.F.R. § 483.10, they waived removal by failing to assert this right by May 15, 2026 (i.e. within 30 days of filing their Motion to Dismiss Plaintiffs' claims based on substantive law, both federal and state).

Missouri law provides the method a defendant must follow to avoid waiver of jurisdictional defenses while arguing the merits of a matter:[3]

> "[I]f a defendant first challenges the court's jurisdiction, he may then: 'enter and probe into the merits of the case without the necessity of making the time-honored 'special appearance' or reserving the jurisdictional point at each stage of the procedure. Having once hoisted the flag at the beginning of the journey, a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route."
> *Farris v. Boyke,* 936 S.W.2d 197, 203 (Mo. App. S.D. 1996) (quoting *Walker v. Gruner,* 875 S.W.2d 587, 589 (Mo. App. E.D. 1994)).

---

[3] A defendant "may join other motions with a motion challenging jurisdiction over the person and, if the challenge is unsuccessful in the trial court, the defendant can defend on the merits without waiving the right to pursue the issue of personal jurisdiction on appeal." *State ex rel. White v. Marsh,* 646 S.W.2d 357, 361 (Mo. banc. 1983).

Defendants' Motion did not assert insufficiency of process or service thereof. Because Defendants did not "hoist" the flag, they instead waived the right to challenge these issues, per Missouri Rule 55.27(g). Defendants did not merely fail to appear in court or respond to Plaintiffs' claims, as in *Crouch v. Crouch*, 641 S.W.2d 86, 92 (Mo. 1982), Defendants entered their appearance, and waived service in order to file a substantive motion to dismiss, and then argued that motion before the court, all without even hinting at personal jurisdiction issues. Caselaw surveyed by the *Crouch* court found such action to have waived such matters:

> "*E.g., Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697 (6th Cir.1978) (defendant filed appearance and motion to dismiss based upon statute of limitations and thereafter attempted to raise jurisdictional defense); *Bethlehem Steel Corp. v. Devers,* 389 F.2d 44 (4th Cir.1968) (defense neither raised in a motion nor pleaded in defendant's answer); . . . *Cf. Zelson v. Thomforde,* 412 F.2d 56 (3d Cir.1969) (trial court erred in dismissing case on its own motion for lack of personal jurisdiction when defendant filed motion to dismiss and did not raise jurisdictional defense)."
> Id.

Therefore, the 30-day removal period ended no later than May 15, 2026 (before Defendants filed this Notice of Removal). See *Monsanto Co. v. Magnetek, Inc.*, 126 F.4th 1324, 1327 (8th Cir. 2025)(finding that where a waiver agreement is made; the time to file begins on the date of execution, not any later, mutually agreed/arbitrary date).

Alternatively, Defendants' Motion, a substantive request for disposition based in part on Missouri law (see Supp. 330-343, ECF No. 3.), constituted a submission to the jurisdiction of Missouri court. Again, Defendants waived service

8

in order to file this Motion and avail themselves of state court remedies/review immediately.

The basic inquiry involves the nature of the action taken in state court before the notice of removal is filed. See *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (citing *Bolivar Sand Co., Inc. v. Allied Equip., Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986)). "If the motion is made only to preserve the status quo ante and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion." Id.; see also *Sw. Truck Body v. Collins*, 291 F. Supp. 658, 662 (W.D. Mo. 1968) ("Having thus on its own initiative submitted itself to the jurisdiction of the state court, and having unsuccessfully tried there an issue, which, if successfully maintained, would have resulted in a dismissal of the action, the defendant elected its forum; and, having made the election, it cannot thereafter be allowed to remove the case to the federal court").

Defendants' Motion to Dismiss on the merits manifests "clear and unequivocal" intent to submit the case to the state court's jurisdiction and thus waives removal. *Nazon v. Towsley*, No. 24-CV-693-WJ, 2024 WL 4333204, at *2 (D.N.M. Sept. 27, 2024) (quoting *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017)).

WHEREFORE, Plaintiffs ask that this Court remand this matter to state court, and for such other relief as is deemed proper.

Respectfully submitted,

THE SCHINDLER LAW FIRM, P.C.

_____/s/ Joshua M. Schindler_____
Joshua M. Schindler        #37891
Brian P. Doty              #61391
The Schindler Law Firm, P.C.
7710 Carondelet Avenue, Suite 333
Clayton, Missouri 63105
(314) 862-1411
(314) 862-1701 Facsimile
Josh@schindlerlawfirm.com

And

_____/s/ Scott R. Pool_____
Scott R. Pool              #42484
3225 Emerald Lane, Suite A
Jefferson City, Missouri 65109-6864
Tel: (573) 636-2614
Fax: (573) 636-6541
Email: pool@gptlaw.net

*Attorneys for Plaintiffs*


## Certificate of Service

The undersigned hereby certifies that on May 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record, and pursuant to 28 U.S.C. § 1446(d).

/s/ Joshua M. Schindler
Joshua M. Schindler

10