**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER T. LABONTE, M.D., LLC d/b/a LABONTE MEDICAL GROUP, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:  4:26-cv-00777-MAL |
| RELIANT CARE MANAGEMENT COMPANY, LLC, *et al.*, | ) ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

**Synopsis**

On April 8, 2026, Plaintiffs filed a Petition containing Missouri state law tort claims. In support of their claims, Plaintiffs invoked federal law to establish the standards of care they claimed had been violated. As a matter of black letter law, invoking federal law in this manner does not state a federal claim. As a result, Plaintiffs' state court lawsuit was not removable on its face.

On May 11th, Plaintiffs changed the nature of their action by reframing it to be based not on the violation of Plaintiffs' rights as providers for residents, but instead on the rights of the residents themselves. The state court's Order of May 13, 2026 (Doc. 3, pp. 4-6) did not adjudicate Plaintiffs' rights as resident physicians, but instead adjudicated the rights of residents under federal law and ordered injunctive relief on behalf of residents that overrode the Plans of Correction approved by the Department of Health and Senior Services ("DHSS"). These actions converted this matter into a federal claim that was subject to removal.

1

Plaintiffs assert that if their claims are removable, their removability should have been plain on the face of their Petition. (Pls.' Resp. to Defs.' Notice of Removal and Mot. to Remand ("Pls.' Resp."), Doc. 25, pp. 4-5). This assertion is false and contrary to established Eighth Circuit law, which holds that the mere invocation of a federal right in support of a state law claim will not support removal.

Plaintiffs also assert that the conversion of their claims from a physician provider's rights under Missouri state tort law into a federal resident rights case does not support removability. (Pls.' Resp., Doc. 25, pp. 6-7). This assertion is also wrong under the Supreme Court's decision in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Finally, Plaintiffs assert that Defendants waived their right to remove by moving to dismiss Plaintiffs' original state court action and participating in the injunction process. (Pls.' Resp., Doc. 25, pp. 7-9). This assertion is also wrong because the right to remove did not exist until after Plaintiffs and the state court transformed this action into a federal case, and a party cannot waive a right that does not exist at the time of the purported waiver.

Defendants' May 18, 2026 removal is timely. On its face, the Petition did not disclose that this case raised a federal question that would justify removal because it was pleaded as a series of state law tort claims. Removability became ascertainable only when Plaintiffs filed their May 11, 2026 *Trial Brief on Residents' Unrestricted Rights* (Doc. 3, pp. 7-10) (the "May 11 Brief") which argued that Defendants had violated residents' rights under 42 U.S.C. § 1396r and after the state court entered its May 13, 2026 preliminary-injunction Order (Doc. 3, pp. 4-6) (the "May 13 Order") which based the injunction on its finding that Defendants violated federal law and ordered relief for residents that was inconsistent with the Plans of Correction previously approved by DHSS.

2

Section 1446(b)(3) expressly extends the 30-day removal clock to "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The May 11 Brief is such an "other paper" and the May 13 Order is such an "order." Because Defendants filed their Notice of Removal within thirty (30) days of each, removal was timely on either of two (2) independent grounds.

This case now fits the category of state-law actions in which a federal issue is raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

## ANALYSIS

### I.  Plaintiffs' Arguments for Remand Fail.

Plaintiffs' opposition and motion to remand asserts that the matter should be remanded either because Plaintiffs' Petition was always removable (in which case Defendants waited too long) or because Plaintiffs' Petition was never removable, in which case this Court should remand the matter to state court. (Doc. 25, pp. 1-2).

Plaintiffs are wrong. Controlling Missouri federal court precedent recognizes that a state court petition that references a federal regulation as a standard of care is not removable on its face. Such a case only becomes removable if a later filing or order transforms the case into one premised on the substantive enforcement of federal law, which took place in this case on May 11, 2026 when Plaintiffs filed their Trial Brief on "Residents' Unrestricted Rights," (Doc. 3, pp. 4-6) and again on May 13, 2026 when the state court adjudicated those resident rights (Doc. 3, pp. 7-10). Each was an independent triggering paper under 28 U.S.C. § 1446(b)(3).

