## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |
|---|---|
| CHRISTOPHER T. LABONTE, M.D. LLC, d/b/a LABONTE MEDICAL GROUP, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> RELIANT CARE MANAGEMENT COMPANY, LLC, et al., <br><br> *Defendants.* | No. 4:26-cv-00777-MAL |

## ORDER

Before the Court is Plaintiff Labonte Medical Group's ("LaBonte") Motion to Remand (Doc. 25). For the following reasons the motion is **GRANTED**.

### I.    Background

Plaintiff LaBonte Medical Group provides primary care services to patients in the St. Louis metro area, with a focus on patients who reside in nursing homes and skilled nursing facilities (Doc. 3 at 373–74). LaBonte provides medical care at Defendant Reliant Care Management Company, LLC facilities. *Id*. at 377. According to LaBonte, Defendants directed their facilities staff to remove LaBonte as the primary-care-physician service for residents and denied LaBonte personnel the ability to see patients. *Id*. at 375–76.

After that, LaBonte filed an Application for Temporary Restraining Order and Petition for Preliminary Injunction and Permanent Injunction ("Original Application") in Missouri state court on April 8, 2026. (Doc. 3 at 372). The Original Application asked for a temporary restraining order and a preliminary and permanent injunction (Counts I and II) on the basis of tortious interference with business expectancy (Count III) and negligence per se (Count IV). (Doc. 3 at 383–90).

In both Counts III and IV, LaBonte alleges that 42 C.F.R. § 483.10 recognizes that a resident of a long-term-care facility like Defendants' have the right to choose his or her attending physician. *See* 42 C.F.R. 483.10(d); (Doc. 3 at 379–80). Plaintiffs' Original Application asks the court to issue a temporary restraining order and injunction ordering Defendants "not change any resident's attending physician without resident/guardian authorization and full compliance with 42 C.F.R. § 483.10 and related resident-rights provisions." (Doc. 3 at 386).

LaBonte served the application on Defendants on April 14, 2026. (Doc. 1-3 at 4). As relevant here, LaBonte filed trial briefs on May 11, 2026, before the preliminary injunction hearing. (Doc. 3 at 7–25). In one of the briefs, LaBonte argued that it had a protectable interest in its physician-patient relationships under 42 U.S.C. § 483.10 (providing resident the right to choose his own physician) and 42 U.S.C § 483.10(f)(4)(i)(D) (requiring facilities to provide immediate access to any resident by the resident's physician). (Doc. 3 at 234).

The state court heard oral argument on LaBonte's motion and issued an order granting a preliminary injunction on May 13, 2026. (Doc. 3 at 4–6). The order granted the preliminary injunction and, among other things, rejected Defendants' argument that the State is the only entity that can enforce the rights of residents to choose their own doctor and held that the residents at Defendants' facilities are covered by 42 C.F.R. § 483.10. (Doc. 3 at 4).

On May 18, 2026, Defendants filed a notice of removal on the basis of federal question jurisdiction on the alleged grounds that such jurisdiction arose either when the May 11 brief or the May 13 state court order was filed. (Doc. 1 at 2). The argument goes like this: (1) the Original Application's mention of 42 C.F.R. § 483.10 did not trigger federal standards for removal because the Original Application "reference[d] [] 42 C.F.R. § 483.10 … only as a standard of care[,] and standard-of-care references do not trigger federal jurisdiction," (Doc. 29 at 4), but (2) Plaintiffs' May 11 Brief reframed the action "to be based not on the violation of Plaintiffs' rights as providers for residents, but instead on the rights of the residents themselves." (Doc. 29 at 1).

Plaintiffs filed a motion to remand for two independent reasons: (1) Even if Defendants can demonstrate this case is removable, Defendants failed to remove in time; and (2) Defendants waived their right to remove by filing a substantive motion in state court.  (Doc. 25 at 1–2).