Plaintiffs' waiver argument is equally infirm. A defendant cannot waive a right that has not yet arisen. Because the Petition was not removable when Defendants filed their April 15,

3

2026 Motion to Dismiss, that motion cannot have waived a right to remove that first arose twenty-six (26) days later.

> **A.    The Petition's references to 42 C.F.R. § 483.10 invoked the regulation only as a standard of care and standard-of-care references do not trigger federal jurisdiction.**

Plaintiffs' principal argument is that because their Petition cited 42 C.F.R. § 483.10 "no less than eight times," if removability ever existed, it was ascertainable from the face of the Petition. (Doc. 25, p. 5). This argument fails because Missouri federal courts have repeatedly distinguished between the use of a federal regulation as the source of a standard of care in a state law tort claim - which does not trigger federal jurisdiction - and the affirmative invocation of federal law as the substantive source of relief.

Plaintiffs' Petition fits squarely into the first category. Each of the Petition's references to 42 C.F.R. § 483.10 was made for one of two purposes. In Count III (tortious interference), Plaintiffs invoked 42 U.S.C. § 483.10 to establish that Defendants' interference was "not legally justified." (Doc. 16, ¶ 71). This is the third element of a Missouri tortious interference claim. Such a use of the federal regulation goes to a state law element, not to a substantive federal claim for relief. In Count IV (negligence *per se*), Plaintiffs invoked 42 U.S.C. § 483.10 as the source of the applicable standard of care in support of their negligence claim, expressly pleading that they were "a class who 42 C.F.R § 483.10(d) was designed to protect." (Doc. 16, ¶¶ 82, 85). This invocation of 42 U.S.C. § 483.10 was an element of their state law claim for negligence *per se*.

The Eastern District of Missouri remanded an analogous case in *Taylor v. Lewis*, 772 F. Supp. 2d 1040 (E.D. Mo. 2011). In that case, the plaintiff asserted state law negligence claims from which the applicable standard of care could be proven, in part, by reference to the federal Housing Quality Standards. *Id.* at 1044. The court remanded the case because, even if the state

4

court allowed such evidence, it would only act as an assertion that the defendant violated federal regulations and not result in a substantial claim under federal law. *Id.* at 1044-45.

The Western District of Missouri reached the same conclusion in *Bumeter v. Maco Management, Inc.*, No. 6:23-CV-3015-BCW, 2023 WL 12199686 (W.D. Mo. Apr. 20, 2023), on even closer facts. The plaintiffs pleaded negligence per se "based on 7 C.F.R. § 3560.103" which the defendant argued as the basis for federal jurisdiction. *Id.* at *1-*3. The court rejected the argument, holding that even though the federal regulation supplied the standard of care, "the federal issue[] raised is not a substantial one within the meaning of federal question jurisdiction under § 1331" because the question "*primarily impacts a litigant's ability to proceed on analogous claims in state court where the relevant state [law] ultimately supplies the elements of the claim.*" *Id.* at *4 (emphasis added). Notwithstanding the plaintiffs' explicit and repeated invocation of a federal regulation as the standard of care in a negligence per se case, the court remanded the case to state court. *Id.* at *6.

The Eastern District reached the same result in *Gillenwater v. Burlington Northern and Santa Fe Railway Co.*, 481 F. Supp.2d 998 (E.D. Mo. 2007). Although the negligence complaint there expressly referenced two federal authorities (including 23 C.F.R. § 646.214(b)(3)) the court remanded, explaining that plaintiff's reference to the federal authorities was a standard upon which to measure defendants' negligence. *Id.* at 1005 (citation omitted). The court cited with approval a separate district court's decision that to find *Grable* jurisdiction in that posture "would open the floodgates to the garden variety torts that the United States Supreme Court, in *Merrell Dow*, specifically said should not be in federal court." *Id.* (citing *Peters v. Union Pacific Railroad Co.*, 455 F. Supp. 2d 998, 1005 (W.D. Mo. 2006)).

5

The Western District concisely articulated this controlling principle in *Noon v. City of Platte Woods, Missouri*, No. 20-cv-06124-SRB, 2021 WL 3671568 (W.D. Mo. Aug. 18, 2021). Although the plaintiff's Missouri Whistleblower Protection Act claim in that case referenced violations of the federal Occupational Safety and Health Act, the court held that it lacked federal question jurisdiction because "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" under *Grable*. *Id.* at *5 n.3 (quotation and citations omitted).