## II.    Timeliness of removal based on federal question jurisdiction.

The Court considers Defendants' arguments and breaks them down as follows: (1) whether there is federal question jurisdiction in this case and when it arose, (2) if there is federal jurisdiction, whether removal was timely.

### A.  Is there federal question jurisdiction in this case?
#### i.    Legal standard

Removal statute 28 U.S.C. § 1441(a) provides that a civil action may be removed to federal court if it is a case over which the district courts of the United States have original jurisdiction.   United States district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States—referred to as "federal question" jurisdiction.  28 U.S.C. § 1331.

A case arises under federal law in one of two ways: (1) when federal law creates the cause of action asserted, or (2) when it arises under a "special and small category" of cases where a state law claim necessarily raises a federal issue.  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  "If even one claim in the complaint involves a substantial federal question, the entire matter may be removed."  *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

Here, Defendants argue that the May 11 Brief and May 13 Order put this case into the "special and small" category.  (Doc. 1 at 6).  Federal question jurisdiction based on the "special and small category" of cases exists if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258 (describing the "*Grable* factors").

#### ii.    Whether there was federal jurisdiction at the time of the Original Application

a. Whether a federal issue was "necessarily raised"
in the Original Application.

"A federal issue is necessarily raised when it 'is a *necessary* element of one of the well-pleaded state claims' in the plaintiff's complaint." *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 711 (8th Cir. 2023) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983)) (emphasis in original). The central inquiry is whether the issue is an essential element of plaintiff's claim. *Id.* (citing *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1266 (10th Cir. 2022)). "A removing defendant should be able to point to the specific elements of the plaintiff's state law claims that require proof under federal law." *Id.* (cleaned up). The presence of a federal violation as an element of a state cause of action without other reliance on federal law will not on its own confer federal jurisdiction (such as invoking a federal standard in a state law claim). *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." (quotation and citation omitted)). But reliance on federal laws that permeate state law claims that cannot be adjudicated without reliance on federal law will create federal jurisdiction. *See Wullschleger*, 953 F.3d at 522.

Defendants argue that the Original Application did not raise a federal issue because it provided a standard of care for LaBonte's state law tort claims (Doc. 29 at 6). Not so. A federal issue was necessarily raised at the time of the Original Application because that Application asks the court to issue a temporary restraining order and injunction requiring Defendants to "not change any resident's attending physician without resident/guardian authorization and full compliance with 42 C.F.R. § 483.10 and related resident-rights provisions." (Doc. 3 at 386). This ask is independent of LaBonte's state court claims. *See Wullschleger*, 953 F.3d at 522

("[P]laintiffs' prayer for relief invokes federal jurisdiction because it seeks injunctive and declaratory relief that necessarily requires the interpretation and application of federal law."); (Doc. 3 at 386).   Here, LaBonte asks for relief that requires the interpretation and application of 42 C.F.R. § 483.10 (federal law).  (Doc. 3 at 386). Thus, a federal issue was "necessarily raised" in the Original Application.

b.  <u>Whether a federal issue is "actually disputed."</u>

Whether the court should issue a preliminary injunction based on 42 C.F.R. § 483.10 is "actually disputed." *See Gunn*, 568 U.S. at 259; *Grable*, 545 U.S. at 315 (holding this element was met where parties disputed the meaning of a federal tax provision).   The parties clearly dispute whether Defendants complied with the regulation as LaBonte's Original Application represents that Defendants violated 42 C.F.R. § 483.10 and asks for a temporary restraining order and preliminary injunction to remedy such harm.  (Doc. 3 at 379–386).  In response, Defendants' trial briefs dispute what exactly 42 C.F.R § 483.10 requires.  (Doc. 3 at 28–32) (discussing Defendants' compliance with the statute); (*id*. at 134) (calling 42 C.F.R. § 483.10(d) "the regulation at issue in this hearing.").   In fact, Defendants' Supplemental Trial Brief opposing Plaintiffs' Request for Injunctive Relief specifically urged the state court *not* to adjudicate a 42 C.F.R. § 483.10(d) compliance question.  (*Id*. at 141) (arguing an agency should adjudicate statutory compliance, not the court).   But the state court did anyway, considering Defendants' compliance with 42 C.F.R. § 483.10, (Doc. 3 at 4), and found that Defendants' facilities were covered by 42 C.F.R. § 483.10, (Doc. 4 at 386).   Thus, the parties dispute a federal issue present in the Original Application.