The Petition here merely cites a federal regulation as providing the standard of care for Plaintiffs' state law tort claims. As a result, the Petition was not removable on its face, and the fact that Plaintiffs cited 42 C.F.R. § 483.10 does not change this analysis. *Bumeter*, 2023 WL 12199686, at *3 (no *Grable* jurisdiction because the federal question was concerned the standard of care not a substantial issue of federal law). This is because merely citing a federal statute or regulation in support of a good faith belief that Defendant's activity was unlawful does not present a federal question. *Thompson v. Reliant Care Mgmt. Co., LLC,* 356 F. Supp. 3d 821, 830 (E.D. Mo. 2018). In addition, the presence of a claimed violation of federal law as an element of a state cause of action is insufficient on its own to confer federal jurisdiction. *Wullschleger v. Royal Canin U.S.A., Inc.,* 953 F.3d 519, 521 (8th Cir. 2020) (citation omitted).

The framing Plaintiffs expressly adopted in their Petition pleaded the federal regulation as a source of duty protecting providers. (Doc. 16, ¶¶ 82, 85). The May 11 Brief expanded this framing and asked the state court directly to adjudicate residents' federal rights. (Doc. 3, pp. 7-9). This transformation triggered removability under 42 U.S.C. § 1446(b)(3).

**B.    Removability was not "unambiguously" ascertainable on the face of the Petition.**

Plaintiffs' second argument that Defendants could "in good faith" have ascertained removability from the Petition (Doc. 25, p. 6 n.2) misstates the controlling Eighth Circuit standard.

In *Jefferson County v. Williams*, 146 F.4th 658 (8th Cir. 2025), the Eighth Circuit reaffirmed that the 30-day removal period to remove a civil action from state court does not begin "until a defendant receives from the plaintiff an amended pleading, motion, order, or other paper from which the defendant can *unambiguously* ascertain that the case is removable." *Id.* at 662 (emphasis added) (internal quotations omitted); *see also Gibson v. Clean Harbors Env't. Servs., Inc.*, 840 F.3d 515, 520 (8th Cir. 2016); *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968-69 (8th Cir. 2007). This standard is mandatory and objective — only when an unequivocal statement places removability beyond reasonable dispute does the thirty (30) day clock begin to run. *Jefferson Cnty.*, 146 F.4th at 662-3.

The Petition's standard of care references to 42 C.F.R. § 483.10 do not satisfy this mandatory standard. Controlling Missouri federal court precedent squarely rejects treating a state law tort claim that cites a federal regulation as a standard of care as a case that is removable under *Grable* case. *See Section I.A., infra.* A reasonable defendant reading the Petition in April 2026 and looking to that controlling precedent would have concluded that the case was not removable on the face of the Petition. To require Defendants to anticipate that Plaintiffs would later reframe their case as one for direct enforcement of federal residents' rights and to pre-emptively remove it on penalty of waiver if they guessed wrong would turn the law on its head. Defendants are not required to glean removability from earlier ambiguous filings. *Dahl*, 478 F.3d at 968-69; *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011).

7

**C.      Defendants did not waive the right to remove by filing a Motion to Dismiss before that right had arisen.**

Plaintiffs' final argument is that, even if removal would otherwise be timely, Defendants waived the right to remove by filing their April 15, 2026 Motion to Dismiss seeking substantive disposition under Missouri and federal law. (Doc. 25, pp. 7-9). Plaintiffs rely on *Crouch v. Crouch*, 641 S.W.2d 86 (Mo. 1982), *Sw. Truck Body v. Collins*, 291 F. Supp. 658 (W.D. Mo. 1968), *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92 (S.D.N.Y. 1989), and *Nazon v. Towsley*, No. 24-CV-693-WJ, 2024 WL 4333204 (D.N.M. Sept. 27, 2024) to support their argument.

This argument fails for a single, dispositive reason - a defendant cannot waive a right that has not yet arisen.

That principle is settled under both Eastern District of Missouri and Eighth Circuit law. In *Gustafson v. Bi-State Development Agency*, 358 F. Supp.3d 861 (E.D. Mo. 2019), Judge Shaw rejected precisely the argument Plaintiffs make here. In *Gustafson*, the removing defendant filed substantive opposition in state court that included opposition to a motion to amend, participation in oral argument, and filing a motion for reconsideration of a denied motion to dismiss before the plaintiff added the federal claims by amended pleading that triggered the removal. *Id.* at 862. The plaintiff argued that the defendant's earlier state court filings waived its right to remove, an argument that the Court rejected, holding:

> Defendant's actions in state court were performed well before the action became removable and "[t]he Court cannot conclude that defendant waived a right it did not yet have at that point in the proceedings."

*Id.* at 864 (citing *Parshall v. Menard, Inc.*, 2016 WL 3916394, at *3 (E.D. Mo. July 20, 2016)).

The Western District of Missouri reached the same result more than forty (40) years ago in *Adams v. Lederle Laboratories*, 569 F. Supp. 234 (W.D. Mo. 1983). There, the court held that

"defendant's acts in the state court, taken before the case became removable or before the defendant was able to determine that the case was removable, cannot be taken as a waiver of the right to remove." *Id.* at 246-47. Waiver is the intentional relinquishment of a known right, and a defendant who files a motion to dismiss while the case is not yet removable cannot intentionally relinquish a right that has not yet arisen. *Id.*; *Gustafson*, 358 F. Supp. 3d at 864.

That is precisely the situation here. The April 15, 2026 Motion to Dismiss was filed twenty-six (26) days before the May 11 Brief and twenty-eight (28) days before the May 13 Order. At the time the Motion to Dismiss was filed, controlling precedent confirmed that the Petition's standard-of-care references to 42 C.F.R. § 483.10 did not create federal jurisdiction under *Grable*. Because the right to remove did not yet exist when Defendants filed their Motion to Dismiss, they did waive that right.

In this regard, Plaintiffs' reliance on *Crouch v. Crouch*, 641 S.W.2d 86 (Mo. 1982) is misplaced. *Crouch* addressed waiver of personal jurisdiction under Missouri Rule 55.27(g), a state procedural rule relating to personal jurisdiction that has nothing to do with the federal statutory right to remove under 28 U.S.C. § 1446.

## II.     This Case Has Been Properly Removed.

### A.     In their May 11 Brief, Plaintiffs reframed their case as a federal residents' rights action.

Plaintiffs' *Trial Brief on Residents' Unrestricted Rights*, filed on May 11, 2026. (Doc. 3, pp. 7-10), is not framed around Plaintiffs' facility privileges or business expectancy, it is framed around federal residents' rights and alleges violations of 42 U.S.C. § 1396r, arguing that the state court should enter injunctive relief because Defendants violated residents' federal rights. (*Id.*). The May 11 Brief directly asked the state court to issue an injunction to enforce these residents' federal rights. (*Id.*)

9

**B.** **In its May 13 Order, the state court adjudicated and purported to enforce federal resident rights.**

On May 13, 2026, the Circuit Court issued an Order that granted Plaintiffs' requested preliminary injunction, rejected the State and the federal survey-and-certification framework as being the appropriate enforcement vehicles for residents' rights[1] and imposed mandatory relief including the reinstatement of Plaintiffs' facility privileges and the banning of the transfer of residents (Doc. 3, p. 6), all of which are materially different from and inconsistent with the accepted Plans of Correction issued through the CMS/DHSS process (Doc. 3, pp. 51-55 (Plans of Correction)). *See* 42 C.F.R. §§ 488.402, 488.408.

**C.** **The May 11 Brief and May 13, Order support removal.**

Federal courts construe § 1446(b)(3)'s "other paper" language broadly to include "a wide array of documents" received in the state-court action, including trial briefs, settlement communications, discovery responses, and even emails. *See* 28 U.S.C. § 1446(c)(3)(A) (codifying that discovery responses qualify as "other paper"). A party's litigation brief is an "other paper" because it is a written, served court filing that affirmatively states the party's position in the case.

The May 13 Order confirmed that Plaintiffs at the state court turned this case into a federal one. The statute lists "order" as a distinct category of trigger. 28 U.S.C. § 1446(b)(3). The May 13 Order is not a procedural ruling, it is a substantive ruling that interprets 42 C.F.R. §

---

[1]The CMS/DHSS survey-and-certification process under 42 C.F.R. Part 488 is the congressionally prescribed enforcement mechanism. Consistent with this framework, DHSS investigated complaints at two (2) of the Defendant facilities (Bernard Care Center ("Bernard") and Heritage Care Center of Berkley ("Heritage")), issued Statements of Deficiencies citing 42 C.F.R. § 483.10(d)(1)–(5) (F-Tag 555) at scope-and-severity level E (a pattern with no actual harm and no immediate jeopardy), and accepted Plans of Correction filed by the Defendant facilities that required resident-centered corrective measures. The Plans of Correction did not require the reinstatement of Plaintiffs' privileges and permitted the Defendant facilities to transfer residents to other facilities if they wished to remain with Plaintiff LaBonte, which the May 13 Order expressly forbids. (Doc. 3, pp. 6 (Order), 51-52 (Bernard Plan of Correction); pp. 54-55 (Heritage Plan of Correction)).

10

483.10, rejects the CMS/DHSS process as the enforcement vehicle for those rights and imposes federal-regulatory remedies that are inconsistent with the Plans of Correction accepted by DHSS.

**D.      Defendants removed this action within 30 days of both Plaintiffs' May 11 Brief and the Court's May 13 Order.**

When the case stated by the initial pleading is not removable on the face of the pleading, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). The Eighth Circuit applies this standard objectively: the thirty-day clock begins when removability is ascertainable from the face of a relevant paper. *Knudson*, 634 F.3d at 974; *see also Dahl*, 478 F.3d at 968–69.

Defendants filed their Notice of Removal (Doc. 1) and the corresponding state-court Notice of Filing with the state court on May 18, 2026 (Doc. 14) within seven (7) days of the May 11 Brief and within five (5) days of the May 13 Order.

**E.      This case became removable on May 11, 2026.**

Federal question jurisdiction exists when a civil action "aris[es] under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Although the well-pleaded complaint rule generally requires a federal issue to appear on the face of the plaintiff's claim, the Supreme Court has long recognized a "special and small category" of state-law actions in which federal question jurisdiction nonetheless lies because a federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance. *Grable*, 545 U.S. at 314; *Gunn*, 568 U.S. at 258. The presence of even one claim raising a substantial federal question authorizes removal of the entire case. *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

11

F. **Defendants' earlier federal-regulatory defenses did not start the removal clock.**

While Defendants' earlier briefing referenced 42 C.F.R. § 483.10, the well-pleaded complaint rule looks to the plaintiff's case, not to a defendant's defenses. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). A federal defense - even a complete preemption defense - does not by itself create federal question jurisdiction. *Id.* For this same reason, a defendant's federal regulatory argument does not start the § 1446(b)(3) clock. Instead, the clock starts when a paper from *the plaintiff's side of the case* (or an order responding to it) first makes removability ascertainable. *Knudson*, 634 F.3d at 974.

III. **The May 11 Brief and the May 13 Order created federal question jurisdiction under *Grable & Sons v. Darue* and *Gunn v. Minton*.**

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 314. The Eighth Circuit has applied this standard to find federal question jurisdiction where a state law claim turns on the construction of a federal regulatory scheme. *Pet Quarters*, 559 F.3d at 779–80; *Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299 SNLJ, 2017 WL 633815, at *3 (E.D. Mo. Feb. 16, 2017) (Limbaugh, J.) (state-law claim attacking the operation of a federal administrative program inherently presents a substantial and disputed federal question).

All four (4) factors are satisfied here.

A federal issue is necessarily raised when it is a necessary element of the well-pleaded claim or of the requested relief. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983); *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922–24 (8th Cir. 2023), *aff'd on other grounds*, 604 U.S. 22 (2025). Here, Plaintiffs' May 11 Brief expressly

12

placed federal resident rights provisions at the center of their requested relief and the state court's May 13 Order entered relief that cannot be justified or supervised without resolving the following federal questions:

- Whether Defendants violated 42 U.S.C. § 1396r(c)(1)(A)(i) and 42 C.F.R. § 483.10(d) when they removed Plaintiffs' privileges;

- Whether the federal "immediate access" language on which Plaintiffs rely overrides facility credentialing decisions and DHSS-accepted Plans of Correction; and

- Whether accepted Plans of Correction issued under 42 C.F.R. Part 488 have legal effect that precludes inconsistent state court relief.

These questions are the core questions upon which the Plaintiffs requested relief and upon which the Court granted relief and cannot be answered without interpreting and applying federal statutory and regulatory provisions. The state court entered mandatory federal regulatory relief based on the state court's reading of federal resident rights law. (Doc. 3, pp. 4-6)  Federal law is the essential premise of the Order.

The federal issues in this case are also actually disputed. Plaintiffs contend that FNHRA and CMS (42 U.S.C. § 1396r and 42 U.S.C. § 483.10) override Defendants' privilege and credentialing decisions, the parties' resident agreements, and the DHSS-accepted Plans of Correction. (May 11 Brief, Doc. 3, pp. 7-9) Defendants dispute these contentions and also argue that resident rights are administered through the CMS/DHSS survey and plan of correction process and not through a state court injunction overriding Plans of Correction accepted by DHSS. This dispute is not over an abstract federal standard, it is over the meaning and remedial consequence of the specific federal resident rights provisions embodied in 42 U.S.C. § 1396r.

The substantiality factor looks to the importance of the federal issue "to the federal system as a whole," not merely to the parties. *Gunn*, 568 U.S. at 260. The federal issues in this case are substantial.

First, the May 13 Order conflicts with the federal-state administrative resolution already reached through the CMS/DHSS survey-and-certification framework. DHSS, acting under federal authority delegated by CMS, cited two (2) Defendant facilities under F-Tag 555 (42 C.F.R. § 483.10(d)(1)–(5)) at scope-and-severity level E, accepted Plans of Correction requiring resident-centered remedies, and *declined* to require reinstatement of Plaintiffs' privileges. (Plans of Correct, Doc. 3, pp. 51-55) In addition, while the accepted Plans of Correction permitted the Defendant facilities to transfer to other facilities residents who insisted on remaining with Dr. LaBonte (Doc. 3, pp. 52, 55), the state court's May 13 Order expressly forbade Defendants from doing so (Doc. 3, p. 6). The May 13 Order substituted a fundamentally different judicial remedy for the federally approved corrective framework. Whether a state court may do so directly implicates the integrity of the CMS/DHSS process (*see* 42 C.F.R. §§ 488.402, 488.408) and whether a federal agency has properly carried out its statutory duties inherently presents a substantial and disputed federal question supporting federal jurisdiction. *Bader Farms*, 2017 WL 633815, at *3. The Eighth Circuit has reached the same conclusion where state law claims attack a federally approved regulatory program. *Pet Quarters*, 559 F.3d at 779–80.

Second, the Supreme Court has held that the FNHRA provisions Plaintiffs invoked create privately enforceable federal rights of national consequence. *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 180 (2023). The Court in *Talevski* held that the established meaning and enforceability of FNHRA residents' rights are matters of federal-system importance. *Id.* Accordingly, in this case, the state court's purported interpretation and enforcement of the same FNHRA provisions in a private commercial dispute compromises the federal system.

14

The fourth *Grable/Gunn* factor calls for a practical judgment about whether recognizing jurisdiction in this case would open the federal courts to a large class of traditional state-law cases. *Grable*, 545 U.S. at 313–14, 319. In this case, it would not. Defendants do not contend that every nursing home negligence case, every tortious interference claim involving a physician, or every state law claim that references a CMS regulation is removable. The removal basis here depends on an unusual sequence under which Plaintiffs' transformed claims are now expressly premised on 42 U.S.C. § 1396r and on which the state court entered a May 13 Order expressly applying 42 C.F.R. § 483.10, rejecting the CMS/DHSS process as being the proper federal administrative vehicle for enforcing residents' rights, and imposing mandatory remedies that conflict with Plans of Correction accepted under 42 C.F.R. Part 488. This sequence will not be replicated in routine state court cases.

## Conclusion

Defendants removed this action within thirty (30) days of two separate triggering papers - Plaintiffs' May 11 Brief and the state court's May 13 Order. Both created federal subject-matter jurisdiction where no such jurisdiction was ascertainable from the face of the Petition. The federal issues Plaintiffs made the center of their requested injunction and which formed the basis of the state court's Order are necessarily raised, actually disputed, substantial, and capable of resolution in this Court without disrupting the federal-state balance approved by Congress.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to remand.

15

Respectfully Submitted,

**MARTONE LEGAL, LLC**

By:  ___*/s/ Andrew J. Martone*___
  Andrew J. Martone, #37382(MO)
  Matthew B. Robinson, #52954(MO)
  Kateri T. Busiek, #76571(MO)
  600 Emerson Road, Suite 205
  Creve Coeur, Missouri 63141
  Telephone: (314) 862-0300
  Facsimile: (314) 862-7010
  andym@martonelegal.com
  mattr@martonelegal.com
  kateri@martonelegal.com

  ***Attorneys for Defendants***


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of May, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's Electronic Case Filing System upon:

Brian P. Doty
Joshua M. Schindler
THE SCHINDLER LAW FIRM, P.C.
bpdoty@gmail.com
josh@schindlerlawfirm.com

Scott R. Pool
GIBBS POOL AND TURNER, P.C.
pool@gptlaw.net

***Attorneys for Plaintiff***

  ___*/s/ Andrew J. Martone*___

16