c.  <u>Whether the federal issue is "substantial."</u>

The substantial-federal-issue factor considers whether a federal decision will have broader effects.  *See Gunn*, 568 U.S. at 263–64 (no substantial federal issue where resolving patent-law question hypothetically would resolve a state legal malpractice claim but would not create binding precedent for future patent claims and would not affect the validity of a patent).   Further, the Eighth Circuit has held

that a substantial federal issue does not exist where "there is little national interest in having a federal court interpret" a federal provision if the court "will merely apply state law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC,* 843 F.3d 325, 332 (8th Cir. 2016). That is because the adjudication "will not have federal reverberation." *Id.*

That is different from the facts here. LaBonte's Original Application asks a court to adjudicate a federal statute in a way that the state court used to issue injunctive relief. A federal court order regarding compliance with 42 C.F.R. § 483.10 is not just an application of state law; it is an adjudication with federal reverberation. Thus, the federal issue raised in the Original Application is "substantial."

> d. <u>Whether the issue is capable of resolution in federal court without disrupting the federal-state balance</u>

Finally, whether a party complied with 42 C.F.R. § 483.10 is capable of resolution in federal court without disrupting the federal-state balance. *Gunn*, 568 U.S. at 258. That is because the question "can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* Defendants argue that removal would not open federal courts to a large class of traditional state-law cases because not "every nursing home negligence case, every tortious interference claim involving a physician, or every state law claim that references a CMS regulation is removable." (Doc. 29 at 15). The Court agrees. In *Grable*, the Supreme Court determined this factor was met because only "the rare state title case" would raise a contested issue of federal law, and therefore "federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor." *Grable*, 545 U.S. at 315. Here, for the reasons Defendants identify, federal jurisdiction over LaBonte's claims would have only a microscopic effect on the federal-state division of labor.

### B. Did Plaintiffs timely remove?

Because the Original Application was removable from the time of filing (April 8, 2026), the Court next considers whether Defendants timely removed. They did not.

### i.    Legal Standard

Removal statute 28 U.S.C. § 1441(a) provides that a civil action may be removed to federal court if is a case over which the district courts of the United States have original jurisdiction. The removal statute—28 U.S.C. § 1446(b)(1)—typically requires that cases be removed within thirty days after receipt by the defendant. Because Labonte served the Defendants on April 14, 2026, and removal did not happen until May 18, 2026—34 days later—the ordinary time to remove has expired (Doc. 1-3 at 4; Doc. 1).

Defendants wish to invoke a carveout to the thirty-day rule in 28 U.S.C. § 1446(b)(3):

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

District courts strictly construe legislation permitting removal and "resolve all doubts about federal jurisdiction in favor of remand" to state court. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). "The party opposing remand has the burden of establishing federal subject-matter jurisdiction." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

### ii.    Application of Law to Fact

Defendants failed to timely remove because, as discussed *supra*, the Original Application created federal jurisdiction. Thus, Defendants were entitled to remove from the time LaBonte filed the Original Application. The carveout in 28 U.S.C. § 1446(b)(3) is inapplicable because Defendants did not remove within thirty days. To the extent Defendants argue the Original Application did not unambiguously

indicate that removal was ascertainable, the Court is required to "resolve all doubts about federal jurisdiction in favor of remand." *Dahl*, 478 F.3d at 968. The Court accordingly remands this case.

**IT IS HEREBY ORDERED** that the Motion to Remand (Doc. 25) is **GRANTED** and this case is remanded back to state court.


Dated this 30th day of June, 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE